

## IN THE
## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**FILED**

J N ~~APR 2 2 2008~~

Apr 22, 2008

MICHAEL W. DOBBINS

CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| Luis Ricardo GUARIN-Perez, A.K.A.: | ] | |
| Jorge Rivera; Felipe Abril; | ] | |
| Pedro Medina; Jorge Popeye Rivera; | ] | |
| Carlos Guevara; John Gomez; | ] | Immigration Case No. A 437 48 996 |
| Luis Clement; Ramon Garcia; | ] | |
| Ricardo Colon; Juarin Perez; | ] | |
| | ] | |
| Petitioner, | ] | CIVIL CASE NO. _____ |
| | ] | |
| Daniel J. SEDLOCK Jr., Jail Administrator, | | |
| McHenry County Detention Facility; | | 08CV2286 |
| Deborah ACHIM, Field Director, | | JUDGE KENNELLY |
| U.S. Immigration and Customs | ] | MAG. JUDGE COLE |
| Enforcement; | ] | |
| Julie L. MYERS, Assistant Secretary, | ] | |
| U.S. Immigration and Customs | ] | |
| Enforcement; | ] | |
| Michael CHERTOFF, Secretary, | ] | |
| U.S. Department of Homeland Security; | ] | |
| Michael MUKASEY, | ] | |
| Attorney General of the United States, | ] | |
| U.S. Department of Justice; | ] | |
| | ] | |
| Respondents. | ] | |

## PETITION FOR A WRIT OF HABEAS CORPUS
## AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Petitioner Luis Ricardo GUARIN-Perez, by and through the undersigned attorney,

hereby respectfully requests this Honorable Court to issue a writ of habeas corpus to

remedy his unlawful detention and to enjoin Respondents from continuing to physically

detain him. In support of this petition and complaint for declaratory and injunctive relief,

Mr. Guarin alleges as follows:

1

## CUSTODY

1.  Mr. Guarin is now and has been continuous detained in the physical custody
    of the Field Director of the U.S. Immigration and Customs Enforcement
    (USICE).  Pursuant to contractual agreement, the McHenry County Jail in
    Woodstock, Illinois houses immigration detainees such as Mr. Guarin.

## JURISDICTION AND VENUE

2.  This action arises under the U.S. Constitution, the Immigration and
    Nationality Act (INA or the Act), 8 U.S.C. § 1101 *et seq.*, and the
    Administrative Procedures Act (APA), 5 U.S.C. § 701 *et seq*.  This Court is
    properly vested with jurisdiction under 28 U.S.C. § 2241(c)(1) and (3), art. I §
    9, cl. 2 of the U.S. Constitution (Suspension Clause), and 28 U.S.C. § 1331 as
    Mr. Guarin is presently in custody under color of authority of the United
    States, and such custody is in violation of the Constitution, laws, or treaties of
    the United States.  This Court may grant relief pursuant to 28 U.S.C. § 2241,
    the APA, the Declaratory Judgement Act, 28 U.S.C. § 2201 *et seq.*, and the
    All Writs Act, 28 U.S.C. § 1651.

3.  Venue lies in the United States District Court for the Northern District of
    Illinois, the judicial district in which the McHenry County Jail Administrator
    and the USICE Field Director resides.  28 U.S.C. § 1391(e).

## PARTIES

4.  Petitioner Luis Ricardo GUARIN-Perez is a native of Colombia.  He is a
    permanent resident of the United States.  The Respondents took Mr. Guarin
    into custody on or about November 29, 2007.  He remains in the continuous

custody and civil detention of the Respondents despite the fact that no charge(s) of removability have been brought against him.

5. Respondent Daniel J. SEDLOCK Jr. is the Administrator for the McHenry County Jail. Respondent Sedlock is Mr. Guarin's immediate custodian. Kholyavskiy v. Achim, 443 F.3d 946 (7th Cir. 2006) (the warden of the state and local facility is a contract agent used by legacy INS to act pursuant to agency detention standards and exercise control at the direction of legacy INS; thus, the USICE Field Director is a proper respondent).

6. Respondent Deborah ACHIM is the USICE Field Director. She is responsible for the administration of USICE and the implementation and enforcement of the INA in the Chicago district. She is also the custodian of Mr. Guarin. Kholyavskiy, *supra*.

7. Respondent Julie L. Myers is the USICE Assistant Secretary. She is responsible for the administration of USICE and the implementation and enforcement of the INA. Assistant Secretary Myers is also the custodian of Mr. Guarin.

8. Respondent Michael CHERTOFF is the Secretary of the U.S. Department of Homeland Security (USDHS). He is responsible for the administration of the USDHS and the implementation and enforcement of the INA. USICE is a department agency within the USDHS. Secretary Chertoff is also the custodian of Mr. Guarin.

9. Respondent Michael MUKASEY is the Attorney General of the United States for the U.S. Department of Justice (USDHS). He is responsible for the

3

administration of the USDOJ and the interpretation and administration of the INA. Attorney General Mukasey is also the custodian or Mr. Guarin.

## EXHAUSTION OF REMEDIES

10. Mr. Guarin has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action.

11. On or about December 7, 2007, counsel for Mr. Guarin contacted Respondent USICE by telephone and spoke with an officer of said agency. USICE verified Mr. Guarin's detention at the Dodge County Detention Facility, but stated that no charge(s) of removal have been brought against the Petitioner as the Petitioner's "A[lien] file" is housed at a different USICE location. Counsel was instructed to call back "next week."

12. On or about December 11, 2007, counsel for the Petitioner filed a motion to redetermine bond with the Chicago Immigration Court, Executive Office for Immigration Review (EOIR) within the U.S. Department of Justice. Exhibit 1 (Petitioner's Motion for a Bond Hearing). The INA and regulations implementing the Act allow for the Immigration Judge to conduct a bond redetermination hearing notwithstanding the fact that no formal charge(s) of removability have been brought against the foreign national. 8 C.F.R. § 1003.14(a) (no charging document is required to be filed with the Immigration Court to commence bond proceedings).

13. A bond hearing was conducted on December 21, 2007 at the detained Chicago Immigration Court. Exhibit 2 and 8 (Notice of Bond Hearing docket sheet and Petitioner's "Memorandum in Support of Bond Eligibility"). Bond was

denied pursuant to the legal finding that the Immigration Judge was without

bond jurisdiction over the alien applicant. Exhibit 9 (Bond Memorandum of

the Immigration Judge in support of the order to deny bond redetermination);

*see generally,* 8 U.S.C. § 1226(c); Matter of Joseph I, 22 I&N Dec. 660 (BIA

1999); Matter of Joseph II, 22 I&N Dec. 799 (BIA 1999); Demore v. Kim,

538 U.S. 510 (2003).

14.     At his bond hearing on December 21, 2007, the Immigration Judge scheduled

the initial hearing in removal proceedings *sua sponte* despite the fact that the

government had yet to file charge(s) of removal against the Petitioner. The

initia hearing date in removal proceedings pursuant to section 240 of the INA,

8 U.S.C. § 1229a, was scheduled for January 7, 2008 at 1:00 P.M. Exhibit 3

(Notice of Hearing scheduling the initial calendar hearing in removal

proceedings).

15.     On December 21, 2007, the Petitioner appealed the decision of the

Immigration Judge to deny bond with the Board of Immigration Appeals (BIA

or the Board). Exhibit 4 (Notice of Appeal).

16.     Counsel for Mr. Guarin filed a motion to terminate with the Immigration

Court on December 27, 2007 in the Petitioner's removal proceedings. Exhibit

5 (Petitioner's Motion to Terminate Removal Proceedings). On the same day,

clerk personnel for the Chicago Immigration Court contacted Petitioner's

counsel and informed him that his motion could not be considered as USICE

had yet to file removal or deportation charge(s) against Mr. Guarin.

Furthermore, counsel was informed that the Court's initial hearing scheduled

5

for January 7, 2008 in the Petitioner's removal proceedings would be cancelled inasmuch as USICE did not and has not filed any charge(s) with the Court. Exhibit 7 (Immigration Court Notice cancelling the January 7, 2008 hearing, stating that, "The charging document has not been filed with the immigration court, therefore this hearing date is cancelled.")

17.    Thereafter, counsel for the Petitioner attempted to contact USICE counsel. He was unable to speak with counsel and left a voicemail message requesting that Mr. Guarin be released from the Respondents' custody if no charge(s) of removal are to be brought against him.

18.    Via mail correspondence, counsel apprised the Office of the U.S. Attorney on January 7, 2008 of the Petitioner's continuous detention without concurrent removal proceedings. Exhibit 9 (Petitioner's letter to the Office of U.S. Attorney apprising the government of a petition for a writ of habeas corpus). In his correspondence, the Petitioner notified government counsel of his intention to petition for a writ of habeas corpus in event that USICE should continuously detain Mr. Guarin absent removal proceedings.

19.    Removal proceedings under section 240 of the Act, 8 U.S.C. § 1229a, were initiated against the Petitioner on or about January 9, 2008 upon the filing of the Form I-862 Notice to Appear (NTA) with the Immigration Court of proper venue. 8 C.F.R. § 1003.14.

20.    Following appellate briefs submitted by both the Petitioner and DHS counsel, the BIA affirmed the decision of the Immigration Judge to deny a bond redetermination or a change in custody status on March 7, 2008. Exhibit 10,

11 and 12 (Petitioner's brief of his bond appeal, DHS's reply brief and the order of the BIA respectively).

## STATEMENT OF FACTS

21.    Petitioner Luis Ricard Guarin-Perez is a lawful permanent resident who has resided in the United States continuously since 1987.  His spouse and two children are citizens of the United States.

22.    Mr. Guarin was taken into custody by the officer agents of the Respondent USICE on or about November 29, 2007.  Exhibit 7 (USICE Notice of Custody Determination document, dated on November 29, 2007).

23.    Mr. Guarin remains continuously detained under the color of authority of the mandatory or "no bond" detention provisions of the INA as set forth at section 236(c), 8 U.S.C. § 1226(c).

## LEGAL BACKGROUND

24.    The jurisprudence of the Supreme Court and the Circuit Courts of Appeals holds that a civil immigration detention must be reasonably related to and accompanied by a removal or deportation objective of the government. *See, generally,* Demore v. Kim, 538 U.S. 510 (2003); Zadvydas v. Davis; 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005); Ly v. Hansen, 351 F.3d 263 (6th Cir. 2003); Nadarajah v. Gonzales, 443.3d 1069 (9th Cir. 2006).  In the present case, Mr. Guarin had been continuously detained by the collective Respondents from November 29, 2007 to January 9, 2008 without proceedings to remove him from the United States.

7

25.    In <u>INS v. Hibi</u>, 414 U.S. 5 (1973), the Supreme Court recognized that the doctrine of equitable estoppel applies to immigration cases upon the movant's showing that the government action or inaction amounts to an "affirmative misconduct." *See also,* <u>Fano v. O'Neill</u>, 806 F.2d 1262 (5th Cir. 1987) (Reversed summary judgement for the government where alien alleged "willful, wanton and reckless" conduct by INS in delaying application.)

## STATUTORY CLAIM FOR RELIEF

26.    Mr. Guarin realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 21 above as if set forth fully herein.

27.    The Respondents continuously detain the Petitioner without bond, purportedly under statutory authority, yet they failed to initiate the deportation process or removal proceedings against him for approximately the first five weeks of the Petitioner's detention. Inasmuch as the continuous detention of Mr. Guarin was unattached to and unaccompanied by concurrent removal proceedings, the detention is in violation of the INA as interpreted by the Supreme Court in <u>Zadvydas</u>, *supra,* and its progeny (as a matter of statutory construction – and in application of the canon of constitutional avoidance – the post-removal order detention statute at 8 U.S.C. § 1231(a)(6) must be read with an implicit limitation of prolonged, protracted and possible indefinite detention detention if the noncitizen's removal is not "reasonably foreseeable").

## CONSTITUTIONAL CLAIM FOR RELIEF (Due Process)

28.    Mr. Guarin realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 23 above as if set forth fully herein.

29.    The mandatory detention statute at section 236(c) of the INA, 8 U.S.C. §

1226(c) – as administered by the Respondents – violates Mr. Guarin's federal

due process rights to substantive and procedural due process by requiring his

detention that is unattached and unaccompanied by concurrent removal

proceedings initiated or pending against him.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Honorable Court grant the following relief:

1.    Grant and issue the writ of habeas corpus;

2.    Issue an order enjoining Respondents from applying a continuous and

unlawful detention against the Petitioner and order his immediate release;

3.    Declare that a continuous detention under section 236(c) of the Act, 8 U.S.C.

§ 1226(c), violates the Fifth Amendment of the United States Constitution

when unaccompanied by or unattached to pending removal proceedings;

4.    Declare that section 236(c) of the Act, 8 U.S.C. § 1226(c), must be read or

construed with a reasonable time limit inasmuch as the statutory subsection

and the INA as a whole is silent with respect to the possibility of a pre-

removal proceeding prolonged or indefinite detention;

5.    Award to Mr. Guarin reasonable costs and attorneys' fees; and

6.    Grant any other and further relief which this Court deems just and proper.

## LIST OF EXHIBITS

All documents attached hereto are enumerated as follows:

Exhibit 1:    Petitioner's Motion for a Bond Hearing

Exhibit 2:    Notice of Bond Hearing docket sheet

Exhibit 3:      Notice of Hearing scheduling the initial calendar hearing in removal proceedings

Exhibit 4:      Notice of Appeal (of bond denial)

Exhibit 5:      Petitioner's Motion to Terminate Removal Proceedings

Exhibit 6:      OMITTED

Exhibit 7:      Immigration Court Notice cancelling the January 7, 2008 hearing, stating that, "The charging document has not been filed with the immigration court, therefore this hearing date is cancelled."

Exhibit 8:      The Immigration Judge's "Bond Memorandum" in support of his decision to deny a change in detention custody status or bond redetermination

Exhibit 9:      Petitioner's January 7, 2008 letter to the Office of U.S. Attorney apprising the government of a petition for a writ of habeas corpus

Exhibit 10:     Petitioner's brief to the BIA in support of his appeal of the Immigration Judge's decision to deny his bond redetermination request

Exhibit 11:     DHS reply brief to the BIA in support of the Immigration Judge's decision to deny the Petitioner's bond redetermination request

Exhibit 12:     The order of the BIA affirming the Immigration Judge's decision to deny a change of custody status and bond redetermination

Respectfully submitted,

Date:    APR 2 1 2008

David Cook
Attorney for the Petitioner
Kenneth Y. Geman and Associates
33 N. LaSalle St., Ste. 2300
Chicago, IL 60602
(312) 263-6114 phone
(312) 263-0104 fax

## CERTIFICATE OF SERVICE

I, David Cook, hereby certify that the above *Petition for a Writ of Habeas Corpus and Complaint for Declaratory Judgement and Injunctive Relief* was served upon the following parties via first class mail, postage prepaid, certified return receipt requested on APR 2 1 2008

Daniel J. Sedlock Jr.
McHenry County Jail
2200 N. Seminary Avenue
Woodstock, IL 60098

Deborah Achim, Field Director
Immigration and Customs Enforcement
U.S. Department of Homeland Security
101 Congress Parkway
4th Floor
Chicago, IL 60605

Julie L. Myers, Assistant Secretary
Attn: Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
425 I Street NW, Room 6100
Washington, D.C., 20536

Michael Chertoff, Director
U.S. Department of Homeland Security
Washington, D.C., 20528
Attention: Office of the General Counsel

Michael Mukasey, Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C., 20530-0001

Patrick Fitzgerald, U.S. Attorney for the Northern District of Illinois
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604

David Cook
Attorney for the Petitioner

OMB#1125-0006

U.S. Department of Justice
Executive Office for Immigration Review
*Immigration Court*

**Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court**

COPY

| I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s): | DATE (mm/dd/yy): _____ |
|---|---|

| | | | | ALIEN NUMBER(S) (List lead alien number and all family member alien numbers and names, if applicable. Continue on next page as needed.) |
|---|---|---|---|---|
| **NAME:** | Luis | Ricardo | GUARIN-PEREZ | **A43-748-998** |
| | (First) | (Middle Initial) | (Last) | |

| **ADDRESS:** | c/o Dodge Cty. Dtn. Ctr. 216 W. Center St. | |
|---|---|---|
| | (Number & Street) | (Apt. No.) |
| | Juneau          Wisconsin          53039 | |
| | (City)          (State)          (Zip Code) | |

Please check one of the following:

☒ 1.

I am a member in good standing of the bar of the highest court(s) of the following state(s), possession(s), territory(ies), commonwealth(s), or District of Columbia:

**Full Name of Court**          **State Bar No. (if applicable)**
**Illinois Supreme Court**          **6277286**

(Please use space on the reverse side to list additional jurisdictions.)

I ☒ am not (or ☐ am - explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions (other than federal courts) where I am licensed to practice law.

☐ 2.

I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review pursuant to 8 C.F.R. § 1292.2 (provide name of organization):

☐ 3.

I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 1292.1 (explain fully on reverse side.)

*I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Immigration Court. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

| SIGNATURE OF ATTORNEY OR REPRESENTATIVE | EOIR ID# | DATE (mm/dd/yy) |
|---|---|---|
| X | **6277286** | |

| NAME OF ATTORNEY OR REPRESENTATIVE (type or print) | ADDRESS | ☐ Check here if new address |
|---|---|---|
| David M. Cook | 33 N. LaSalle St., #2300 | |
| Kenneth Y. Geman and Associates | Chicago          IL   60602 | **EXHIBIT** |

| PHONE NUMBER (with area code) | FAX NUMBER (with area code) |
|---|---|
| (312) 263-6114 | (312) 263-0104 |

Form EOIR-28
Rev. Oct. 2006

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
CHICAGO, ILLINOIS

In the Matter of:                          ]
                                           ]
    Luis Ricardo GUARIN-Perez,             ]          A 437 48 996
                                           ]
    Applicant.                             ]
                                           ]

## MOTION FOR BOND HEARING

Through counsel, the above-named applicant, Luis Ricard GUARIN-Perez, A 437
48 996, hereby moves the Chicago Immigration Court to calendar a bond hearing
pursuant to 8 C.F.R. §§ 1003.19, 236.1(d) and 1236.1(d). On information and belief, an
I-862 Notice to Appear (NTA) has yet to be filed with the Immigration Court.

Mr. Guarin was taken into USICE custody on or about November 29, 2007.
Despite the fact that he remained continuously detained by the government for nearly two
weeks, the applicant's A file remains with the USICE Office of Investigations in
Oakbrook Terrace, Illinois and therefore, USICE Detention and Removal Operations has
yet to file the NTA charging document with the Immigration Court. Notwithstanding the
fact that removal proceedings under INA section 240 have yet to commence, Mr. Guarin
respectfully requests a bond hearing with the Immigration Judge. See 8 C.F.R. §
1003.14(a) (no charging document is required to be filed with the Immigration Court to
commence bond proceedings).

Finally, presently the undersigned counsel is without knowledge as to the
statutory authority in which the government subjects Mr. Guarin to immigration
detention. However, inasmuch as USICE contends that prior criminal convictions require

his mandatory detention under section 236(c) of the Act, the applicant hereby submits his

motion pursuant to <u>Matter of Joseph</u>, 22 I&N Dec. 799 (BIA 1999) in opposition to the

government's conclusion that said convictions trigger the mandatory and continuous

detention requirements under the INA.  Attached hereto, please find the I-286 Notice of

Custody Determination.

Respectfully submitted,


Date:    December 13, 2007

David Cook
Kenneth Y. Geman and Associates
33 N. LaSalle St., Ste. 2300
Chicago, IL 60602
(312) 263-6114 phone
(312) 263-0104 fax

## **Certificate of Service**

I, David M. Cook, hereby certify that the foregoing was served by me upon the

following party by hand delivery.

USICE Office of the Chief Counsel
55 East Monroe Street
Suite 1700
Chicago, IL 60603


Date:    December 13, 2007

David Cook

U.S. Department of Homeland Security

# Notice of Custody Determination

Luis Ricardo GUARIN AKA: Rivera, JORGE ; Abril, FELIPE ; Medina, PEDRO V; Popeye-Rivera, JORGOE ; Guevara, CARLOS ; Gomez, JOHN ...(SEE I-831)

Event No: XCH0811000044
File No: A043 748 996
Date: 11/29/2007
FIN#: 1068113861

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☒ detained in the custody of the Department of Homeland Security.

☐ released under bond in the amount of $_____

☐ released on your own recognizance.

☐ You may request a review of this determination by an immigration judge.

☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

237(a)(2)(A)(i)
237(a)(2)(A)(ii)

ROBIN C. BUCKLEY
_____
(Signature of authorized officer)

GROUP SUPERVISOR
_____
(Title of authorized officer)

Chicago, Illinois
_____
(Office location)

☒ I do  ☐ do not request a redetermination of this custody decision by an immigration judge.

☒ I acknowledge receipt of this notification.

_____
(Signature of respondent)

11-29-07
_____
(Date)

## RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge    ☐ DHS Official    ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:

☐ No change - Original determination upheld.
☐ Detain in custody of this Service.
☐ Bond amount reset to _____

☐ Release - Order of Recognizance
☐ Release - Personal Recognizance
☐ Other: _____

_____
(Signature of officer)

Form I-286 (Rev. 08/01/07)

U.S. Department of Homeland Security

Continuation Page for Form ___I286___

| Alien's Name<br>Luis Ricardo GUARIN | File Number<br>A043 748 996<br>Event No: XCH0811000044 | Date<br>November 29, 2007 |
|---|---|---|

OTHER ALIASES KNOWN BY:
-------------------------
Clementa, LUIS
Garcia, RAMON
Colon, RICARDO
Perez, JUARIN

| Signature<br>ROBIN C. BUCKLEY | Title<br>GROUP SUPERVISOR |
|---|---|

Form I-831 Continuation Page (Rev. 08/01/07)

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL 60603

DATE: Dec 19, 2007

TO:   KENNETH GEMAN & ASSOC
      DAVID M. COOK
      33 NORTH LA SALLE ST., #2300
      CHICAGO, IL 60602

                              RE:  GUARIN-PEREZ, LUIS RICARDO

                              FILE:  43-748-996

     Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Dec 21, 2007 at 09:00 A.M..  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:
                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL  60605

     Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence, motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
     Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
     IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
     For information regarding the status of this case, call toll free
800-898-7180.

---

                    CERTIFICATE OF SERVICE
This document was served by:  Mail (M)  Personal Service  (P)  Fax  (F)
to:  [ ] ALIEN   [ ] ALIEN c/o Custodial Officer   [X] ALIEN's Atty/Rep   [X] DHS
DATE: 12-19-07   BY:  Court Staff _____
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____

---

                                                            D1

EXHIBIT 2

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL  60603

DATE:  Dec 21, 2007

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO,  IL 60602

RE:  GUARIN-PEREZ, LUIS RICARDO

FILE:  43-748-996

     Please take notice that the above captioned case has been scheduled for a hearing before the Immigration Judge on Jan 7, 2008 at 1:00 P.M..  The alien will be present via video conferencing.  All other parties should report to the Immigration Court located at:
                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL  60605

     Since you are the attorney/representative of record, it is expected that you will appear at the scheduled hearing.  Anyone wishing to attend the hearing is subject to Correction Department policies and procedures regarding entry. The court will assist in obtaining the necessary clearance if requested in writing at least a week in advance of the hearing.  All correspondence,motions, requests or inquiries concerning this matter should be directed to the address at the top of this page.
     Your client's failure to appear at this hearing, other than for exceptional circumstances beyond his/her control may result in an order of removal being entered in his/her absence under Section 240(b)(5) of the Immigration and Nationality Act.
     IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release you or your client must provide to this Court a written notice (or completed form EOIR-33) of the address and telephone number at which your client can be contacted.  Correspondence from the court, including hearing notices, will be sent to you as long as you remain the attorney of record, and will be considered sufficient notice for the proceedings to go forward in your client's absence.  It is NOT NECESSARY to provide address change information as long as your client remains in Corrections' custody.
     For information regarding the status of this case, call toll free 800-898-7180.

_____
                    CERTIFICATE OF SERVICE
This document was served by:  Mail (M)  Personal Service (P)  Fax  (F)
to:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer [ ] ALIEN's Atty/Rep [X] DHS
DATE:  12-21-07        BY:  Court Staff _____
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____
_____
                                                              D1

EXHIBIT 3

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB#1125-0005

**Notice of Entry of Appearance as Attorney or Represen Immigra**

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006    See Reverse for Instructions

I hereby enter my appearance as attorney or representative for, and at the the following named person(s):

**NAME:** Luls _____ Ricardo _____ GUARIN-PER
(First) _____ (Middle Initial)

**ADDRESS:** c/o Dodge Cty. Dtn. Ctr. 216 W. Center St.
(Number & Street)

Juneau _____ Wisconsin _____ 53039
(City) _____ (State)

Please check one of the following:

☒ **1.** I am a member in good standing of the bar of the highest court(s) of the following state(s), possession(s), territory(ies), commonwealth(s), or District of Columbia:

| **Full Name of Court** | **State Bar No. (if applicable)** |
|---|---|
| Illinois Supreme Court | 6277286 |

(Please use space on the reverse side to list additional jurisdictions.)

I ☒ am not (or ☐ am - explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions (other than federal courts) where I am licensed to practice law.

☐ **2.** I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review pursuant to 8 C.F.R. § 1292.2 (provide name of organization):

☐ **3.** I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 1292.1 (explain fully on reverse side.)

*I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Board of Immigration Appeals. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

| SIGNATURE OF ATTORNEY OR REPRESENTATIVE | EOIR ID# | DATE (mm/dd/yy) |
|---|---|---|
| X _____ | 6277286 | 12/21/2007 |

| NAME OF ATTORNEY OR REPRESENTATIVE (type or print) | ADDRESS | ☐ Check here if new address |
|---|---|---|
| David M. Cook | 33 N. LaSalle St., #2300 | |
| Kenneth Y. Geman and Associates | Chicago        IL      60602 | EXHIBIT 4 |

| PHONE NUMBER (with area code) | FAX NUMBER (with area code) |
|---|---|
| (312) 263-6114 | (312) 263-0104 |

Form EOIR-27
Rev. May 2006

**Proof of Service**

I __David M. Cook__    mailed or delivered a copy of the foregoing Form EOIR-27 on __12/21/2007__
(Name)                                                                                                      (Date-mm/dd/yy)

to the DHS (U.S. Immigration and Customs Enforcement - ICE) at __55 E. Monroe Street, #1700, Chicago, IL  60603__

(Number and Street, City, State, Zip Code)

X _____
Signature of Attorney or Representative

**APPEARANCES**  - An appearance shall be filed on a Form EOIR-27 by the attorney or representative appearing in each appeal or motion to reopen or motion to reconsider before the Board of Immigration Appeals (see 8 C.F.R. § 1003.38(g)), even though the attorney or representative may have appeared in the case before the Immigration Judge or the U.S. Citizenship and Immigration Services. When an appearance is made by a person acting in a representative capacity, his/her personal appearance or signature shall constitute a representation that, under the provisions of 8 C.F.R. part 1003, he/she is authorized and qualified to represent individuals. Thereafter, substitution or withdrawal may be permitted upon the approval of the Board of a request by the attorney or representative of record in accordance with *Matter of Rosales,* 19 I&N Dec. 655 (1988). Please note that appearances for limited purposes are not permitted.    *See Matter of Velasquez,* 19 I&N Dec. 377, 384 (BIA 1986). Further proof of authority to act in a representative capacity may be required.

**REPRESENTATION**  - A person entitled to representation may be represented by any of the following:

(1) Attorneys in the United States as defined in 8 C.F.R. § 1001.1(f).

(2) Law students and law graduates not yet admitted to the bar as defined in 8 C.F.R. § 1292.1(a)(2).

(3) Reputable individuals as defined in 8 C.F.R. § 1292.1(a)(3).

(4) Accredited representative as defined in 8 C.F.R. § 1292.1(a)(4).

(5) Accredited officials as defined in 8 C.F.R. § 1292.1(a)(5).

All representatives must comply with the specific requirements to represent aliens before the Board of Immigration Appeals. For more information on the requirements, see 8 C.F.R. § 1292.1 and the particular subsections referenced above as applicable. Note that law students and law graduates must submit additional materials pursuant to 8 C.F.R. § 1292.1(a)(2).

**FREEDOM OF INFORMATION ACT**  - This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 28 C.F.R. §§ 16.1 - 16.11 and appendices. For further information about requesting records from the EOIR under the Freedom of Information Act, see How to File a Freedom of Information Act (FOIA) Request With the Executive Office for Immigration Review, available through the EOIR's website at http://www.usdoj.gov/eoir.

**CASES BEFORE THE EOIR**   - Automated information about cases before the EOIR is available by calling 1-800-898-7180.

**ADDITIONAL INFORMATION:**

(Please attach additional sheets of paper if necessary.)

Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to proved us with information. The estimated average time to complete this form is six (6) minutes. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002

**Notice of Appeal from a Decision of an Immigration Judge**

---

**1.** List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):

*For Official Use Only*

Luis          GUARIN-PEREZ          A43-748-996

*Staple Check or Money Order Here. Include Name(s) and "A" number(s) on the face of the check or money order.*

WARNING: Names and "A" Numbers of everyone appealing the Immigration Judge's decision must be written below.

**2.** I am    ☒ the Respondent/Applicant    ☐ DHS-ICE    *(Mark only one box.)*

**3.** I am    ☒ DETAINED    ☐ NOT DETAINED    *(Mark only one box.)*

**4.** My last hearing was at   Chicago, Illinois _____ *(Location, City, State)*

**5.** **What decision are you appealing?**

*Mark only one box below. If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

☐ I am filing an appeal from the Immigration Judge's decision *in **merits** proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated _____ .

☒ I am filing an appeal from the Immigration Judge's decision *in **bond** proceedings* dated
_____12/21/2007_____ . (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court?    ☐ Yes.    ☐ No.)

☐ I am filing an appeal from the Immigration Judge's decision ***denying a motion to reopen or a motion to reconsider*** dated _____ .

*(Please attach a copy of the Immigration Judge's decision you are appealing.)*

Form EOIR-26
Revised Dec. 2005

**6.** State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.

See Attachment.

*(Attach additional sheets if necessary)*



**7.** Do you desire oral argument before the Board of Immigration Appeals?     ☒ Yes  ☐ No

**8.** Do you intend to file a separate written brief or statement after filing this Notice of Appeal?     ☒ Yes  ☐ No



**9.** ⬛ SIGN HERE ➡  X _____     12/21/200?
Signature of Person Appealing       Date
*(or attorney or representative)*

Form EOIR-26
Revised Dec. 2005

**10.**

| Mailing Address of Respondent(s)/Applicant(s) |
|---|
| Luis          GUARIN-PEREZ |
| (Name) |
| 3944 N. Oconto Avenue |
| (Street Address) |
| |
| (Apartment or Room Number) |
| Chicago          Illinois          60634 |
| (City, State, Zip Code) |
| |
| (Telephone Number) |

**11.**

| Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s) |
|---|
| David M. Cook |
| Kenneth Y. Geman and Associates |
| (Name) |
| 33 N. LaSalle St. |
| (Street Address) |
| #2300 |
| (Suite or Room Number) |
| Chicago          IL.          60602 |
| (City, State, Zip Code) |
| (312) 263-6114 |
| (Telephone Number) |

**NOTE:** You must notify the Board within five (5) working days if you move to a new address. You must use an address Change of Address Form (Form EOIR-33/BIA).

**NOTICE:** If your appeal is from a Bond/Release decision, you must also separately serve the Office of the District Counsel having jurisdiction of the decision(s). Notice of this service must be reflected on this Appeal (Form EOIR-26).

**12.**

## PROOF OF SERVICE
### (You Must Complete This)

I   David M. Cook _____ mailed or delivered a copy of this Notice of Appeal

on   12/21/2007 _____ to   U.S. I.C.E. Chief Counsel _____
   (Date)                   (Opposing Party)

at   55 E. Monroe St., #1700, Chicago, IL 60603 _____
   (Number and Street, City, State, Zip Code)

[SIGN HERE →]   X _____
                   Signature

**NOTE:** If your appeal is from a DHS decision, the "Opposing Party" is the District Chief Counsel of DHS, ICE.

**WARNING:** If you do not complete this form correctly, your appeal will likely be dismissed.

**WARNING:** If you do not attach the fee or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal will be rejected or dismissed.

---

☐ Read all of the General Instructions
☐ Provided all of the requested information
☐ Completed this form in English
☐ Provided a certified English translation
   for all non-English attachments

**HAVE YOU?**

☐ Signed the form
☐ Served a copy of this form and all attachments
   on the opposing party
☐ Completed and signed the Proof of Service
☐ Attached the required fee or Fee Waiver Request

Form EOIR-26
Revised Dec. 2005

In the Matter of: **Luis Ricardo GUARIN-Perez, A 43 748 996**

## ATTACHMENT

Through counsel the applicant Luis Ricardo GUARIN-Perez hereby appeals the decision of the Immigration Judge (IJ) to deny bond and his finding that Mr. Guarin is subject to continuous mandatory detention under section 236(c) of the Immigration and Nationality Act (INA or the Act). The appeal is timely submitted and received on or before January 21, 2008, i.e. thirty days from the IJ's decision. There is no filing fee associated with a bond appeal. The applicant will fully brief this matter upon vesting of the Board of Immigration Appeal's (BIA or the Board) jurisdiction.

The IJ erred in his finding that Mr. Guarin is subject to mandatory detention inasmuch as the Department of Homeland Security is substantially unlikely to prevail on the Notice to Appear (NTA) charging document, soon to be filed in court.

The NTA charges Mr. Guarin with removability under section 237(a)(2)(A)(i) and (ii) of the INA. Both statutory subsections require criminal convictions for crimes involving moral turpitude (CIMT) to have occurred after the date of "admission" into the U.S. Counsel contends that Mr. Guarin's date of admission to lawful resident status constitutes the date of admission for purposes of the section 237 removability statute, and not the date in which he was originally admitted as a nonimmigrant. Mr. Guarin's position is supported by case law of the Board. *See* <u>Matter of Shanu</u>, 23 I&N Dec. 754 (BIA 2005) and <u>Matter of Rosas</u>, 22 I&N Dec. 616 (BIA 1999). Thus under the Board's precedent holding, Mr. Guarin's theft conviction in or around 1992 must be set aside from consideration under the 237 statute inasmuch as it pre-dates his admission for an adjustment of status.

Mr. Guarin contests the IJ's holding inasmuch as the Court determines that Mr. Guarin's conviction for a battery against a peace officer under 720 ILCS 5/12-4(b)(6) constitutes a CIMT. This is simply unsupported by Board or Circuit Court case law. Furthermore, Mr. Guarin contends that the afore-cited statute is divisible as it criminalizes conduct that is both a CIMT and a non-CIMT.

The IJ erred in his legal finding that Mr. Guarin is ineligible to apply for a bond and therefore counsel respectfully requests remand to the IJ to consider his bond application anew or for the BIA to take jurisdiction of the bond application itself and set a bond in the interests of justice.

All issues will be fully briefed upon vesting of jurisdiction with the BIA.

**U. S. DEPARTMENT OF JUSTICE**
**IMMIGRATION COURT**
**CHICAGO, IL 60603**

In the Matter of:                                    CASE NO. A43-748-996
GUARIN-PEREZ, LUIS RICARDO
RESPONDENT                                           IN REMOVAL PROCEEDINGS


## ORDER OF THE IMMIGRATION JUDGE

Requests having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. Part 236 and having considered the representations of the Immigration and Naturalization Service and the respondent, it is HEREBY ORDERED that:

( X )    The request for a change in the custody status of the respondent be denied.

(    )    The request for a change in the custody status of the respondent be granted and respondent be:

    (1) (  )    Released from custody upon posting a bond of $_____ (not less than $1500) and

    (2) the conditions of the bond:

        (  )    remain unchanged; or

        (  )    are changed as follows: _____

        _____

        _____

(    )    Other: _____

_____

DECEMBER 21, 2007                          Robert D. Vinikoor
Date                                       Immigration Judge

Administrative Control Court: Immigration Court, 55 East Monroe, Suite 1900, Chicago, IL 60603
Appeal: ~~WAIVED~~/RESERVED (A/~~DHS~~)    1/22/08
APPEAL DUE BY: 12-21-07

# UNITED STATES DEPARTMENT OF JUSTICE

## Executive Office for Immigration Review

## *Types of Appeals and Required Fees*

| Appeal Type | EOIR-26 Required | Fee |
|---|---|---|
| Case | Yes | $110.00* |
| Bond | Yes | No Fee |
| Interlocutory | Yes | $110.00* |
| Decision on Motions Before BIA or IJ | No | $110.00* |
| Decision on Motions (Based **exclusively** on an Asylum Claim) | No | No Fee |

\* An Appeal Fee Waiver Request (EOIR-26A) can be completed to request a waiver of the associated fees for these appeals for qualified individuals. (See section 3.4, paragraph (c) of the *Practice Manual*.)

*return to EOIR main page* | *return to main forms page*



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
CHICAGO, ILLINOIS

In the Matter of:         ]
                        ]
    Luis Ricardo GUARIN-Perez,   ]   File No. A 437 48 996
                        ]
      Respondent.      ]

## MOTION TO TERMINATE

Through the undersigned counsel, the respondent Luis Ricardo GUARIN-Perez

hereby moves this Court to terminate removal proceedings initiated against him under

section 240 of the Immigration and Nationality Act (INA or the Act). This matter

warrants termination inasmuch as the respondent's near 1 month civil detention without

the filing of charges with the Immigration Court violates his constitutional and other

rights.

I.    **Facts**

The respondent was taken into custody by U.S. Immigration and Customs

Enforcement (ICE) on or about November 29, 2007; he remains detained without bond at

the Dodge, Wisconsin correctional facility. Upon retention of legal counsel in or around

mid-December 2007, Mr. Guarin's attorney (*i.e.* the undersigned counsel) contacted ICE

to inquire on the initiation of removal proceedings and to raise his concern that Mr.

Guarin remained continuously detained without the filing of charges in Immigration

Court. The ICE officer responded that the Notice to Appear (NTA) charging document

could not be filed with the Immigration Court inasmuch as the respondent's A file

**EXHIBIT** 2

1

remained with the ICE Office of Investigations in Oakbrook, Illinois, and not at the

Office of Detention and Removal Operations ICE location. Counsel was told to call

back, "by the end of week." Thereafter, the respondent filed his request for a bond

hearing with the Chicago Immigration Court. Said hearing was conducted on Friday,

December 21, 2007 before Immigration Judge R. Vinikoor. Bond was denied and the

respondent appealed. *See* exhibit no. 3: Decision of the Immigration Judge denying

bond. Removal proceedings followed and were calendared post-December 21, 2007.

Mr. Guarin was detained continuously between November 29, 2007 to December 21,

2007 without the initiation of formal charges of removability. *See* exhibit nos. 1 and 2: I-

286 Notice of Custody Determination and I-862 Notice to Appear respectively.

## II.    Equitable Estoppel Requires Termination of Removal Proceedings

Regulations set forth at 8 CFR § 287.3(d) require that a determination be made

"in any event within 48 hours" whether the detained alien shall remain within the custody

of the Department of Homeland Security and whether an NTA shall be issued. Counsel

concedes that neither the INA or the regulations set forth any requirement or deadline in

which the NTA must be *filed* with the Immigration Court thereby initiating removal

proceedings, however the respondent contends that his near 1-month detention without

the initiation of removal proceedings is unexcusable and warrants a termination of

removal proceedings. Invoking the common law doctrine of equitable estoppel, the

government's protracted detention of Mr. Guarin that was unattached to pending or

imminent removal proceedings amount to a violation of his Substantive Due Process

rights under the Fifth Amendment. In particular, the government's near one month delay

in the initiation of removal proceedings amounts to an affirmative misconduct that

2

prejudices Mr. Guarin and effectively weakens his resolve to pursue relief from deportation. Equitable estoppel requires that the government's inability to timely initiate removal warrants a termination of proceedings in the interests of justice. *See, e.g.,* Fano v. O'Neill, 806 F.2d 1262 (5th Cir. 1987) (Reversed summary judgement for government where alien alleged "willful, wanton and reckless" conduct by INS in delaying application.) All documents attached hereto are enumerated as follows:

Exhibit no. 1: I-286 Notice of Custody Determination

Exhibit no. 2: I-862 Notice to Appear

Exhibit no. 3: Decision of the IJ denying bond

Respectfully submitted,

Date:   December 26, 2007

David Cook
Kenneth Y. Geman and Associates
33 N. LaSalle St., Ste. 2300
Chicago, Illinois 60602
(312) 263-6114
(312) 263-0104

## CERTIFICATE OF SERVICE

I, David M. Cook, hereby certify that the foregoing motion was served by me by hand delivery to the following named party:

USICE Office of the Chief Counsel
55 East Monroe St., Ste. 1700
Chicago, Illinois 60603

Date:   December 26, 2007

David M. Cook
Attorney for the Respondent

3

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL 60603

DATE: Dec 21, 2007

TO: KENNETH GEMAN & ASSOC
DAVID M. COOK
33 NORTH LA SALLE ST., #2300
CHICAGO, IL 60602

RE: GUARIN-PEREZ, LUIS RICARDO

FILE: 43-748-996

Please take notice that the above captioned case has been scheduled for a hearing before the Immigration Judge on Jan 7, 2008 at 1:00 P.M.. The alien will be present via video conferencing. All other parties should report to the Immigration Court located at:
                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL 60605

Since you are the attorney/representative of record, it is expected that you will appear at the scheduled hearing. Anyone wishing to attend the hearing is subject to Correction Department policies and procedures regarding entry. The court will assist in obtaining the necessary clearance if requested in writing at least a week in advance of the hearing. All correspondence,motions, requests or inquiries concerning this matter should be directed to the address at the top of this page.
Your client's failure to appear at this hearing, other than for exceptional circumstances beyond his/her control may result in an order of removal being entered in his/her absence under Section 240(b)(5) of the Immigration and Nationality Act.
IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release you or your client must provide to this Court a written notice (or completed form EOIR-33) of the address and telephone number at which your client can be contacted. Correspondence from the court, including hearing notices, will be sent to you as long as you remain the attorney of record, and will be considered sufficient notice for the proceedings to go forward in your client's absence. It is NOT NECESSARY to provide address change information as long as your client remains in Corrections' custody.
For information regarding the status of this case, call toll free 800-898-7180.

---

CERTIFICATE OF SERVICE
This document was served by: Mail (M) Personal Service (P) Fax (F)
to: [ ] ALIEN [ ] ALIEN c/o Custodial Officer [X] ALIEN's Atty/Rep [X] DHS
DATE: 12-21-07 BY: Court Staff (SW)
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____

D1

for this case. The charging document has not been filed with the immigration court, there this hearing date is cancelled.

EXHIBIT

the Matter of: Luis Ricardo GUA██, A 43 748 996

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
CHICAGO, ILLINOIS



| | |
|---|---|
| In the Matter of: | In Bond Proceedings |
| Luis Ricardo GUARIN, | A 43 748 996 |
| Applicant. | |

## MEMORANDUM IN SUPPORT OF BOND ELIGIBILITY

Through the undersigned counsel, the applicant Luis Ricardo Guarin, hereby submits the following memorandum in support of his application for bond before the Immigration Judge.  Inasmuch as the Department of Homeland Security subjects him to mandatory detention under section 236(c) of the Immigration and Nationality Act (INA or the Act), Mr. Guarin contends that the legal determination of the government is in error as he is not properly included within the aforesaid statutory provision.  This memorandum is submitted in connection with the bond hearing scheduled pursuant to Matter of Joseph, 22 I&N Dec. 660 (BIA 1999), for Friday, December 21, 2007 at 9:00 AM.

The mandatory detention statute of criminal aliens requires, *inter alia,* that the government take into custody any alien who is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(ii) of the Act (*i.e.* two or more convictions for a crime involving moral turpitude (CIMT) after the date of admission, and not arising out of a single scheme of criminal misconduct) or any alien who is deportable under section 237(a)(2)(A)(i) (*i.e.* a CIMT conviction within 5 years after the date of

Submitted in open court on 12/21/2007

**EXHIBIT** 2

In the Matter of: Luis Ricardo GUARIN, A 43 748 996

admission) for which the alien has been sentenced to a term of imprisonment of at least one year. On this authority, the government presumably detains Mr. Guarin. Both statutory provisions listed in the above are brought forth in the NTA. *See* I-862 attached hereto at exhibit no. 1.

I.    **The Date of "Admission" for Purposes of the Section 237 of the INA is Fixed at the Date in which Mr. Guarin was "Admitted" for Permanent Resident Status, *i.e.* the Date of the Adjustment of Status.**

Simply stated, the government's NTA document lists three criminal convictions which form the basis of removability under INA § 237.[1] The first criminal conviction, chronologically, is the March 16, 1992 conviction in Cook County, Illinois for theft under 720 ILCS 5/16-1(a)(1). *See* exhibit no. 2, copy of the statute. This conviction pre-dates Mr. Guarin's adjustment of status -- which occurred on June 19, 1993 -- some 14 months prior to the date of adjustment. Both the 237(a)(2)(A)(i) and (ii) charges of removability, contained in the NTA, require that the conviction to have occurred at any time "after admission".

To the extent that the government cites to the 1992 theft conviction in support of their charges of removability, this determination is in error and contrary to removability statute as interpreted by the Board of Immigration Appeals (BIA or the Board). In particular, two companion decisions of the BIA hold that the date of "admission" for purposes of the section 237(a)(2)(A) *et. seq.* removability is the date in which the alien was admitted and accorded lawful permanent resident status.

In <u>Matter of Rosas</u>, 22 I&N Dec. 616 (BIA 1999), an alien who initially entered the United States without inspection, adjusted status and thereafter was convicted for an

---

[1] PLEASE NOTE that nothing within this memorandum shall constitute a pleading or admission to the allegations or the charge(s) of removability contained in the I-862 Notice to Appear.

the Matter of: Luis Ricardo GUARIN, A 43 748 996

aggravated felony was determined to be removable under section 237(a)(2)(A)(iii) as an alien convicted of an aggravated felony "at any time after admission." In so holding, the Board determined that the date in which the respondent was admitted for an adjustment of status qualified as an "admission" for purposes of 237 removability.

Following the same reasoning, the Board recently held in <u>Matter of Shanu</u>, 23 I&N Dec. 754 (BIA 2005), that the "date of admission" in section 237(a)(2)(A)(i)(I) referes to the date the alien adjusted his status; as a result, an alien who committed a CIMT within 5 years of being granted lawful permanent residence, but more than 5 years after his initial admission as a nonimmigrant, was properly charged with being removable under section 237(a)(2)(A)(i)(I) of the Act.

Counsel for Mr. Guarin contends that this matter is squarely governed by <u>Shanu</u> and <u>Rosas</u>, and therefore, Mr. Guarin's initial theft conviction – which pre-dates his adjustment of status – does not suffice as a conviction that occurred "after admission" for purposes of the 237 removability statute.

## II.   Aggravated Battery or Battery Against a Peace or Policing Officer Does Not Constitute a Crime Involving Moral Turpitude.

The government's 237 charges of removability are contingent upon a CIMT entered after the date Mr. Guarin was accorded permanent resident status, however the applicant's June 26, 1997 conviction of Aggravated Battery or Battery Against a Peace or Policing Officer under 720 ILCS 5/12-4(b)(6) does not constitute a CIMT and therefore cannot serve as a basis for either charge of removability in the NTA. *See* exhibit no. 3, copy of the statute.

In this regard, the applicant concedes that the Board held that assault against a peace officer that resulted *in bodily injury* constitutes a CIMT. <u>Matter of Danesh</u>, 19

I&N Dec. 669 (BIA 1988). Similarly, the assault against a law enforcement officer *involving the use of a knife* constitutes a CIMT. Matter of Logan, 17 I&N Dec. 367 (BIA 1980). However, the case at bar is set apart from Danesh and Logan in that the Illinois provision at 720 ILCS 5/12-4(b)(6) does not require serious bodily harm or the use of a deadly weapon, but only knowledge that the individual is a "community policing volunteer." In contrast, 720 ILCS 5/12-4(a) requires great bodily harm or permanent disability or disfigurement to constitute an Illinois aggravated battery, and 720 ILCS 5/12-4(b)(1) requires the use of a deadly weapon other than a firearm, none of which are found within the particular provision, 720 ILCS 5/12-4(b)(6), contained in allegation no. 6 of the NTA. Inasmuch as any common law battery (e.g. a paper airplane making contact with the recipient's eye glasses, *see* Flores v. Ashcroft, 350 F.3d 666 (7th Cir. 2003)) against a peace or policing officer can theoretically be criminalized under the statute, counsel hereby contends that a conviction under 720 ILCS 5/12-4(b)(6) does not constitute a CIMT. Rather, the actions criminalized in this particular statutory subsection are more analogous to a simple assault in which longstanding Board precedence has held is not a CIMT. *See, e.g.,* Matter of B-, 5 I&N Dec. 538 (BIA 1953). The fact that the individual battered was a peace officer, in and of itself, is insufficient to warrant a finding of turpitudeness.

### III. Aggravated Battery or Battery of a Peace or Policing Officer at 720 ILCS 5/12-4(b)(6) Is a Divisible Statute That Fails to Specify a *Mens Rea* Requirement.

Finally, counsel directs the Court's attention to the fact that the Illinois provision at 720 ILCS 5/12-4(b)(6) for Aggravated Battery of a Peace or Policing Officer is divisible in that it wholly fails to set forth a *mens rea* or mental culpability requirement.

4

As such, counsel contends that the contours of the statute are so broad that,

hypothetically, both non-turpitude and turptitude criminal conduct is criminalized under

this provision. For example, an inadvertent, random or negligent collision with a police

officer (coupled with the knowledge that the individual is a police officer) could

hypothetically be criminalized as an aggravated battery under this subsection despite the

fact that the collision itself was wholly innocent, unintended and without malice. In

meeting its burden of establishing removability by the "clear, convincing and

unequivocal" evidentiary standard, counsel contends that the government is limited to the

elements of the statute and restricted to the submission of documents that comport with

the categorical approach or the modified categorical approach. Taylor v. U.S., 495 U.S.

575 (1990). Furthermore, the applicant's position is supported by case law, albeit outside

of the jurisidiction of the Seventh Circuit. Partyka v. Attorney General, 417 F.3d 408 (3rd

Cir. 2005) (Aggravated assault on law enforcement officer under N.J. Stat. Ann. §2C: 12-

1b(5)(a) is not a CIMT because a person may be convicted for negligent conduct and

record in the case did not reveal otherwise).

IV.    **Conclusion**

For the reasons stated above, the government is substantially unlikely to prevail

against him on the charges of removability under 237(a)(2)(A)(i) and (ii) and thus, Mr.

Guarin is not properly included in the mandatory detention provisions of INA § 236(c);

he remains eligible for bond and accordingly bond should be grant inasmuch as he

demonstrates that he is not a flight risk and that he is not a danger to the community. Mr.

Guarin has been a lawful permanent resident since 1993. He is currently married to a

the Matter of: Luis Ricardo GUARIN, A 43 748 996

U.S. citizen, Ana Guarin, and has two U.S. citizen children. All documents attached hereto are enumerated as follows:

1.    Copy of the I-862 Notice to Appear

2.    Copy of Theft, 720 ILCS 5/16-1(a)(1)

3.    Copy of Aggravated Battery, 720 ILCS 5/12-4

4.    Copy of Burglary, 720 ILCS 5/19-1(a)

5.    Copy of the Disposition for Burglary

6.    Copy of the Disposition for Aggravated Battery

7.    Copy of the I-551 Alien Resident Card

8.    Copy of the Marriage Certificate

9.    Copy of the Naturalization Certificate of Ana Guarin (spouse of the applicant)

10.   Copy of the U.S. Birth Certificate of Briggette Guarin (child of the applicant and spouse)

11.   Copy of the U.S Birth Certificate of Luis Guarin (child of the applicant and spouse)

Respectfully submitted,

Date:   December 20, 2007

David Cook
Kenneth Y. Geman and Associates
33 N. LaSalle Street
Suite 2300
Chicago, Illinois 60602
(312) 263-6114 phone
(312) 263-0104 fax

the Matter of: Luis Ricardo GUA██N, A 43 748 996

## CERTIFICATE OF SERVICE

I, David M. Cook, certify that the foregoing motion was served by me to the following named party by hand delivery.

USICE Office of the Chief Counsel
55 East Monroe Street, Suite 1700
Chicago, Illinois 60603

_____

David M. Cook

Date:    December 20, 2007

U.S. Department of Homeland Security

**Notice to Appear**

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID : 266850080          FIN #: 1068113861          File No: A043 748 996

Event No: XCH0811000044

In the Matter of: Luis Ricardo GUARIN AKA: Rivera, JORGE ; Abril, FELIPE ; Medina,
PEDRO V; Popeye-Rivera, JORGOE ; Guevara, CARLOS ; Gomez, JOHN ;
(CONTINUED ON I-831)

Respondent: _____ currently residing at:

101 W CONGRESS PKWY , CHICAGO ILLINOIS 60605

_____
(Number, street, city and ZIP code)                    (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled..

☒ 3. You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
     **See Continuation Page Made a Part Hereof**

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following
provision(s) of law:
     **See Continuation Page Made a Part Hereof**

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution
or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30(f)(2) ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

_____
(Complete Address of Immigration Court, including Room Number, if any)

on a date to be set at a time to be set to show why you should not be removed from the United States based on the

(Date)              (Time)

charge(s) set forth above.                      ROBIN C. BUCKLEY          GROUP SUPERVISOR

_____
(Signature and Title of Issuing Officer)

Date: November 29, 2007          Chicago, Illinois

_____
(City and State)

See reverse for important information                      Form I-862 (Rev. 08/01/07)

U.S. Department of Homeland Security                    Continuation Page for Form 1852

| Alien's Name | File Number | Date |
|---|---|---|
| Luis Ricardo GUARIN | A043 748 996<br>Event No: XCH0811000044 | November 29, 2007 |

Respondent:
----------
Clemente, LUIS ; Garcia, RAMON ; Colon, RICARDO ; Perez, JUARIN ;


THE SERVICE ALLEGES THAT YOU:
=============================
1. You are not a citizen or national of the United States;
2. You are a native of COLOMBIA and a citizen of COLOMBIA;
3. You were admitted to the United States at Miami, Florida on or about   January 1, 1987 as
a B2 VISITOR;
4. Your status was adjusted to that of lawful permanent resident on 06/19/1993 under section
245 of the Act;
5. You were, on 09/20/2005 , convicted in the Circuit Court [at] Cook County, Illinois for
the offense of BURGLARY , in violation of 720 ILCS5.0/19-1-A;
6. You were, on 06/26/1997, convicted in the Circuit Court [at] Cook County, Illinois for
the offense of AGGRAVATED BATTERY/PEACE OFFICER, in violation of 720 ILCS 5/12-4(B)(6);
7. You were, on 03/16/1992 , convicted in the Circuit Court [at] Cook County, Illinois for
the offense of THEFT , in violation of 720 ILCS 5/16-1(a)(1);
8. These crimes did not arise out of a single scheme of criminal misconduct.
9. For that offense, a sentence of one year or longer may be imposed.


ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED
STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
==========================================================================================

Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended, in that, at any
time after admission, you have been convicted of two crimes involving moral turpitude not
arising out of a single scheme of criminal misconduct.

Section 237(a)(2)(A)(i) of the Immigration and Nationality Act, as amended, in that you have
been convicted of a crime involving moral turpitude committed within five years after
admission for which a sentence of one year or longer may be imposed.

| Signature | Title |
|---|---|
| ROBIN C. BUCKLEY | GROUP SUPERVISOR |

Form I-831 Continuation Page (Rev. 08/01/07)

### Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents, which you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or removable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departure voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the DHS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to one of the offices listed in 8 CFR 241.16(a). Specific addresses on locations for surrender can be obtained from your local DHS office or over the internet at http://www.ice.gov/about/dro/contact.htm. You must surrender within 30 days from the date the order becomes administratively final, unless you obtain an order from a Federal court, immigration court, or the Board of Immigration Appeals staying execution of the removal order. Immigration regulations at 8 CFR 241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Act.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge.

Before: _____ SSA

(Signature and Title of Immigration Officer)

x _____
(Signature of Respondent)

Date: 11-29-07

---

### Certificate of Service

This Notice To Appear was served on the respondent by me on **November 29, 2007**, in the following manner and in compliance with section 239(a)(1)(F) of the Act.

[X] in person        [ ] by certified mail, returned receipt requested        [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[X] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____ **Spanish** _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

FRANK COLON        SENIOR SPECIAL AGENT

x _____
(Signature of Respondent if Personally Served)

(Signature and Title of officer)

Form I-862 Page 2 (Rev. 08/01/07)

## 5/15-6.  Stolen Property

§ 15-6.  Stolen Property.  As used in this Part C, "stolen property" means property over which control has been obtained by theft.

Laws 1961, p. 1983, § 15-6, eff. Jan. 1, 1962.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 15-6.

## 5/15-7.  Obtain

§ 15-7.  Obtain.  As used in this Part C, "obtain" means:

(a) In relation to property, to bring about a transfer of interest or possession, whether to the offender or to another, and

(b) In relation to labor or services, to secure the performance thereof.

Laws 1961, p. 1983, § 15-7, eff. Jan. 1, 1962.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 15-7.

## 5/15-8.  Obtains Control

§ 15-8.  Obtains Control.  As used in this Part C, the phrase "obtains or exerts control" over property, includes but is not limited to the taking, carrying away, or the sale, conveyance, or transfer of title to, or interest in, or possession of property.

Laws 1961, p. 1983, § 15-8, eff. Jan. 1, 1962.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 15-8.

## 5/15-9.  Value

§ 15-9.  Value.  As used in this Part C, the "value" of property consisting of any commercial instrument or any written instrument representing or embodying rights concerning anything of value, labor, or services or otherwise of value to the owner shall be:

(a) The "market value" of such instrument if such instrument is negotiable and has a market value; and

(b) The "actual value" of such instrument if such instrument is not negotiable or is otherwise without a market value.  For the purpose of establishing such "actual value", the interest of any owner or owners entitled to part or all of the property represented by such instrument, by reason of such instrument, may be shown, even if another "owner" may be named in the complaint, information or indictment.

Laws 1961, § 15-9, added by Laws 1967, p. 2849, § 1, eff. Aug. 11, 1967.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 15-9.

## 5/15-10.  Governmental property

§ 15-10.  Governmental property.  As used in this Part C, "governmental property" means funds or other property owned by the State, a unit of local government, or a school district.

Laws 1961, p. 1983, § 15-10, added by P.A. 94-184, § 5, eff. Jan. 1, 2006.

## ARTICLE 16.  THEFT AND RELATED OFFENSES

Section
5/16-1.      Theft.
5/16-1.1.    Theft by lessee; prima facie evidence.
5/16-1.2.    Prima facie evidence of intent.
5/16-1.3.    Financial exploitation of an elderly person or a person with a disability.
5/16-2.      Theft of Lost or Mislaid Property.
5/16-3.      Theft of labor or services or use of property.
5/16-3.1.    False Report of Theft and Other Losses.
5/16-4.      Offender's Interest in the Property.
5/16-5.      Theft from coin-operated machines.
5/16-6.      Coin-operated machines; possession of a key or device.
5/16-7.      Unlawful use of recorded sounds or images.
5/16-8.      Unlawful use of unidentified sound or audio visual recordings.
5/16-9.      Repealed.
5/16-10 to 5/16-13.  Repealed.
5/16-14.     Unlawful interference with public utility services.
5/16-15.     Unlawful use of theft detection shielding device.
5/16-16.     Possession of a stolen firearm.
5/16-16.1.   Aggravated possession of a stolen firearm.
5/16-17.     Theft of advertising services.
5/16-18.     Unlawful communication and access devices; definitions.
5/16-19.     Prohibited acts.
5/16-20.     Criminal penalties.
5/16-21.     Civil actions.
5/16-22.     Tampering with a security, fire, or life safety system.

## 5/16-1.  Theft

§ 16-1.  Theft.

(a) A person commits theft when he knowingly:

(1) Obtains or exerts unauthorized control over property of the owner; or

(2) Obtains by deception control over property of the owner; or

(3) Obtains by threat control over property of the owner; or

(4) Obtains control over stolen property knowing the property to have been stolen or under such circumstances as would reasonably induce him to believe that the property was stolen; or

(5) Obtains or exerts control over property in the custody of any law enforcement agency which is explicitly represented to him by any law enforcement officer or any individual acting in behalf of a law enforcement agency as being stolen, and

(A) Intends to deprive the owner permanently of the use or benefit of the property; or

(B) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

(C) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit.

(b) Sentence.

(1) Theft of property not from the person and not exceeding $300 in value is a Class A misdemeanor.

(1.1) Theft of property not from the person and not exceeding $300 in value is a Class 4 felony if the theft was committed in a school or place of worship or if the theft was of governmental property.

(2) A person who has been convicted of theft of property not from the person and not exceeding $300 in value who has been previously convicted of any type of theft, robbery, armed robbery, burglary, residential burglary, possession of burglary tools, home invasion, forgery, a violation of Section 4-103, 4-103.1, 4-103.2, or 4-103.3 of the Illinois Vehicle Code [1] relating to the possession of a stolen or

converted motor vehicle, or a violation of Section 8 of the Illinois Credit Card and Debit Card Act[2] is guilty of a Class 4 felony. When a person has any such prior conviction, the information or indictment charging that person shall state such prior conviction so as to give notice of the State's intention to treat the charge as a felony. The fact of such prior conviction is not an element of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial.

(3) (Blank).

(4) Theft of property from the person not exceeding $300 in value, or theft of property exceeding $300 and not exceeding $10,000 in value, is a Class 3 felony.

(4.1) Theft of property from the person not exceeding $300 in value, or theft of property exceeding $300 and not exceeding $10,000 in value, is a Class 2 felony if the theft was committed in a school or place of worship or if the theft was of governmental property.

(5) Theft of property exceeding $10,000 and not exceeding $100,000 in value is a Class 2 felony.

(5.1) Theft of property exceeding $10,000 and not exceeding $100,000 in value is a Class 1 felony if the theft was committed in a school or place of worship or if the theft was of governmental property.

(6) Theft of property exceeding $100,000 and not exceeding $500,000 in value is a Class 1 felony.

(6.1) Theft of property exceeding $100,000 in value is a Class X felony if the theft was committed in a school or place of worship or if the theft was of governmental property.

(6.2) Theft of property exceeding $500,000 in value is a Class 1 non-probationable felony.

(7) Theft by deception, as described by paragraph (2) of subsection (a) of this Section, in which the offender obtained money or property valued at $5,000 or more from a victim 60 years of age or older is a Class 2 felony.

(c) When a charge of theft of property exceeding a specified value is brought, the value of the property involved is an element of the offense to be resolved by the trier of fact as either exceeding or not exceeding the specified value.

Laws 1961, p. 1983, § 16-1, eff. Jan. 1, 1962. Amended by Laws 1967, p. 1802, § 1, eff. July 20, 1967; P.A. 77-2638, § 1, eff. Jan. 1, 1973; P.A. 78-255, § 61, eff. Oct. 1, 1973; P.A. 79-840, § 1, eff. Oct. 1, 1975; P.A. 79-973, § 1, eff. Oct. 1, 1975; P.A. 79-1454, § 16, eff. Aug. 31, 1976; P.A. 82-318, § 1, eff. Jan. 1, 1982; P.A. 83-715, § 1, eff. July 1, 1984; P.A. 84-950, § 1, eff. July 1, 1986; P.A. 85-691, § 1, eff. Jan. 1, 1988; P.A. 85-758, § 1, eff. Jan. 1, 1988; P.A. 85-1080, § 2, eff. July 1, 1988; P.A. 85-1209, Art. II, § 2-23, eff. Aug. 30, 1988; P.A. 85-1296, § 1, eff. Jan. 1, 1989; P.A. 85-1440, Art. II, § 2-9, eff. Feb. 1, 1989; P.A. 89-377, § 15, eff. Aug. 18, 1995; P.A. 91-118, § 5, eff. Jan. 1, 2000; P.A. 91-360, § 5, eff. July 29, 1999; P.A. 91-544, § 5, eff. Jan. 1, 2000; P.A. 92-16, § 8S, eff. June 28, 2001; P.A. 93-520, § 5, eff. Aug. 6, 2003; P.A. 94-184, § 5, eff. Jan. 1, 2006.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 16-1.

1 625 ILCS 5/4-103, 5/4-103.1, 5/4-103.2, 5/4-103.3.
2 720 ILCS 250/8.

## 5/16-1.1. Theft by lessee; prima facie evidence

§ 16-1.1. Theft by lessee; prima facie evidence. It shall be prima facie evidence that a person "knowingly obtains or exerts unauthorized control over property of the owner" (1) if a lessee of the personal property of another fails to return it to the owner within 10 days after written demand from the owner for its return or (2) if a lessee of the personal property of another fails to return it to the owner within 24 hours after written demand from the owner for its return and the lessee had presented identification to the owner that contained a materially fictitious name, address, or telephone number. A notice in writing, given after the expiration of the leasing agreement, addressed and mailed, by registered mail, to the lessee at the address given by him and shown on the leasing agreement shall constitute proper demand.

Laws 1961, p. 1983, § 16-1.1, added by Laws 1967, p. 3509, § 1, eff. Sept. 1, 1967. Amended by P.A. 89-373, § 5, eff. Jan. 1, 1996.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 16-1.1.

## 5/16-1.2. Prima facie evidence of intent

§ 16-1.2. It shall be prima facie evidence of intent that a person "knowingly obtains by deception control over property of the owner" when he fails to return, within 45 days after written demand from the owner, the downpayment and any additional payments accepted under a promise, oral or in writing, to perform services for the owner for consideration of $3,000 or more, and the promisor willfully without good cause failed to substantially perform pursuant to the agreement after taking a downpayment of 10% or more of the agreed upon consideration. This provision shall not apply where the owner initiated the suspension of performance under the agreement, or where the promisor responds to the notice within the 45 day notice period. A notice in writing, addressed and mailed, by registered mail, to the promisor at the last known address of the promisor, shall constitute proper demand.

Laws 1961, p. 1983, § 16-1.2, added by P.A. 84-992, § 1, eff. Sept. 25, 1985.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 16-1.2.

## 5/16-1.3. Financial exploitation of an elderly person or a person with a disability

§ 16-1.3. Financial exploitation of an elderly person or a person with a disability.

(a) A person commits the offense of financial exploitation of an elderly person or a person with a disability when he or she stands in a position of trust or confidence with the elderly person or a person with a disability and he or she knowingly and by deception or intimidation obtains control over the property of an elderly person or a person with a disability or illegally uses the assets or resources of an elderly person or a person with a disability. The illegal use of the assets or resources of an elderly person or a person with a disability includes, but is not limited to, the misappropriation of those assets or resources by undue influence, breach of a fiduciary relationship, fraud, deception, extortion, or use of the assets or resources contrary to law.

Financial exploitation of an elderly person or a person with a disability is a Class 4 felony if the value of the property is $300 or less, a Class 3 felony if the value of the property is more than $300 but less than $5,000, a Class 2 felony if the value of the property is $5,000 or more but less than $100,000 and a Class 1 felony if the value of the property is $100,000 or more or if the elderly person is over 70 years of age and the value of the property is $15,000 or more or if the elderly person is 80 years of age or older and the value of the property is $5,000 or more.

(b) For purposes of this Section:

335                        CRIMINAL OFFENSES                    720 ILCS 5/12–4

(12–14), kidnapping (Section 10–1), aggravated kidnapping (Section 10–2), predatory criminal sexual assault of a child (Section 12–14.1), aggravated criminal sexual abuse (Section 12–16), unlawful restraint (Section 10–3), aggravated unlawful restraint (Section 10–3.1), aggravated arson (Section 20–1.1), or aggravated discharge of a firearm (Section 24–1.2), or any prior conviction under the law of another jurisdiction for any offense that is substantially similar to the offenses listed in this Section, when any of these offenses have been committed against a family or household member as defined in Section 112A–3 of the Code of Criminal Procedure of 1963. In addition to any other sentencing alternatives, for any second or subsequent conviction of violating this Section, the offender shall be mandatorily sentenced to a minimum of 72 consecutive hours of imprisonment. The imprisonment shall not be subject to suspension, nor shall the person be eligible for probation in order to reduce the sentence.

(c) Domestic battery committed in the presence of a child. In addition to any other sentencing alternatives, a defendant who commits, in the presence of a child, a felony domestic battery (enhanced under subsection (b)), aggravated domestic battery (Section 12–3.3), aggravated battery (Section 12–4), unlawful restraint (Section 10–3), or aggravated unlawful restraint (Section 10–3.1) against a family or household member, as defined in Section 112A–3 of the Code of Criminal Procedure of 1963, shall be required to serve a mandatory minimum imprisonment of 10 days or perform 300 hours of community service, or both. The defendant shall further be liable for the cost of any counseling required for the child at the discretion of the court in accordance with subsection (b) of Section 5–5–6 of the Unified Code of Corrections.[2] For purposes of this Section, "child" means a person under 18 years of age who is the defendant's or victim's child or stepchild or who is a minor child residing within or visiting the household of the defendant or victim. For purposes of this Section, "in the presence of a child" means in the physical presence of a child or knowing or having reason to know that a child is present and may see or hear an act constituting one of the offenses listed in this subsection.

Laws 1961, p. 1983, § 12–3.2, added by P.A. 86–979, § 1, eff. July 1, 1990. Amended by P.A. 88–467, § 25, eff. July 1, 1994; P.A. 90–734, § 5, eff. Jan. 1, 1999; P.A. 91–112, § 5, eff. Oct. 1, 1999; P.A. 91–262, § 5, eff. Jan. 1, 2000; P.A. 91–928, § 5, eff. June 1, 2001; P.A. 92–16, § 88, eff. June 28, 2001; P.A. 92–827, § 5, eff. Aug. 22, 2002; P.A. 93–336, § 5, eff. Jan. 1, 2004; P.A. 93–809, § 5, eff. Jan. 1, 2005; P.A. 94–148, § 5, eff. Jan. 1, 2006.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 12–3.2.

[1] 725 ILCS 5/112A–3.

[2] 730 ILCS 5/5–5–6.

## 5/12–3.3.  Aggravated domestic battery

§ 12–3.3.  Aggravated domestic battery.

(a) A person who, in committing a domestic battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated domestic battery.

(b) Sentence. Aggravated domestic battery is a Class 2 felony. Any order of probation or conditional discharge entered following a conviction for an offense under this Section must include, in addition to any other condition of probation or conditional discharge, a condition that the offender serve a mandatory term of imprisonment of not less than 60 consecutive days. A person convicted of a second or subsequent violation of this Section must be sentenced to a mandatory term of imprisonment of not less than 3 years and

not more than 7 years or an extended term of imprisonment of not less than 7 years and not more than 14 years. Laws 1961, p. 1983, § 12–3.3, added by P.A. 91–445, § 5, eff. Jan. 1, 2000.

## 5/12–4.  Aggravated Battery

*Text of section as amended by P.A. 94–327, P.A. 94–333, P.A. 94–363, and P.A. 94–482*

§ 12–4.  Aggravated Battery.

(a) A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery.

(b) In committing a battery, a person commits aggravated battery if he or she:

(1) Uses a deadly weapon other than by the discharge of a firearm;

(2) Is hooded, robed or masked, in such manner as to conceal his identity;

(3) Knows the individual harmed to be a teacher or other person employed in any school and such teacher or other employee is upon the grounds of a school or grounds adjacent thereto, or is in any part of a building used for school purposes;

(4) (Blank);

(5) (Blank);

(6) Knows the individual harmed to be a community policing volunteer while such volunteer is engaged in the execution of any official duties, or to prevent the volunteer from performing official duties, or in retaliation for the volunteer performing official duties, and the battery is committed other than by the discharge of a firearm;

(7) Knows the individual harmed to be an emergency medical technician—ambulance, emergency medical technician—intermediate, emergency medical technician—paramedic, ambulance driver, other medical assistance, first aid personnel, or hospital personnel engaged in the performance of any of his or her official duties, or to prevent the emergency medical technician—ambulance, emergency medical technician—intermediate, emergency medical technician—paramedic, ambulance driver, other medical assistance, first aid personnel, or hospital personnel from performing official duties, or in retaliation for performing official duties;

(8) Is, or the person battered is, on or about a public way, public property or public place of accommodation or amusement;

(8.5) Is, or the person battered is, on a publicly or privately owned sports or entertainment arena, stadium, community or convention hall, special event center, amusement facility, or a special event center in a public park during any 24-hour period when a professional sporting event, National Collegiate Athletic Association (NCAA)-sanctioned sporting event, United States Olympic Committee-sanctioned sporting event, or International Olympic Committee-sanctioned sporting event is taking place in this venue;

(9) Knows the individual harmed to be the driver, operator, employee or passenger of any transportation facility or system engaged in the business of transportation of the public for hire and the individual assaulted is then performing in such capacity or then using such public transportation as a passenger or using any area of any descrip-

tion designated by the transportation facility or system as a vehicle boarding, departure, or transfer location;

(10) Knows the individual harmed to be an individual of 60 years of age or older;

(11) Knows the individual harmed is pregnant;

(12) Knows the individual harmed to be a judge whom the person intended to harm as a result of the judge's performance of his or her official duties as a judge;

(13) (Blank);

(14) Knows the individual harmed to be a person who is physically handicapped;

(15) Knowingly and without legal justification and by any means causes bodily harm to a merchant who detains the person for an alleged commission of retail theft under Section 16A–5 of this Code. In this item (15), "merchant" has the meaning ascribed to it in Section 16A–2.4 of this Code;

(16) Is, or the person battered is, in any building or other structure used to provide shelter or other services to victims or to the dependent children of victims of domestic violence pursuant to the Illinois Domestic Violence Act of 1986[1] or the Domestic Violence Shelters Act,[2] or the person battered is within 500 feet of such a building or other structure while going to or from such a building or other structure. "Domestic violence" has the meaning ascribed to it in Section 103 of the Illinois Domestic Violence Act of 1986.[3] "Building or other structure used to provide shelter" has the meaning ascribed to "shelter" in Section 1 of the Domestic Violence Shelters Act;[4]

(17) (Blank); or

(18) Knows the individual harmed to be an officer or employee of the State of Illinois, a unit of local government, or school district engaged in the performance of his or her authorized duties as such officer or employee.

For the purpose of paragraph (14) of subsection (b) of this Section, a physically handicapped person is a person who suffers from a permanent and disabling physical characteristic, resulting from disease, injury, functional disorder or congenital condition.

(c) A person who administers to an individual or causes him to take, without his consent or by threat or deception, and for other than medical purposes, any intoxicating, poisonous, stupefying, narcotic, anesthetic, or controlled substance commits aggravated battery.

(d) A person who knowingly gives to another person any food that contains any substance or object that is intended to cause physical injury if eaten, commits aggravated battery.

(d–3) A person commits aggravated battery when he or she knowingly and without lawful justification shines or flashes a laser gunsight or other laser device that is attached or affixed to a firearm, or used in concert with a firearm, so that the laser beam strikes upon or against the person of another.

(d–5) An inmate of a penal institution or a sexually dangerous person or a sexually violent person in the custody of the Department of Human Services who causes or attempts to cause a correctional employee of the penal institution or an employee of the Department of Human Services to come into contact with blood, seminal fluid, urine, or feces, by throwing, tossing, or expelling that fluid or material commits aggravated battery. For purposes of this subsection (d–5), "correctional employee" means a person who is employed by a penal institution.

(e) Sentence.

(1) Except as otherwise provided in paragraphs (2) and (3), aggravated battery is a Class 3 felony.

(2) Aggravated battery that does not cause great bodily harm or permanent disability or disfigurement is a Class 2 felony when the person knows the individual harmed to be a peace officer, a community policing volunteer, a correctional institution employee, an employee of the Department of Human Services supervising or controlling sexually dangerous persons or sexually violent persons, or a fireman while such officer, volunteer, employee, or fireman is engaged in the execution of any official duties including arrest or attempted arrest, or to prevent the officer, volunteer, employee, or fireman from performing official duties, or in retaliation for the officer, volunteer, employee, or fireman performing official duties, and the battery is committed other than by the discharge of a firearm.

(3) Aggravated battery that causes great bodily harm or permanent disability or disfigurement in violation of subsection (a) is a Class 1 felony when the person knows the individual harmed to be a peace officer, a community policing volunteer, a correctional institution employee, an employee of the Department of Human Services supervising or controlling sexually dangerous persons or sexually violent persons, or a fireman while such officer, volunteer, employee, or fireman is engaged in the execution of any official duties including arrest or attempted arrest, or to prevent the officer, volunteer, employee, or fireman from performing official duties, or in retaliation for the officer, volunteer, employee, or fireman performing official duties, and the battery is committed other than by the discharge of a firearm.

Laws 1961, p. 1983, § 12–4, eff. Jan. 1, 1962. Amended by Laws 1961, p. 2467, § 1, eff. Aug. 1, 1961; Laws 1965, p. 294, § 1, eff. July 1, 1965; Laws 1965, p. 854, § 1, eff. July 1, 1965; Laws 1967, p. 341, § 1, eff. July 1, 1967; Laws 1967, p. 2595, § 1, eff. Aug. 3, 1967; Laws 1967, p. 3514, § 1, eff. Sept. 1, 1967; Laws 1968, p. 99, § 1, eff. Aug. 17, 1968; Laws 1968, p. 106, § 1, eff. Aug. 20, 1968; P.A. 78–836, § 1, eff. Aug. 19, 1969; P.A. 77–2638, § 1, eff. Jan. 1, 1973; P.A. 79–1001, § 1, eff. Oct. 1, 1975; P.A. 81–176, § 1, eff. Aug. 13, 1979; P.A. 81–571, § 1, eff. Sept. 14, 1979; P.A. 81–763, § 1, eff. Sept. 16, 1979; P.A. 81–925, § 1, eff. Sept. 22, 1979; P.A. 81–1509, Art. I, § 23, eff. Sept. 26, 1980; P.A. 83–423, § 1, eff. Jan. 1, 1984; P.A. 84–1083, § 1, eff. Dec. 2, 1985; P.A. 85–996, § 1, eff. July 1, 1988; P.A. 86–979, § 1, eff. July 1, 1990; P.A. 86–980, § 2, eff. July 1, 1990; P.A. 86–1028, Art. II, § 2–19, eff. Feb. 5, 1990; P.A. 87–921, § 1, eff. Jan. 1, 1993; P.A. 87–1088, § 1, eff. Jan. 1, 1993; P.A. 88–45, Art. II, § 2–57, eff. July 6, 1993; P.A. 88–433, § 5, eff. Jan. 1, 1994; P.A. 89–507, Art. 90, § 90L–93, eff. July 1, 1997; P.A. 90–115, § 5, eff. Jan. 1, 1998; P.A. 90–651, § 5, eff. Jan. 1, 1999; P.A. 90–735, § 5, eff. Aug. 11, 1998; P.A. 91–357, § 287, eff. July 29, 1999; P.A. 91–488, § 5, eff. Jan. 1, 2000; P.A. 91–619, § 5, eff. Jan. 1, 2000; P.A. 91–672, § 5, eff. Jan. 1, 2000; P.A. 92–16, § 88, eff. June 28, 2001; P.A. 92–516, § 5, eff. Jan. 1, 2002; P.A. 92–341, § 5, eff. Aug. 22, 2002; P.A. 92–865, § 5, eff. Jan. 3, 2003; P.A. 93–83, § 5, eff. July 2, 2003; P.A. 94–327, § 5, eff. Jan. 1, 2006; P.A. 94–333, § 5, eff. July 26, 2005; P.A. 94–363, § 5, eff. July 29, 2005; P.A. 94–482, § 5, eff. Jan. 1, 2006.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 12–4.

[1] 750 ILCS 60/101 et seq.

[2] 20 ILCS 2210/0.01 et seq.

Case 1:08-cv-02286   Document 1   Filed 04/22/2008   Page 45 of 84

her consent, or by threat or deception, and for other than medical purposes, any controlled substance.

(b) Sentence. Aggravated robbery is a Class 1 felony.

Laws 1961, p. 1983, § 18–3, added by P.A. 88–144, § 5, eff. Jan. 1, 1994. Renumbered § 18–5 and amended by P.A. 88–670, Art. 2, § 2–64, eff. Dec. 2, 1994. Amended by P.A. 90–593, § 15, eff. Jan. 1, 1999; P.A. 90–735, § 5, eff. Aug. 11, 1998; P.A. 91–357, § 237, eff. July 29, 1999.

## ARTICLE 19. BURGLARY

Section
5/19–1. Burglary.
5/19–2. Possession of Burglary Tools.
5/19–3. Residential burglary.
5/19–4. Criminal trespass to a residence.
5/19–5. Criminal fortification of a residence or building.

## 5/19–1. Burglary

§ 19–1. Burglary.

(a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code,[1] railroad car, or any part thereof, with intent to commit therein a felony or theft. This offense shall not include the offenses set out in Section 4–102 of The Illinois Vehicle Code.[2]

(b) Sentence.

Burglary is a Class 2 felony. A burglary committed in a school or place of worship is a Class 1 felony.

Laws 1961, p. 1983, § 19–1, eff. Jan. 1, 1962. Amended by Laws 1965, p. 2976, § 1, eff. Aug. 13, 1965; P.A. 77–906, § 1, eff. Aug. 17, 1971; P.A. 77–2638, § 1, eff. Jan. 1, 1973; P.A. 78–255, § 61, eff. Oct. 1, 1973; P.A. 82–238, § 1, eff. Jan. 1, 1982; P.A. 91–360, § 5, eff. July 29, 1999; P.A. 91–928, § 5, eff. June 1, 2001.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 19–1.

1 625 ILCS 5/1–100 et seq.

2 625 ILCS 5/4–102.

P.A. 91–928 incorporated the amendment by P.A. 91–360.

## 5/19–2. Possession of Burglary Tools

§ 19–2. Possession of Burglary Tools. (a) A person commits the offense of possession of burglary tools when he possesses any key, tool, instrument, device, or any explosive, suitable for use in breaking into a building, housetrailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code,[1] railroad car, or any depository designed for the safekeeping of property, or any part thereof, with intent to enter any such place and with intent to commit therein a felony or theft.

(b) Sentence.

Possession of burglary tools in violation of this Section is a Class 4 felony.

Laws 1961, p. 1983, § 19–2, eff. Jan. 1, 1962. Amended by Laws 1965, p. 2976, § 1, eff. Aug. 13, 1965; P.A. 77–907, § 1, eff. Aug. 17, 1971; P.A. 77–2638, § 1, eff. Jan. 1, 1973; P.A. 78–255, § 61, eff. Oct. 1, 1973.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 19–2.

1 625 ILCS 5/1–100 et seq.

## 5/19–3. Residential burglary

§ 19–3. Residential burglary.

(a) A person commits residential burglary who knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft. This offense includes the offense of burglary as defined in Section 19–1.

(b) Sentence. Residential burglary is a Class 1 felony.

Laws 1961, p. 1983, § 19–3, added by P.A. 82–238, § 1, eff. Jan. 1, 1982. Amended by P.A. 84–832, Art. III, § 4, eff. Sept. 23, 1985; P.A. 91–928, § 5, eff. June 1, 2001.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 19–3.

### Validity

*The Illinois Supreme Court held that prison term for using a Category I weapon in a burglary violates the limitation-of-penalties provision in Article I, Section 11 of the Illinois Constitution in the case of People v. Lombardi, 1998, 184 Ill.2d 462, 705 N.E.2d 91, 235 Ill.Dec. 478.*

## 5/19–4. Criminal trespass to a residence

§ 19–4. Criminal trespass to a residence.

(a) (1) A person commits the offense of criminal trespass to a residence when, without authority, he knowingly enters or remains within any residence, including a house trailer.

(2) A person commits the offense of criminal trespass to a residence when, without authority, he or she knowingly enters the residence of another and knows or has reason to know that one or more persons is present or he or she knowingly enters the residence of another and remains in the residence after he or she knows or has reason to know that one or more persons is present.

(3) For purposes of this Section, in the case of a multi-unit residential building or complex, "residence" shall only include the portion of the building or complex which is the actual dwelling place of any person and shall not include such places as common recreational areas or lobbies.

(b) Sentence.

(1) Criminal trespass to a residence under paragraph (1) of subsection (a) is a Class A misdemeanor.

(2) Criminal trespass to a residence under paragraph (2) of subsection (a) is a Class 4 felony.

Laws 1961, p. 1983, § 19–4, added by P.A. 83–1070, § 1, eff. July 1, 1984. Amended by P.A. 91–895, § 5, eff. July 6, 2000.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 19–4.

## 5/19–5. Criminal fortification of a residence or building

§ 19–5. Criminal fortification of a residence or building.

(a) A person commits the offense of criminal fortification of a residence or building when, with the intent to prevent the lawful entry of a law enforcement officer or another, he maintains a residence or building in a fortified condition, knowing that such residence or building is used for the manufacture, storage, delivery, or trafficking of cannabis, controlled substances, or methamphetamine as defined in the Cannabis Control Act,[1] the Illinois Controlled Substances Act,[2] or the Methamphetamine Control and Community Protection Act.

(b) "Fortified condition" means preventing or impeding entry through the use of steel doors, wooden planking, crossbars, alarm systems, dogs, or other similar means.

(c) Sentence. Criminal fortification of a residence or building is a Class 3 felony.

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 05C33012302

        LUIS     R GUARIN

              CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
with the Clerk of the Circuit Court.

Charging the above named defendant with:

    720-5/19-1(A)                    F       BURGLARY
The following disposition(s) was/were rendered before the Honorable Judge(s):


05/20/05 MOTION DEFT - CONTINUANCE - MD          06/29/05 0380
         SCOTILLO JOHN J.
06/29/05 MOTION DEFT - CONTINUANCE - MD          07/28/05 0380
         SCOTILLO JOHN J.
07/28/05 MOTION DEFT - CONTINUANCE - MD          09/20/05 0380
         SCOTILLO JOHN J.
09/20/05 DEFENDANT ON BOND                       00/00/00
         SCOTILLO JOHN J.
09/20/05 ADMONISH PER SP CT RULE 402             00/00/00
         SCOTILLO JOHN J.
09/20/05 PLEA OF GUILTY                    C001 00/00/00
         SCOTILLO JOHN J.
09/20/05 JURY WAIVED                             00/00/00
         SCOTILLO JOHN J.
09/20/05 FINDING OF GUILTY                 C001 00/00/00
         SCOTILLO JOHN J.
09/20/05 DEF SENTENCED TO PROBATION        C001 00/00/00
              18 MTH
         SCOTILLO JOHN J.
09/20/05 DEF SENT TO PAY RESTITUTION       C001 00/00/00              $     500
         SCOTILLO JOHN J.
09/20/05 DEFENDANT FINED                   C001 00/00/00              $     500
         SCOTILLO JOHN J.
09/20/05 FINES COSTS FEES PER DRFT ORD          00/00/00              $     500
         SCOTILLO JOHN J.
09/20/05 CASH BOND REFUND TO ATTORNEY      B001 00/00/00 00000
         000000
         SCOTILLO JOHN J.
09/20/05 DEF ADVISED OF RIGHT TO APPEAL         00/00/00
         SCOTILLO JOHN J.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 002

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 05C33012302

       LUIS        R GUARIN

              CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
11/14/05 SPECIAL ORDER                           00/00/00
      DRAFT ORDER CLARIFYING BOND REFUND TO SURETY GRANTED
      FECAROTTA, THOMAS P. JR.
11/14/05 PREVIOUS ORDER TO STAND                 00/00/00
      FECAROTTA, THOMAS P. JR.
11/02/05 PAYMENT RECEIVED - BOND DEDUCT    B001 00/00/00 3121      $    494
02/23/07 CASE ASSIGNED                           03/09/07 0380
03/06/07 CASE ASSIGNED                           03/09/07 0380
      SCOTILLO JOHN J.
03/09/07 PROBATION TERMINATED
      SCOTILLO JOHN J.
03/09/07 SPECIAL ORDER                           00/00/00
      JOF V'S D IN AMOUNT OF 400
      SCOTILLO JOHN J.

                              I hereby certify that the foregoing has
                              been entered of record on the above
                              captioned case.
                              Date 12/19/07

                              _Dorothy Brown_
                                   DOROTHY BROWN
                       CLERK OF THE CIRCUIT COURT OF COOK COUNTY

                                   T.E.D

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 95CR2673901

LUIS    R GUARIN



CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

Charging the above named defendant with:

```
720-5/12-4(B)(6)              F    AGG BATTERY/PEACE OFF/FIR
720-5/12-4(A)                 F    AGG BATTERY/GREAT BODILY
```

The following disposition(s) was/were rendered before the Honorable Judge(s):

```
09/20/95 IND/INFO-CLK OFFICE-PRES JUDGE        10/04/95 1701
     95CR2673901 ID# CR100771391
10/04/95 CASE ASSIGNED                         10/04/95 1733
     FITZGERALD, THOMAS R.
10/04/95 DEFENDANT ON BOND
     REYNA, RALPH
10/04/95 CONTINUANCE BY AGREEMENT              10/23/95
     REYNA, RALPH
10/23/95 CONTINUANCE BY AGREEMENT              11/28/95
     REYNA, RALPH
11/28/95 CONTINUANCE BY AGREEMENT              01/08/96
     REYNA, RALPH
01/08/96 CONTINUANCE BY AGREEMENT              02/08/96
     REYNA, RALPH
02/08/96 CONTINUANCE BY AGREEMENT              02/16/96
     REYNA, RALPH
02/16/96 DEFENDANT ON BOND
     REYNA, RALPH
02/16/96 WITNESSES ORDERED TO APPEAR           02/16/96
     REYNA, RALPH
02/16/96 CONTINUANCE BY AGREEMENT              03/12/96
     REYNA, RALPH
03/12/96 CONTINUANCE BY AGREEMENT              04/04/96
     REYNA, RALPH
04/04/96 CONTINUANCE BY AGREEMENT              05/05/96
     REYNA, RALPH
06/27/96 CASH BOND REFUND                 B001
06/27/96 CBR PROCSED FRWD ACCT DEP
     D6570311 $10,000
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    Page 002

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 95CR2673901

        LUIS    R GUARIN

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
07/01/96 CONTINUANCE BY AGREEMENT                    07/09/96
        REYNA, RALPH
07/09/96 DEFENDANT ON BOND
        REYNA, RALPH
07/09/96 CONTINUANCE BY AGREEMENT                    08/01/96
        REYNA, RALPH
08/01/96 CONTINUANCE BY AGREEMENT                    08/06/96
        REYNA, RALPH
08/06/96 DEFT SERVING SENTENCE
        REYNA, RALPH
06/12/97 PET VIOL OF PROBATION FILED
06/12/97 HEARING DATE ASSIGNED                       06/11/97 1733
06/26/97 PLEA OF GUILTY                    C001
        REYNA, RALPH
06/26/97 FINDING OF GUILTY                 C001
        REYNA, RALPH
06/26/97 PETITION FOR V.O.P. ALLOWED
        REYNA, RALPH
06/26/97 DEFENDANT FINED                   C001                   $    500
        REYNA, RALPH
12/08/97 HEARING DATE ASSIGNED                       12/31/97 1733
12/31/97 CHANGE PRIORITY STATUS            M
        LAMPKIN, BERTINA E
12/31/97 CONTINUANCE BY ORDER OF COURT               01/05/98
        LAMPKIN, BERTINA E
01/05/98 PROB TERMINATED- SATISFACTORY
        REYNA, RALPH


                        I hereby certify that the foregoing has
                        been entered of record on the above
                        captioned case.
                        Date 12/19/07

                        _Dorothy Brown_____
                           DOROTHY BROWN
                        CLERK OF THE CIRCUIT COURT OF COOK COUNTY



# RESIDENT ALIEN

U.S. Department of Justice, Immigration and Naturalization Service

GUARIN PEREZ,LUIS RICARDO

**NAME**

**DOB** 04 12 63

**ALIEN NUMBER** A046378996

**CARD EXPIRES** 03 02 08

ALIEN REGISTRATION RECEIPT CARD

PERSON IDENTIFIED BY THIS CARD IS ENTITLED TO RESIDE PERMANENTLY AND WORK IN THE U.S.

```
IR6 NIA 930619 691   8050888084
A1USA0437489 96<02>9803<<<<<<<<
6304124M0803027<<<<<4A8A10B19
GUARIN<PEREZ<<LUIS<RICARDO<<<<
```

STATE OF ILLINOIS } ss.
County of Cook,

**DAVID D. ORR,**   **County Clerk**    JAN 15 1992

I, DAVID D. ORR, County Clerk of the County of Cook, in the State aforesaid, and Keeper of the Records and Files of said County, do hereby certify that the attached is a true and correct copy of the original Record on file, all of which appears from the records and files in my office.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Seal of the County of Cook, at my office in the City of Chicago, in said County.

David D. Orr
County Clerk

---

# MARRIAGE LICENSE

1 — COUNTY BUILDING

NO.   9132466-A

RETURN   DATE   SEP 27 1991

DO NOT WRITE IN ABOVE SECTION

TO ANY PERSON LEGALLY AUTHORIZED TO SOLEMNIZE MARRIAGE

## GREETINGS

MARRIAGE MAY BE CELEBRATED IN THE COUNTY OF COOK, AND STATE OF ILLINOIS, BETWEEN

LUIS RICARDO GUARIN

COUNTY OF   COOK   AND STATE OF   ILLINOIS   OF   CHICAGO   IN THE COUNTY OF

AND   OF THE AGE OF 28 YEARS, AND

ANA MARIA GUEVARA

COUNTY OF   COOK   AND STATE OF   ILLINOIS   OF   CHICAGO   OF THE AGE OF 25 YEARS.

WITNESS DAVID D. ORR, COUNTY CLERK

OF THE COUNTY OF COOK, AND THE SEAL THEREOF,

AT MY OFFICE THIS 13 TH   DAY OF

SEPTEMBER   19 91

David D. Orr
COUNTY CLERK

---

STATE OF ILLINOIS } ss.
COUNTY OF COOK

I, Rev. Eugene W. Gratkowski
FIRST NAME OF PRIEST OFFICIATING

HEREBY CERTIFY THAT   Luis Ricardo Guarin
PRINT NAME OF GROOM

A   Catholic Priest
PRINT OFFICIAL TITLE

WERE UNITED IN MARRIAGE BY ME AT St. Genevieve Church, Chicago
PRINT CHURCH AND MUNICIPALITY

AND   Ana Maria Guevara
PRINT NAME OF BRIDE

STATE OF ILLINOIS, ON THE 21st DAY OF September   1991 , THE COUNTY OF COOK, AND

ADDRESS   4835 W. Altgeld, Chicago, IL 60639
PRINT OFFICIAL'S ADDRESS

Rev. Eugene W. Gratkowski
SIGNATURE AND OFFICIAL TITLE

---

PLEASE USE BLACK INK ONLY AND TYPE OR PRINT LEGIBLY, EXCEPT FOR OFFICIANT'S SIGNATURE

DUE NAMES ON THIS CERTIFICATE MUST BE IDENTICAL WITH THE TYPED NAMES IN THE ABOVE SECTION



# Marriage Certificate

According to the Rite of the Roman Catholic Church

**LUIS RICARDO GUARIN**

and

**ANA MARIA GUEVARA**

were *United in Marriage*

on the __21st__ day of __September__ 1991

with __Rev Gene Gradkowski__ Officiating

at __St. Genevieve__ Church

__Chicago, IL__ City, State

In the presence of __Maria Isabel Oandete__ Witness

__Nelson Gomez__ Witness

...and the two shall become one
Ephesians 5:31



THE UNITED STATES OF AMERICA

No. 20066389

Personal description of holder as of date of naturalization.

Date of birth: MARCH 16, 1966

Sex: FEMALE

Height: 5 feet 2 inches

Marital status: MARRIED

Country of former nationality: PERU

INS Registration No: A38 888 405

I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.

Ana Maria Guarin

IMMIGRATION AND NATURALIZATION

CHICAGO, ILLINOIS

SEPTEMBER 16, 1992

IT IS PUNISHABLE BY U. S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

DEPARTMENT OF JUSTICE

---

City of New York     Department of Health     Bureau of Vital Records

## CERTIFICATE OF BIRTH REGISTRATION

Below is an exact copy of a certificate of Birth registered for your child. It is sent without charge. If the certificate contains any errors return this copy with the correct information to the Bureau of Vital Records, 125 Worth Street, New York, N.Y. 10013. You will be advised how to have the record corrected. It is important to do this at once.

The reproduction or alteration of this transcript is prohibited by Section 3.21 of the New York City Health Code.

Notice   In issuing this transcript of the record, the Department of Health of the City of New York does not certify to the truth of the statements made thereon as no inquiry as to the facts has been provided by law.

MAYOR     COMMISSIONER OF HEALTH     CITY REGISTRAR

W. Meyers MD

---

**CERTIFICATE OF BIRTH**

DATE FILED   VITAL RECORDS DEPARTMENT OF HEALTH BOROUGH OF MANHATTAN

156-90-031663

APR 6 10 49 AM '90

Birth No.

| | | |
|---|---|---|
| 1. FULL NAME OF CHILD (Type or Print) | First Name: BRIGGETTE   Middle Name: GABBY   Last Name: GUARIN | |
| 2. SEX: Female | 3a. NUMBER OF CHILDREN born of this pregnancy: 1   3b. If more than one, number of this child in order of birth | 4a. DATE OF CHILD'S BIRTH (Month) March (Day) 06 (Year) 1990   4b. Hour 8:10 ☒ AM ☐ PM |
| 5. PLACE OF BIRTH: 5a. NEW YORK CITY BOROUGH OF: Queens | 5b. Name of Facility (if not in institution street address): St. John's Queens hospital | 5c. TYPE OF PLACE ☒ Hospital ☐ Home ☐ Birthing Center ☐ Other |
| 6a. MOTHER'S FULL MAIDEN NAME: Ana Guevara | 6b. MOTHER'S DATE OF BIRTH (Month) 03 (Day) (Year) 1966 | 6c. MOTHER'S BIRTHPLACE: Lima, Peru |
| 7. MOTHER'S USUAL RESIDENCE a. State: New York b. County: Queens | 7c. City, town, or location: Hollis   7d. Street and house number: 197-09 Jamaica Avenue 11423   Zip | Inside city limits of 7a? Yes ☒ No ☐ |
| 8a. FATHER'S FULL NAME: Luis Ricardo Guarin | 8b. FATHER'S DATE OF BIRTH (Month) 04 (Day) 12 (Year) 1963 | 8c. FATHER'S BIRTHPLACE: Bogota, Colombia |
| 9a. NAME OF ATTENDANT AT DELIVERY: Luis Guillen | 9b. I CERTIFY THAT THIS CHILD WAS BORN ALIVE AT THE PLACE, DATE AND TIME GIVEN. Signed:   Name of Signer (Type or Print)   Address: St. John's Queens Hospital   Date Signed: 3-6-19 90 | |
| Information added or amended | | |
| (Reason) | | |
| Date    City Registrar | | |

BUREAU OF VITAL RECORDS     DEPARTMENT OF HEALTH     THE CITY OF NEW YORK

Print here the mailing address of mother.
Copy of this certificate will be mailed to her when it is filed with the Department of Health.

Name: Ana Guevara
Address: 197-09 Jamaica Avenue
City: Hollis   State: N.Y.   Zip Code: 11423

BIRTH NUMBER: 112-00-5026730

NAME: LUIS RICARDO GUARIN

DATE OF BIRTH: JULY 20, 2000          SEX: MALE

PLACE OF BIRTH: CHICAGO, COOK COUNTY, ILLINOIS

MAIDEN NAME OF MOTHER: ANA MARIA GUEVARA

PLACE OF BIRTH OF MOTHER: PERU          AGE: 34

NAME OF FATHER: LUIS RICARDO GUARIN

PLACE OF BIRTH OF FATHER: COLOMBIA          AGE: 37

DATE FILED: JULY 25, 2000          DATE ISSUED: SEPTEMBER 12, 2000

## CITY OF CHICAGO
### CHICAGO DEPARTMENT OF HEALTH
#### DIVISION OF VITAL RECORDS

This is to certify that this is a true and correct extract from the official record kept by the Chicago Department of Health



ISSUED AT:
N 400 W. WASHINGTON
CHICAGO, ILLINOIS 60602

  

LAW OFFICES OF
## KENNETH Y. GEMAN & ASSOCIATES
33 NORTH LASALLE STREET · SUITE 2300
CHICAGO, ILLINOIS 60602
PHONE (312) 263-6114   FAX (312) 263-0104
WWW.GEMANIMMIGRATIONLAW.COM · INFO@GEMANIMMIGRATIONLAW.COM

KENNETH Y. GEMAN                                                    OF COUNSEL
DAVID M. COOK                                                       ROYAL F. BERG
                                                                   RONALD H. NG

January 7, 2008

Sheila McNulty, Spec. AUSA for USICE
Office of the U.S. Attorney
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604

**Re:    Luis Ricardo GUARIN-Perez, A 43 748 996**
**Petition for a Writ of Habeas Corpus to be filed on January 14, 2008**

Dear AUSA McNulty,

The above-named inidividual, Mr. Guarin-Perez has been continuously detained by USICE since November 29, 2007. Bond proceedings have been completed, yet the Government has not filed a Notice to Appear charging document with the Immigration Court. I have contacted USICE Detention and Removal Operations and the Office of the Chief Counsel in effort to commence removal proceedings or request his release in light of USDHS's inability or unwillingness to initiate removal, however, the Government continues to detain Mr. Guarin without the filing of removal charges. In the event that detention should continue without the initiation of removal proceedings, Mr. Guarin plans on filing a petition for a writ of habeas corpus with the Federal District Court on Monday, January 14, 2007. A copy of said habeas petition is attached hereto.

Should USICE continue to detain Mr. Guarin without bringing charges of removal against him, I respectfully request that the Government release him from custody in comportment with his substantive and procedural due process rights. If you have any questions, please do not hesitate to contact me. Thank you.

Sincerely,

Dave Cook

cc:    Daniel Rah, Ass't. Chief Counsel

cc:    Officer Buckstein, USICE Detention and Removal Operations

**EXHIBIT ___**



**U.S. Department of Justice**

Executive Office for Immigration Review



Board of Im...
Office of th...

5107 Leesburg ...
Falls Church, V...

Cook, David M.
33 N. LaSalle Street, Suite 2300
Chicago, IL 60602

Offic...
55 Ea...
Chica...

Name: GUARIN, LUIS RICARDO

Type of Proceeding: Removal

Type of Appeal: Bond Appeal

Date of Appeal: 12/26/2007

Appeal filed by: Alien

### NOTICE -- BRIEFING SCHEDULE

o     Enclosed is a copy of the decision of the Immigration Judge.
o     Appealing party is granted until 2/8/2008 to submit a brief to the Board of
      Immigration Appeals. The brief must be **RECEIVED** at the Board on or before this
      date.
o     Opposing party is granted until 2/8/2008 to submit a reply brief to the Board of
      Immigration Appeals . The brief must be **RECEIVED** at the Board on or before this
      date.


**WARNING:**    If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a
brief or statement, you are expected to file a brief or statement in support of your appeal. If you fail
to file the brief or statement within the time set for filing in this briefing schedule, the Board may
summarily dismiss your appeal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

     If you are an alien and you received this notice, you are not represented by an attorney or
accredited representative. An attorney or accredited representative must file a Notice of Entry of
Appearance (Form EOIR-27) to represent you. 8 C.F.R. §§ 1003.3(a)(3) and 1003.38(g). Until a
Form-27 is received, you are responsible for submitting a brief, and any submissions by anyone
other than you will be rejected.

**FILING INSTRUCTIONS -- In General.**

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice.
Please attach one copy of this notice to the front of your brief when you mail or deliver it to
the Board, and keep one for records. Thank you for your cooperation.**

     A fee is not required for the filing of a brief. Your brief must be RECE     **EXHIBIT** _lo_

Office at the Board of Immigration Appeals within the prescribed time limits. It is NOT sufficient simply to mail the brief and assume your brief will arrive on time. We strongly urge the use of an overnight courier service to ensure the timely filing of your brief.

Use of an over-night courier service is strongly encouraged to ensure timely filing.

If the alien is represented by counsel at the appeal level, a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must be filed with the Board.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

Filing Address:

To send by courier or overnight delivery service, or to deliver in person:
Board of Immigration Appeals,
Clerk's Office,
5107 Leesburg Pike, Suite 2000,
Falls Church, VA 22041

Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

To mail by regular first class mail:
Board of Immigration Appeals
Clerk's Office
P.O. Box 8530
Falls Church, VA 22041.


**FILING INSTRUCTIONS -- Extension Request.**

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time will only be granted for good cause. All extension requests must be in writing. Telephonic or fax requests will not be accepted.

Extension requests must be **RECEIVED** at the Board on or before the expiration of the initial briefing schedule. Requests for extension of briefing time received after expiration of the initial briefing period, will not be granted.

The policy of the Board is that no additional extensions will be granted.

David Cook
Kenneth Y. Geman and Associates
33 N. LaSalle Street, Suite 2300
Chicago, Illinois 60602
(312) 263-6114 phone
(312) 263-0104 fax

**\*\*\*DETAINED\*\*\***

## UNITED STATES DEPARTMENT OF HOMELAND SECURITY
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## BOARD OF IMMIGRATION APPEALS
## FALLS CHURCH, VIRGINIA

| | |
|---|---|
| In the Matter of: ] | File No. A 43 748 996 |
| ] | |
| Luis Ricardo GUARIN-Perez, ] | In Bond Proceedings |
| ] | |
| Applicant. ] | |

## RESPONDENT/APPLICANT'S BRIEF IN SUPPORT OF BOND APPEAL

In the Matter of: Luis Ricardo GUARIN-Perez, A 43 748 996

## UNITED STATES DEPARTMENT OF HOMELAND SECURITY
### EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### BOARD OF IMMIGRATION APPEALS
### FALLS CHURCH, VIRGINIA

| | |
|---|---|
| In the Matter of: ] | |
| ] | File No. A 43 748 996 |
| Luis Ricardo GUARIN-Perez, ] | |
| ] | In Bond Proceedings |
| Applicant. ] | |

## RESPONDENT/APPLICANT'S BRIEF IN SUPPORT OF BOND APPEAL

Through counsel, the Respondent-Applicant, Luis Ricardo GUARIN-Perez, hereby submits his brief in support of his appeal of the Immigration Judge's (IJ) decision to deny bond for a want of jurisdiction. *See* Immigration and Nationality Act (INA or the Act) section 236(c)(1)(B), 8 U.S.C. § 1226(c)(1)(B). Pursuant to the Board of Immigration Appeal's (BIA or the Board) briefing schedule of January 18, 2008, the Respondent's brief is timely submitted and received by the BIA on or before February 8, 2008.

### I.    Procedural and Factual History.

On information and belief, Mr. Guarin-Perez was taken into custody by agents of the Department of Homeland Security, U.S. Immigration and Customs Enforcement (USICE) on November 29, 2007. Pursuant to the regulatory mandate of 8 C.F.R. § 287.3(d), Mr. Guarin was served a copy of the I-862 Notice to Appear (NTA) on the same day which set forth the statutory charge of

1

In the Matter of: Luis Ricardo GUARIN-Perez, A 43 748 996

removability against him. Additionally, Mr. Guarin was timely served notice of his detention without bond via the government's I-286 Notice of Custody Determination. Following the retention of counsel, Mr. Guarin moved the Immigration Court to calendar a bond redetermination hearing before the IJ despite the fact that the NTA had yet to be filed with the Court. *See* 8 C.F.R. § 1003.14 (no charging document is required to be filed with the Immigration Court for the IJ to commence bond proceedings).

A bond hearing was conducted on December 21, 2007 in which the IJ concluded that Mr. Guarin was "properly included" within the purview of the mandatory detention statute of INA § 236(c) and therefore, the IJ was without jurisdiction to redetermine bond. In so holding, the IJ expressed frustration with USICE in its failure to file the NTA with the Immigration Court some three weeks after the date in which the Respondent was originally taken into custody. Mr. Guarin timely appealed the decision to the Board.

## II. Request for Review by a Three-Member Panel of the BIA and Standard of Review.

The Respondent respectfully submits that the issues presented in his appeal are fairly *sui generis* and therefore warrant review by a three-member panel of the Board if not *en banc* review. 8 C.F.R. § 1003.1(e)(6). Namely, in reaching the merits of the bond appeal, the Board must address the question of whether an Illinois conviction for aggravated battery against a law enforcement officer at 720 ILCS 5/12-4(B)(6) constitutes a crime involving moral turpitude.

2

In the Matter of: Luis Ricardo GUARIN-Perez, A 43 748 996

The BIA must also address the question of whether the date of the original

nonimmigrant admission or the subsequent date of adjustment of status to

lawful permanent residence shall constitute the date of "admission" for purposes

of section 237(a)(2)(A)(i) and (ii) removability. Inasmuch as these issue remains

murky and unsettled in the collective BIA and Circuit Court case law, three-

member or *en banc* review may be appropriate to provide further guidance.

Finally, three-member or *en banc* review may be necessary for the Board to

throughly and properly opine on Mr. Guarin's constitutional and statutory

construction argument – specifically that his three-week detention without

concurrent removal proceedings pending against him amount to a violation of

his substantive and procedural right to due process that require an

individualized bond hearing to demonstrate (1) that he is not a flight risk, and (2)

that he is not a danger to the community. As the Supreme Court in *Zadvydas v.

Davis*, 533 U.S. 678 (2001) construed the post-removal order detention statute at

INA § 241 to include an implicit time limit or timeframe, the Respondent

contends that the same reasoning and holding should apply to his prolonged and

protracted pre-removal proceeding detention under INA § 236(c) to account for a

possible indefinite civil detention that is unattached to a removal objective. The

issues presented in Mr. Guarin's bond appeal are largely legal and thus a *de novo*

review of the BIA is applied.  8 C.F.R. § 1003.1(d)(3).

3

III.    **The IJ Erred in Finding that Mr. Guarin was "Properly Included" within the Mandatory Detention Statute.**

Under the BIA's dispositive and controlling decision in *Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999), a lawful permanent resident will not be considered "properly included" in a mandatory detention category when an IJ or the BIA finds, on the basis of the bond record as a whole, that it is substantially unlikely that USICE will prevail on a charge of removability specified in section 236(c)(1) of the Act. In the case at bar, the IJ erroneously concluded that the factual allegations contained in the NTA substantiate the two charges of removability at INA §§ 237(a)(2)(A)(ii) (a noncitizen who at any time after admission has been convicted of two crimes involving moral turpitude not arising out of a single scheme of misconduct), and 237(a)(2)(A)(i) (a noncitizen who within five years after admission has been convicted of a crime involving moral turpitude for which a sentence of one year or longer may be imposed).

A.    **The Respondent Was Never Admitted into the United States in any Nonimmigrant Category; the Respondent's Original Admission was Pursuant to an Immigrant Visa on or about June 19, 1993.**

Complicating this matter before the BIA, counsel for the Respondent recently learned that factual allegation nos. 3 and 4 are unsustainable. Generally, they allege that Mr. Guarin was "admitted to the United States at Miami, Florida on or about January 1, 1987 as a B2 visitor" (allegation no. 3), and that he "adjusted to that of lawful permanent resident on 06/19/1993 under section 245

4

of the Act" (allegation no. 4). On information and belief, Mr. Guarin was never admitted in any nonimmigrant category. Rather, he originally entered the United States without inspection in 1985. Subsequently, the Respondent returned to Colombia, his home country, for consular processing for an immigrant visa. On June 19, 1993, he was lawfully admitted in the United States as a permanent resident; and thus the factual predicate in which Respondent and government counsel and the IJ relied upon in bond proceedings appears to be in error.

However, as the BIA reviews the record as established at the completion of proceedings, counsel proceeds assuming *arguendo* that the factual allegations at nos. 3 and 4 are conclusive for purposes of bond appeal.

B.    *Matter of Rosas* Require the IJ to Fix the Date of "Admission" for Purposes of INA § 237(a)(2)(A)(ii) Removability as the Date of the Adjustment of Status to Lawful Permanent Residence.

The first of two charges contained in the NTA charges Mr. Guarin with removability under section 237(a)(2)(A)(ii) of the Immigration and Nationality Act. That statutory subsection provides as follows:

**Multiple Criminal Convictions**

Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.

5

In the Matter of: Luis Ricardo GUARIN-Perez, A 43 748 996

The IJ's Bond Memorandum fails to specify his reasoning with respect to the individual and separate charge of removability, nontheless it states generally, "nothing prevents the government from establishing that the respondent was convicted of two crimes involving moral turpitude following his earlier admission as a nonimmigrant in 1987." Bond Memorandum at 3. Although the IJ's legal determination in this respect is unreasoned, opaque and conclusory, it is clear that he held that any and all criminal convictions after the date of Mr. Guarin's January 1, 1987 nonimmigrant admission would fall within the purview of the aforecited 237(a)(2)(A)(ii) charge of removability. In so holding, the IJ wholly disregards the Board's holding in *Matter of Rosas*, 22 I&N Dec. 616 (BIA 1999) which, respectfully, requires the Immigration Judge to fix the date of "admission" for purposes of sections 237(a)(2)(A)(ii) removability at June 19, 1993, *i.e.* the date that Mr. Guarin was admitted for lawful permanent residence. In keeping with the *Rosas* holding, the original date of the nonimmigrant admission on January 1, 1987 is inoperative for purposes of the date of "admission" requirement for this statutory charge, and correspondingly, Mr. Guarin's March 16, 1992 conviction for theft under 720 ILCS 5/16-1(a)(1) is precluded from the section 237(a)(2)(A)(ii) statute to the extent that it pre-dates his adjustment of status.

The IJ further opines that the "respondent has not presented any evidence that [the 1992 theft conviction under ILCS 5/16-1(a)(1)] was disclosed or even considered when his status was adjusted to that of a lawful permanent resident

In the Matter of: Luis Ricardo GUARIN-Perez, A 43 748 996

in 1993." Bond Memorandum at 3. However, the IJ's suspicions that the Respondent's permanent residence was procured by fraud cannot be cited to or relied upon in his legal conclusion as Mr. Guarin's alien resident status is specifically enumerated at allegation no. 4 of the NTA and therefore, it is the *government's* burden of demonstrating any malfeasance in the procurement of permanent residence, provided that that has been alleged.

In further support of the Respondent's legal contentions, it is well to note that the Board had followed and affirmed its *Rosas* holding recently in *Matter of Shanu,* 23 I&N Dec. 754 (BIA 2005) which concluded, *inter alia,* that a resident alien who was convicted of a crime involving moral turpitude within five years of being granted lawful permanent residence, but more than five years after his initial and original nonimmigrant admission was properly charged with being removable under INA § 237(a)(2)(A)(i)(I).

In conclusion, the 1993 date in which the Respondent was admitted for permanent resident status operates as the date of the "admission" for purposes of section 237(a)(2)(A)(ii) removability – that is, a noncitizen who at any time after admission has been convicted of two crimes involving moral turpitude not arising out of a single scheme of misconduct. The NTA contains only two other factual allegations based upon criminal convictions post-adjustment of status and they are Burglary under 720 ILCS 5.0/19-1-A in 2005 and Aggravated Battery Against a Peace Officer under 720 ILCS 5/12-4(b)(6) in 1997. For reasons stated in section D below, the Aggravated Battery Against a Peace Officer

7

In the Matter of: Luis Ricardo GUARIN-Perez, A 43 748 996

conviction does not constitute a crime involving moral turpitude and therefore,

Mr. Guarin is not removable under this statutory provision as it requires **two**

crimes involving moral turpitude following the date of the adjustment of status.[1]

> **C.** *Abelqadar v. Gonzales* **Requires the IJ to Fix the Date of**
> **"Admission" for Purposes of Section 237(a)(2)(A)(i) as the**
> **Date of the 1987 Nonimmigrant Admission.**

The second charge of removability at INA § 237(a)(2)(A)(i) as listed in the

NTA provides as follows:

**Crimes Involving Moral Turpitude**

Any alien who –

| | |
|---|---|
| (I) | is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien provided lawful permanent resident status under section 245(j) of this title) after the date of admission, and |
| (II) | is convicted of a crime fore which a sentence of one year or longer may be imposed, |

is deportable.

As correctly pointed out by the IJ during the Respondent's bond hearing,

the U.S. Court of Appeals for the Seventh Circuit squarely addressed this

particular statutory provision in *Abdelqadar v. Gonzales*, 413 F.3d 668 (7th Cir.

2005), finding that the original nonimmigrant admission operates as the date of

"admission" rather than the subsequent date of the petitioner's adjustment of

status to permanent residence for purposes of section 237(a)(2)(A)(i)

---

[1] Nothing within the Respondent's administrative appeal shall constitute a pleading to the NTA or an admission that any of the criminal convictions contained within the government's charging document constitutes a "conviction" for purposes of the statutory definition at section 101(a)(48)(A) of the Act.

In the Matter of: Luis Ricardo GUARIN-Perez, A 43 748 996

removability. Yet in spite of this observation, the IJ's order and memorandum fail to accede to *Abdelqadar* as controlling and dispositive inasmuch as the bond proceedings were conducted within the regional jurisdiction of the Seventh Circuit. Rather, the IJ's memorandum adopts the *Matter of Shanu* approach in finding that Mr. Guarin's aggravated battery of a peace officer falls within the five-year temporal reach of INA § 237(a)(2)(A)(i) when the five-year clock is deemed to have commenced at the date of the adjustment of status. *See* page 5, footnote 2 of the Bond Memorandum.

In this regard, the IJ's finding is in complete error as this issue is squarely governed by the Seventh Circuit's *Abdelqadar* decision. In *Abdelqadar*, the Court of Appeals addressed this *exact* charge of removability, *i.e.* section 237(a)(2)(A)(i) of the Act, in application to a fact pattern that is substantially similar if not *nearly identical* to the one at bar in which the alien respondent was admitted in a nonimmigrant status prior to adjusting to permanent residence. *Abdelqadar* cannot be distinguished from Mr. Guarin's case in any meaningful way and therefore, the IJ's failure to faithfully apply *Abdelqadar* is reversible error.

Respectfully, Mr. Guarin's January 1, 1987 date of nonimmigrant admission starts the five-year clock of the section 237(a)(2)(A)(i) removability ground and therefore, Mr. Guarin's 1997 conviction for aggravated battery of a peace officer cannot be relied upon to substantiate this charge of removability as it remains outside the five-year temporal reach of the statute. As the BIA's *Matter of Shanu* holding arguably conflicts with *Abdelqadar v. Gonzales, Shanu*

9

must give way to *Abdelqadar* within the regional jurisdiction of the Seventh

Circuit in keeping with its policy of judicial or Circuit Court deference as

announced in *Matter of Salazar*, 23 I&N Dec. 223 (BIA 2002) (Inasmuch as *Matter*

*of Roldan*, 22 I&N Dec. 512 (BIA 1999) had been directly overturned by the Ninth

Circuit U.S. Court of Appeals in *Lujan-Armendariz v. INS*, 222 F.3d 728 (9th Cir.

2000), *Roldan* shall remain in effect and controlling in all Circuit Court

jurisdictions outside the Federal Ninth Circuit); *see also Matter of Silva*, 16 I&N

Dec. 26 (BIA 1976).

Had the IJ faithfully followed and applied *Abdelqadar* to Mr. Guarin's to

the section 237(a)(2)(A)(i) statutory charge, then none of the three criminal

convictions alleged within the NTA would fall within the five years immediately

following the Respondent's 1987 nonimmigrant admission and thus, Mr. Guarin

would not be deportable under this ground.

### D. Aggravated Battery of a Law Enforcement Officer under ILCS ILCS 5/12-4(B)(6) is not a Crime Involving Moral Turpitude.

Just recently, on February 5, 2008, the U.S. Court of Appeal for the

Seventh Circuit issued its slip opinion in *Garcia-Meza v. Mukasey*, No. 07-2215 (7th

Cir. 2008) which required the Court to determine whether or not an Aggravated

Battery of a Peace Officer at 720 ILCS 5/12-4(b)(6) is a crime involving moral

turpitude under the INA. While the Court's decision resulted in a remand for

the BIA to thoroughly develop and opine on this issue of first impression, the

*Garcia-Meza* panel expressed generally that a faithful application of Board

10

precedence should yield a finding that an Illinois Aggravated Battery Against a

Peace Officer offense is not a crime involving moral turpitude:

> "The question then becomes whether knowledge that the victim is a police
> officer, without any requirement of harm or violence, renders battery of a
> peace officer turpitudinous...The Board has not decided this precise
> question, but its subsequent reading of *Danesh* [19 I&N Dec. 669 (BIA
> 1988)] suggests that battery of a police officer without causing harm is not
> a crime involving moral turpitude. [*In re Sanudo*, 23 I&N Dec. 968 (BIA
> 2006)]." Page 4.

The Respondent's arguments before the IJ and on appeal mirror that of the

petitioner in *Garcia-Meza*, namely that the Illinois Aggravated Battery of a Peace

Officer statute at 720 ILCS 5/12-4(b)(6) is divisible as it criminalizes bodily harm

and a *de minimis* offensive or insulting touching against a law enforcement

officer. In response, the IJ's Bond Memorandum states, "The conviction and

complaint in the record of proceedings reflect that the respondent was convicted

on a plea of guilty under the [bodily harm] section of Illinois law." The errors of

the IJ in this regard are breathtaking as nothing within the record demonstrates a

conviction for bodily harm against a peace officer. Rather, the certified

disposition appended to Mr. Guarin's Memorandum in Support of Bond

Eligibility establishes the contrary – that he was convicted on a guilty plea of

Count I, *and Count I only, i.e.* Aggravated Battery of a Peace Officer.

Additionally, the Illinois provision at 720 ILCS 5/12-4(b)(6) is divisible in

that it wholly fails to set forth a *mens rea* or mental culpability requirement with

respect to the battery itself. The only *mens rea* requirement enumerated in the

statute is a "knowing" requirement that the person battered is a law enforcement

11

officer.  As a non-willful or unintentional battery against a peace officer is not,

inherently, a crime involving moral turpitude – yet this conduct could

theoretically fall within the contours of the statute – the Aggravated Battery of a

Peace Officer is divisible and thus cannot be used to support any ground of

removability.  This is exemplified in a hypothetical in which the actor

inadvertently or negligently bumps into a police officer, knowing him to be a law

enforcement officer in the exercise of his official duties.  As this form of non-

turpitude conduct can be criminalized by the statute, it is demonstrably over

broad and divisible.

IV.    **The Respondent Must be Afforded an Opportunity to Demonstrate
       that (1) He is Not a Flight Risk, and (2) He is Not a Danger to the
       Community as His Prolonged Detention Without Pending Removal
       Proceedings Violates His Constitutional and Statutory Rights.**

Finally, as alluded to in Part II above, Mr. Guarin was taken into USICE

custody on November 29, 2007.  On the same day, he was served with the NTA

and the Notice of Custody Determination.  *See* Forms I-862 and I-286

respectively.  Despite the fact that the government timely and properly served

him with all requisite documents in satisfaction of the regulatory mandate of 8

C.F.R. § 287.3(d), Mr. Guarin languished in civil detention for nearly one month

prior to the *filing* of the NTA in Immigration Court.  The federal regulation at 8

C.F.R. § 1003.14 provides that removal proceedings under section 240 of the Act

commence upon the filing of the charges with the Immigration Court of proper

venue which, in turn, vests jurisdiction with the Immigration Judge.  On appeal,

In the Matter of: Luis Ricardo GUARIN-Perez, A 43 748 996

Mr. Guarin contends that USICE's near one-month delay in initiating removal

proceedings against him while retaining custody under the color of INA § 236(c)

amounts to an affirmative misconduct and a violation of his substantive and

procedural due process rights under the Fifth Amendment. Furthermore, the

affirmative misconduct of the government requires a bond redetermination

hearing to ameliorate a prolonged and protracted detention that is

unaccompanied by concurrent removal proceedings under the common law

principles of equitable estoppel. *INS v. Hibi*, 414 U.S. (1973); *see also, e.g., Fano v.*

*O'Neill*, 806 F.2d 1262 (5th Cir. 1987) (Reversed summary judgement for the

government where alien alleged "willful, wanton and reckless" conduct by INS

in delaying application.)

In presenting this argument before the Board, the Respondent concedes

that he is unable to find within the pertinent statutory provisions or regulations

codified requirement that proscribes a time period or time frame for the

commencement of removal proceedings against a continuously detained alien.

Inasmuch as this issue has not been addressed by either Congress or *sua sponte*

by the Federal Government, Mr. Guarin contends that section 236 of the INA

must be read with an implicit time limit that requires a bond redetermination

hearing in the event that civil detention should prolong unaccompanied by

concurrent removal proceedings. This statutory construction argument is well-

supported in the law, specifically by the Supreme Court in *Zadvydas v. Davis*, 533

U.S. 678 (2001).

13

In the Matter of: Luis Ricardo GUARIN-Perez, A 43 748 996

In deciding not to reach the petitioner's constitutional challenge to his indefinite civil detention, the *Zadvydas* Court held that section 241 of the INA must be read with a time limit in application of the longstanding canon of constitutional avoidance in statutory construction. Mr. Guarin, respectfully, requests the BIA to apply the very same reasoning to the mandatory detention statute at 236(c) of the INA in holding that he is entitled to a bond redetermination hearing to demonstrate (1) that he is not a flight risk, and (2) that he is not a danger to the community, when the government is unwilling or unable to commence removal proceedings against him within a reasonable time from the date of custody and detention. *See also Demore v. Kim*, 538 U.S. 510 (2003) (J. Kennedy, J., concurring) (unreasonable delay and detention that does not facilitate deportation may be arbitrary and unlawful).

## V.     Conclusion

For the reasons provided herein, Mr. Guarin demonstrates that USICE is "substantially unlikely" to prevail on the charges of removability contained in the NTA. *See Matter of Joseph, supra.* And therefore, the IJ's legal finding that he is without jurisdiction to redetermine bond was erroneous and requires reversal and remand for a corrected order. Furthermore, common law principles of equitable estoppel require the executive branch agencies to provide the Respondent with a bond hearing to determine whether or not he is (1) a flight risk, and (2) a danger to the community in light of the fact that he had been detained continously unattached to a removal objective.

14

In the Matter of: Luis Ricardo GUARIN-Perez, A 43 748 996

Respectfully submitted,

Date:  February 6, 2008

David Cook
Attorney for the Respondent/Applicant

## Certificate of Service

I, David Cook, hereby certify that the foregoing was served by me upon the following party by U.S. regular mail delivery.

Assistant Chief Counsel Christine Young
USICE Office of the Chief Counsel
55 East Monroe Street, Suite 1700
Chicago, Illinois 60603

Date:  February 6, 2008

David Cook
Attorney for the Respondent

15

Karen E. Lundgren
Chief Counsel
Christine Young
Assistant Chief Counsel
55 E. Monroe St., Suite 1700
Chicago, IL 60603


# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## CHICAGO, ILLINOIS


|  |  |
|---|---|
| **IN THE MATTER OF:** ) | |
| ) | |
| ) | |
| **Luis Ricardo GUARIN** ) | **File No. A43-748-996** |
| ) | |
| **In Custody Proceedings** ) | |


## GOVERNMENT'S REPLY BRIEF


**EXHIBIT**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
CHICAGO, ILLINOIS

January 30, 2008

File No. A43-748-996

IN THE MATTER OF:                )
                                 )
Luis Ricardo GUARIN,             )          IN CUSTODY PROCEEDINGS
                                 )
        Respondent               )
                                 )
CHICAGO, ILLINOIS                )
                                 )

CHARGES:  Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended:
          Any time after admission, convicted of two crime involving moral turpitude
          not arising out of a single scheme of misconduct.

          Section 237(a)(2)(A)(i) of the Immigration and Nationality Act, as amended:
          Alien convicted of a crime involving moral turpitude within five years after
          admission for which a sentence of one year or longer may be imposed.

APPLICATION:    Custody Redetermination.

ON BEHALF OF THE RESPONDENT:          ON BEHALF OF THE GOVERNMENT:
David M. Cook, Esq.                   Christine Young
33 North LaSalle Street, Suite 2300   Assistant Chief Counsel
Chicago, IL 60602                     55 E. Monroe St., Suite 1700
                                      Chicago, IL 60603

GOVERNMENT'S BRIEF IN OPPOSITION TO RESPONDENT'S BOND APPEAL

STATEMENT OF THE CASE

The respondent has filed an appeal of the Immigration Judge's order denying the request

for a change in custody status. The Government opposes the respondent's appeal herein.

2

## STATEMENT OF THE FACTS

On January 14, 2008, the Immigration Judge issued a bond memorandum as a result of the respondent's custody proceedings. [IJ. 1] After reviewing all of the evidence of record, the Immigration Judge found that respondent was subject to mandatory custody under Section 236 (c) of the Immigration and Nationality Act, as amended. [IJ. 6] Therefore, the Immigration Judge denied the respondent's request for a change in custody status. [Id.]

## ARGUMENT

The Immigration Judge, in his decision, considered all relevant evidence presented to the Court, and properly concluded that the respondent was subject to mandatory custody. In reaching his decision, the Immigration Judge evaluated the favorable and negative factors in the record, and specifically addressed the weaknesses and inadequacies of the case. Based on the evidence presented, the Immigration Judge properly concluded that the respondent did not qualify for bond.

## CONCLUSION

For the reasons stated, the Government requests that the Immigration Judge's order be affirmed and that the appeal be dismissed.

Respectfully submitted,

Karen Lundgren
Chief Counsel

By:    Christine Young
Assistant Chief Counsel
55 E. Monroe St., Suite 1700
Chicago, IL 60603
(312) 984-2400

## CERTIFICATE OF SERVICE

Case Control Name:  Guarin, Luis Ricardo

File No.: A43-748-996

I hereby certify and declare under penalty of perjury that on January 30, 2008, I caused to be served the attached documents:

☒  by placing a true copy thereof in a sealed envelope, with postage thereon to be fully prepaid by normal government process and causing the same to be mailed by first class mail to the person at the address set forth below;

☐  by causing to be personally delivered a true copy thereof to the person at the address set forth below;

☐  by electronic filing, in accordance with applicable regulations, to the person at the address set forth below;

☐  by FEDERAL EXPRESS to the person at the address set forth below;

☐  by telefaxing with acknowledgment of receipt to the person at the address set forth below:

David M. Cook, Esq.
33 North LaSalle Street, Suite 2300
Chicago, IL 60602

Christine Young
Assistant Chief Counsel
Department of Homeland Security
Office of the Chief Counsel
55 East Monroe Street, Suite 1700
Chicago, Illinois  60603

4



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

_____

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Cook, David M.
33 N. LaSalle Street, Suite 2300
Chicago, IL  60602

Office of the District Counsel-DHS/CHI
55 East Monroe Street, Suite 1700
Chicago, IL  60603

Name: GUARIN, LUIS RICARDO

A43-748-996

Date of this notice: 3/7/2008

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
Guendelsberger, John

EXHIBIT 2

*franc*

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  A43 748 996 - Chicago, IL

Date:  **MAR – 7 2008**

In re: LUIS RICARDO GUARIN a.k.a. Jorge Rivera a.k.a. Felipe Abril a.k.a. Pedro V Medina
a.k.a. Jorgoe Popeye-Rivera a.k.a. Carlos Guevara a.k.a. John Gomez a.k.a. Luis Clemente
a.k.a. Ramon Garcia a.k.a. Ricardo Colon a.k.a. Juarin Perez

IN BOND PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    David M. Cook, Esquire

ON BEHALF OF DHS:        Christine Young
                Assistant Chief Counsel

APPLICATION:  Change in custody status

ORDER:

PER CURIAM. The respondent appeals from the Immigration Judge's December 21, 2007, custody order denying the respondent's request for a change in custody status. The reasons for the Immigration Judge's custody order are set forth in a bond memorandum prepared by the Immigration Judge on January 14, 2008. The Immigration Judge determined that he was without authority to redetermine the conditions of the respondent's custody under 8 C.F.R. § 1003.19(h)(2)(i)(D) because the respondent failed to establish that he is not properly included as an alien in removal proceedings subject to detention under section 236(c)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c)(1). The respondent contends that he is not subject to detention under section 236(c)(1) of the Act.

As an initial matter, the respondent's arguments on appeal are predicated, in part, upon the assertion that, pursuant to the decision of the United States Court of Appeals for the Seventh Circuit in *Abdelqadar v. Gonzales*, 413 F.3d 668 (7th Cir. 2005), his original date of admission as a nonimmigrant operates as the date of his admission rather than the subsequent date of his adjustment of status for purposes of determining removability under section 237(a)(2)(A)(i) of the Act, 8 U.S.C. § 1227(a)(2)(A)(i). However, the respondent also asserts, through counsel, that his factual admissions at the custody hearing before the Immigration Judge were in error and his status was not actually adjusted in the United States pursuant to section 245 of the Act, 8 U.S.C. § 1255, on June 19, 1993, but, rather, he was admitted from abroad as an immigrant on June 19, 1993. The respondent's factual contention on appeal, if true, materially impacts upon the applicability of the Seventh Circuit's decision in *Abdelqadar v. Gonzales, supra*, to the actual facts presented by this case. Ordinarily, this Board would find it appropriate to remand the bond record to the Immigration Judge for clarification regarding the nature of the respondent's June 19, 1993, admission to the United States as an immigrant, but we find a remand unnecessary in this instance where the

A43 748 996

respondent has otherwise failed to establish that he is not properly included under 8 C.F.R. § 1003.19(h)(2)(i)(D).

An alien who is removable under section 237(a)(2)(A)(ii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(ii), is subject to detention under section 236(c)(1)(B) of the Act. The bond record establishes that the respondent is charged with removability under section 237(a)(2)(A)(ii) of the Act. Moreover, there is no dispute that the respondent was convicted on September 20, 2005, for the offense of burglary, on June 26, 1997, for the offense of aggravated battery on a peace officer, and on March 16, 1992, for the offense of theft. Furthermore, the respondent does not meaningfully argue on appeal that his conviction for the offense of burglary does not constitute a conviction for a crime involving moral turpitude. Thus, the primary issue presented is whether the respondent's conviction for aggravated battery on a peace officer constitutes a conviction for a crime involving moral turpitude. In the event that the respondent's conviction for aggravated battery on a peace officer is a crime involving moral turpitude, then the respondent will have suffered two or more convictions for crimes involving moral turpitude following his admission into the United States, regardless of whether his date of admission is fixed on January 1, 1987, or June 19, 1993.[1]

Concerning the question of whether his conviction for aggravated battery on a peace officer constitutes a conviction for a crime involving moral turpitude, the respondent argues that, under the modified categorical approach applicable to such determinations, his conviction may not be a crime involving moral turpitude and, thus, he is not subject to detention under section 236(c)(1) of the Act. In this regard, the regulation at 8 C.F.R. § 1003.19(h)(2)(ii) provides that an alien may seek to establish that he is not properly included under 8 C.F.R. § 1003.19(h)(2)(i)(D). This Board has held that the inquiry under 8 C.F.R. § 1003.19(h)(2)(i)(D) places the burden of proof on the alien to establish that the Department of Homeland Security, Immigration and Customs Enforcement ("DHS"), is substantially unlikely to prevail on the charge or charges of removability implicating detention under section 236(c)(1) of the Act. *See Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999). Thus, unlike the burden in the removal proceeding where the DHS must establish that the respondent's offense is a crime involving moral turpitude under the modified categorical approach, the respondent has the burden in the custody proceedings to establish that the DHS is substantially unlikely to prevail in the removal proceedings in establishing that his offense is a crime involving moral turpitude under the modified categorical approach.

In this matter, the respondent's argument that he may not have been convicted of a crime involving moral turpitude under the statute is insufficient to establish that the DHS is substantially unlikely to prevail in the removal proceedings in establishing that he has been convicted of a crime

---

[1] The respondent's argument on appeal that his admission on January 1, 1987, as a nonimmigrant is the applicable admission in this matter pursuant to the Seventh Circuit's decision in *Abdelqadar v. Gonzales, supra*, also implicates his conviction for theft as a factual predicate for removability under section 237(a)(2)(A)(ii) of the Act. Contrary to the respondent's contention in his brief on appeal, the respondent's theft conviction can be a partial basis for removability under section 237(a)(2)(A)(ii) of the Act despite his subsequent adjustment of status. *See Matter of Balderas*, 19 I&N Dec. 389 (BIA 1991). Theft offenses have also generally been found to be crimes involving moral turpitude. *See Matter of Esfandiary*, 16 I&N Dec. 659, 661 (BIA 1979).

A43 748 996

involving moral turpitude under the modified categorical approach. Analysis under the modified categorical approach requires an inquiry into the specific nature of the respondent's offense based upon the respondent's conviction record in order to determine whether he was convicted of a crime involving moral turpitude under a divisible statute. It is not enough for the respondent to sustain his burden of proof at his custody hearing that a possibility exists that the DHS will be unable to sustain their burden of proof at the removal hearing, he must establish that the DHS is substantially unlikely to prevail on the charge of removability under section 237(a)(2)(A)(ii) of the Act. Moreover, as this is a custody proceeding, neither the Immigration Judge nor this Board may assume that the evidence presented at the custody hearing is the only evidence that the DHS will be able to present at the removal hearing in seeking to prevail on the charge of removability. *See Matter of Joseph, supra* at 806-07.

Aggravated battery on a peace officer under the applicable Illinois statutes requires that a person intentionally or knowingly without legal justification and by any means cause bodily harm to an individual or make physical contact of an insulting or provoking nature with an individual knowing the individual so harmed is a community policing volunteer while such volunteer is engaged in the execution of any official duties, or to prevent the volunteer from performing official duties, or in retaliation for the volunteer performing official duties, and the battery is committed other than by the discharge of a firearm. *See* 720 ILCS §§ 5/12-3(a) and 5/12-4(b)(6).[2] This Board agrees with the Immigration Judge that intentionally causing bodily harm to an individual, knowing the individual harmed to be a community policing volunteer, while such volunteer is engaged in the execution of any official duties, or to prevent the volunteer from performing official duties, or in retaliation for the volunteer performing official duties constitutes a crime involving moral turpitude. *See Matter of Danesh*, 19 I&N Dec. 669, 673 (BIA 1988). Thus, the respondent's conviction for a crime involving moral turpitude based upon his conviction for the aggravated battery of a peace officer is not a legal impossibility and the DHS is not substantially unlikely to prevail on the basis that the statute under which the respondent was convicted categorically criminalizes actions that do not involve moral turpitude.

Furthermore, there is no evidence in the record that the DHS will be unable to present evidence, or that no evidence exists, establishing that the respondent's conviction was based upon intentionally causing bodily harm to a community policing volunteer knowing the victim to be a community policing volunteer. In this regard, the record is devoid of any evidence that the respondent was convicted merely for making physical contact of an insulting or provoking nature. It is not enough for the respondent to satisfy his burden of establishing that the DHS is substantially unlikely to prevail that facts theoretically exist which could result in his conviction under the statute for non-turpitudinous actions. Where, as here, the bond record indicates that the DHS may prevail

---

[2] Respondent's counsel misleadingly argues that aggravated battery under 720 ILCS § 5/12-4 does not contain a *mens rea* requirement for the battery by ignoring the statutory language at 720 ILCS § 5/12/4(b) requiring the commission of a battery, the commission of which requires the *mens rea* of intentionally or knowingly committing the battery as set forth at 720 ILCS § 5/12-3(a). Counsel's assertion that inadvertent, random, or negligent collisions with peace officers could result in a conviction for aggravated battery of a peace officer under Illinois law are, therefore, without a legal basis.

A43 748 996

dependent upon the evidence in the respondent's record of conviction presented to the Immigration Judge at the removal hearing, and the bond record does not contain any evidence that the DHS will be substantially unlikely to prevail once all available evidence is presented at the removal hearing, the legal argument advanced by the respondent is insufficient, by itself, to meet his burden of proof in these custody proceedings.

The theoretical possibility that the respondent may have been convicted under the applicable statute for non-turpitudinous conduct must be supported by either evidence in the record of conviction that the respondent was actually convicted under the non-turpitudinous statutory elements or evidence that the record of conviction does not establish that the respondent was convicted under the turpitudinous statutory elements. The respondent has not presented any such evidence in this matter. Therefore, this Board does not conclude that the respondent has met his burden of proving that the DHS is substantially unlikely to establish that the respondent's aggravated battery of a peace officer is a crime involving moral turpitude.

This Board is unpersuaded by the respondent's legal argument that the DHS is substantially unlikely to prevail in establishing his conviction for aggravated battery of a peace officer as a crime involving moral turpitude merely because the statue under which the respondent was convicted is divisible and the modified categorical approach must be applied. A determination of whether a crime is one involving moral turpitude under the modified categorical approach is dependent upon the presentation of certain evidence. As such, an analysis of whether the respondent's conviction for aggravated battery of a peace officer is a crime involving moral turpitude requires a factual inquiry that will be conducted during the respondent's removal proceedings and is not solely a question of law. Inasmuch as there is no precedent caselaw directly on point that precludes the DHS from prevailing on the issue of the turpitudinous nature of the respondent's aggravated battery of a peace officer, as the determination in the removal proceedings will turn upon the specific evidence from the respondent's conviction record that is presented during the removal proceeding, and as there has been no showing in the custody proceeding that evidence does not exist which would support the charge of removability under section 237(a)(2)(A)(ii) of the Act in the removal proceedings, the respondent has not established that the DHS is substantially unlikely to prevail on the charge under section 237(a)(2)(A)(ii) of the Act.

The record also does not establish that the DHS will be substantially unlikely to establish the respondent's conviction for burglary as a crime involving moral turpitude. Thus, the respondent has not established that the DHS is substantially unlikely to prevail on the charge of removability under section 237(a)(2)(A)(ii) of the Act based upon his convictions for burglary and aggravated battery of a peace officer after his admission into the United States. As such, the respondent has failed to establish that he is not properly included under 8 C.F.R. § 1003.19(h)(2)(i)(D) and this Board agrees with the Immigration Judge that the Immigration Judge lacks authority under the regulations to redetermine the conditions of the respondent's custody. Accordingly, the respondent's bond appeal is dismissed.

FOR THE BOARD

4