**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Luis Ricardo GUARIN-Perez<br><br>Petitioner,<br><br>vs.<br><br>Daniel J. SEDLOCK, Jr.,<br>Jail Administrator,<br>McHenry County Jail, *et al.*,<br><br>Respondents. | No. 08C 2286<br><br>Imm. Case No. A 437 48 996<br><br>Judge Kennelly |

**PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER**
**& PRELIMINARY INJUNCTION & MOTION FOR HEARING**

Petitioner Luis Ricardo GUARIN-Perez, through the undersigned counsel,

hereby moves this Honorable Court to temporarily enjoin the respondents from

continuing to detain him under the color of authority of section 236(c) of the

Immigration and Nationality Act (hereinafter "the Act" or the "INA"), 8 U.S.C. §

1226(c), while his *Petition for a Writ of Habeas Corpus and Complaint for*

*Declaratory and Injunctive Relief* remains pending before this Court.  This

motion is submitted pursuant to the Federal Rules of Civil Procedure 65(a) and

(b).

I.      **Standard of Review**

Provided that the standards pertaining to a grant of injunctive relief are

substantially uniform without regard to whether the sought remedy is a stay of

removal of a deportation order or a temporary restraining order (TRO) against

continued immigration detention, the case law of this judicial circuit requires that

1

the movant demonstrate (1) some likelihood of success on the merits; (2) that irreparable harm will occur if injunctive relief is not granted; (3) that the potential harm to the movant outweighs the harm to the opposing party, if injunctive relief is granted; and (4) that a stay would serve the public interest. *Sofinet v. INS*, 188 F.3d 703, 706-707 (7th Cir. 1999).

## II.    Irreparable Harm Will Occur If the TRO or Preliminary Injunction Is Not Granted

The petitioner Luis Ricardo Guarin-Perez hereby requests this Court to remedy a continuous physical detention by the U.S. Department of Homeland Security, Immigration and Customs Enforcement (hereinafter "USICE") that is constitutionally infirm and impermissible.  While the U.S. Supreme Court in *Demore v. Kim,*123 S. Ct. 1708 (2003), upheld the constitutionality of the statutory scheme of a mandatory immigration detention against resident criminal aliens, *see generally* INA § 236(c), the Court in later decisions expressed clear misgivings with regard to prolonged and continuous immigration detention unaccompanied by a removal objective.  Namely, in the companion cases of *Zadvydas v. Davis*, 533 U.S. 678 (2001), and in *Clark v. Martinez*, 543 U.S. 371 (2005), the Supreme Court constructed the post-removal order statute at INA § 241, 8 U.S.C. § 1231 to include an implicit time limit as to when a post-removal order detention becomes presumptively impermissible.

In application of the law to the case at bar, the detention against Mr. Guarin-Perez differs inasmuch as USICE subjects him to immigration detention pursuant to the **pre**-removal order statute at INA § 236(c), 8 U.S.C. § 1226(c), as opposed to the post-removal order detention statute at INA § 241, 8 U.S.C. §

2

1231.  However, the petitioner submits, this difference is non-meaningful vis-à-vis the unreasonableness and the unconstitutionality of Mr. Guarin's continuous detention.

In the *Demore* decision, the Court opined that a mandatory detention concomitant to concurrent removal deportation proceedings were typically brief, lasting no more than roughly three months.  *See Demore*, 123 S. Ct. at 1720 ("[N]ot only does detention have a definite termination point, in the majority of cases it lasts for less than [] 90 days.")  With respect to Mr. Guarin-Perez, he has been continuously detained under section 236(c) of the INA since November 29, 2007, for over five months as of the date of this motion; his removal proceedings have yet to be completed and remain pending.

Further exacerbating an unreasonable and prolonged detention of Mr. Guarin-Perez is the fact that the government did not initiate the removal deportation process against him until, on or about, January 9, 2008 (i.e. the date in which the charging document, Form I-862, was filed with the Chicago Immigration Court).  By the undersigned counsel's count, that is 41 calendar days in which Mr. Guarin was subjected to detention without onset of statutory removal proceedings, thereby preventing him from contesting his removal.  Thus, the manifest five-month and continuous detention of Mr. Guarin is due, in large part, to respondents' action or inaction and cannot be attributed to any foot-dragging on the part of the petitioner.  Inasmuch as this also constitutes an affirmative misconduct, the petitioner contends that the principle of equitable estoppel requires either his immediate release from custody or an individualized

bond hearing to determine whether or not he should be extended a bond to secure his release.

In its totality, the petitioner seeks injunctive relief against the respondent to remedy an on-going irreparable harm against him that violates both his constitutional substantive and procedural due process rights and his statutory rights.

**III.    An Order of Release or Bond Re-Determination Would Not Be Against The Public Interest**

The record reflects that the petitioner has continuously resided in the United States as a resident alien since 1993.  He has been married to Ana Guarin, a U.S. citizen, since 1991 and together they have two U.S. citizen children, Brigette Gaby Guarin and Luis Guarin Jr.  Given his substantial family ties, he would not be a flight risk in the event that his release were ordered. Furthermore, while he demonstrates a criminal history in the United States, counsel submits that he does not constitute a danger to the community as any recidivism within his history is largely related to theft or burglary convictions. Respectfully submitted,


s/ David Cook

                                              Date:  April 29, 2008
_____
David Cook
Attorney for the Luis Ricardo Guarin-Perez
Kenneth Y. Geman and Associates
33 N. LaSalle St., Ste. 2300
Chicago, IL 60602
(312) 263-6114 phone
(312) 263-0104 fax
david@gemanimmigrationlaw.com


4

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that in accordance with Fed. R.

Civ. P. 5, L.R. 5.5, and the General Order on Electronic Case Filing (ECF), the

PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER &

PRELIMINARY INJUNCTION & MOTION FOR HEARING was served pursuant

to the District Court's ECF system as to ECF filers on April 29, 2008, to the

following ECF filers, or by regular mail to any non-ECF filers at this address:


        Spec. AUSA Sheila McNulty
        219 South Dearborn Street
        5th Floor
        Chicago, Illinois 60604
        (312) 353-8788


s/ David Cook

———————————————

David Cook
Attorney for the Luis Ricardo Guarin-Perez
Kenneth Y. Geman and Associates
33 N. LaSalle St., Ste. 2300
Chicago, IL 60602
(312) 263-6114 phone
(312) 263-0104 fax
david@gemanimmigrationlaw.com