**IN THE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Luis Ricardo Guarin-Perez, ] | |
| ] | |
| Petitioner, ] | |
| ] | No. 08 C 2286 |
| vs. ] | |
| ] | Imm. Case No. A 437 48 996 |
| Daniel G. Sedlock, Jr., ] | |
| Jail Administrator, ] | |
| McHenry County Jail, et al., ] | Judge Kennelly |
| ] | |
| Respondents. ] | |

**PETITIONER'S BRIEF IN SUPPORT OF HIS MOTION FOR A**
**TEMPORARY RESTRAINING ORDER & PRELIMINARY INJUNCTION**

The petitioner Luis Ricardo Guarin-Perez, through the undersigned counsel, hereby submits his brief in support of his motion for a temporary restraining order (hereinafter "TRO") and request for a preliminary injunction to remedy an on-going injury against him, namely the continuous civil detention by immigration authorities since November 29, 2007. Mr. Guarin's underlying petition for a writ of habeas corpus was submitted with this Honorable Court on April 22, 2008. His TRO and injunctive relief request was made on April 30, 2008.

**I.        Procedural History**

At heart, Mr. Guarin seeks release from the respondents' custody pending resolution of his petition for a writ of habeas corpus. The petitioner's primary contention is that the delay in initiating, conducting and concluding removal deportation proceedings against him while he remains in the custody of the department agency without bond is

unreasonable and thus requires his immediate release or an individualized bond hearing to determine whether or not (1) he is a flight risk, or (2) a danger to the community. Inasmuch as the history of this case directly relates to the remedy sought, the petitioner herein provides a brief chronology of the events pertaining to his current detention and removal.

**November 29, 2007:** Respondents, namely officers of the Department of Homeland Security, U.S. Immigration and Customs Enforcement ("USICE"), arrest and detain the petitioner.  Pursuant to regulation, and within 48 hours of the arrest, Luis Guarin is timely served with Form I-862 Notice to Appear ("NTA"), apprising him of the factual allegations and deportation charges brought against him.  Form I-286 Notice of Custody Determination, is also timely served upon the petitioner, informing him that USICE will detain him in their custody without bond or a supervised release for the duration of administrative proceedings. Exhibit nos. 1 and 2 respectively; see 8 C.F.R. § 287.3(d) (within 48 hours of the arrest, a determination is to be made with respect to custody or release on bond or recognizance, and whether a NTA charging document is to be issued against the alien).

**December 14, 2007:** Petitioner files his motion for a bond hearing before the Chicago Immigration Court.  Exhibit 3; see 8 C.F.R. § 1003.14(a) (a filing of the I-862 NTA charging document with the Immigration Court is not required to commence bond proceedings).

**December 21, 2007:** The detained Immigration Court conducts a hearing on the petitioner's bond motion before Immigration Judge (IJ) Robert Vinikoor.  The petitioner's request that the IJ set a bond is denied.  See copy of the IJ's order denying

bond redetermination at Exhibit 4.  In the Court's effort to compel USICE to file the

NTA charging document, IJ Vinikoor *sua sponte* calendars the initial hearing in removal

proceedings for January 7, 2007, despite the fact that removal proceedings have yet to be

statutorily triggered.  Exhibit 5; see 8 C.F.R. 1003.14 ("Jurisdiction vests, and

proceedings before an Immigration Judge commence, whn a charging document is filed

with the Immigration Court by the Service….")

**December 27, 2007:** Clerk personnel of the Chicago Immigration Court notify

petitioner's counsel that the January 7, 2007 hearing date set by the IJ is cancelled as

USICE has yet to file the NTA with the Court.  See Exhibit 5 (the handwritten notation,

dated 12/27/07, states, "The bond proceedings have been completed for this case.  The

charging document has not been filed with the immigration court, therefore this hearing

date is cancelled.")

**December 28, 2007:** The petitioner appeals the decision of the IJ to deny his

bond request to the Board of Immigration Appeals (BIA).  Exhibit 6.

**January 7, 2008:** In effort to have either USICE initiate removal proceedings or

release the petitioner, counsel corresponds via mail and telephone to the Special Assistant

U.S. Attorney for USICE apprising her office of Mr. Guarin's intent to petition for a writ

of habeas corpus on January 14, 2008 in the event that no action is taken to release him

from USICE custody or commence proceedings against him.  USICE Office of the Chief

Counsel and Office of Detention and Removal Operations are "cc-ed" in counsel's letter.

Exhibit 7.

**January 9, 2008:** USICE files the NTA with the Chicago Immigration Court

thereby commencing removal proceedings against Luis Guarin under section 240 of the

3

Immigration and Nationality Act (INA or the Act), 8 U.S.C. § 1229a; 8 C.F.R. 1003.14 ("Jurisdiction vests, and proceedings before an Immigration Judge commence, whn a charging document is filed with the Immigration Court by the Service….")

The petitioner contends that the **41-day delay** between the date in which Mr. Guarin was arrested and detained by the respondents and the date in which deportation charges were filed with the Immigration Court is unreasonable and would have likely prolonged had it not been for the due diligence of Mr. Guarin's attorney in notifying government counsel of his intent to petition a Federal Court for a writ of habeas corpus if no action was immediately taken.  Moreover, the delay in commencing removal proceedings is exacerbated by the fact that USICE filed a deficient NTA charging document with the Immigration Court that required amendments on two occasions, that being on February 4, 2008 and on February 27, 2008.  Exhibit 8 and 9; 8 C.F.R. § 1003.30 ("At any time during deportation or removal proceedings, additional or substituted charges of deportability and/or factual allegations may be lodged by the Service in writing.")  Thus, the factual allegations and deportation charges in their final and operative form did not not come about until **49 days** after the date in which the document was filed with the Immigration Court and **90 days** – approximately three months – after the date in which Mr. Guarin was arrested and taken into USICE custody.

Documents attached hereto at group Exhibit 10 establish that the Immigration Court, insofar, has scheduled 10 hearings in the petitioner's removal proceedings.  The initial January 7, 2008 hearing, set *sua sponte* by the IJ, *supra*, was cancelled due to USICE's inability to trigger statutory removal proceedings against Mr. Guarin by filing the NTA with the Court.  The January 14, 2008 hearing was continued on the petitioner's

open court request for time to prepare pleadings to the NTA.  The February 20, 2008

hearing was cancelled and continued for a later date on the petitioner's motion due to a

scheduling conflict, and the April 15, 2008 merits hearing date was cancelled and

continued due to the undersigned counsel's inability to schedule an appointment with the

petitioner accompanied by a Spanish language translator at the detention facility, the

McHenry County Jail in Woodstock, Illinois.  The petitioner appeared at the following

hearings via video-conferencing and not in-person: January 14th and 30th, February 27th,

March 10th and 24th, and May 8th.  The IJ is expected to render his decision on all

applications for relief on May 29, 2008.  In the event that all forms of relief and

protection from deportation are denied, the petitioner will exercise his statutory right to

appeal administratively to the BIA.

## II.     The Delay in Removal Proceedings in Connection with the Detention Violates the Petitioner's Substantive Due Process Rights and Statutory Rights.

The petitioner contends that the respondents' overall delay in initiating,

conducting and completing removal proceedings while he languishes in the detention of

the department agency without release or a bond hearing is not only unreasonable, but

unconscionable, amounts to a violation of his substantive due process rights and is

therefore actionable by way of habeas corpus relief.  Recently, the Court of Appeals in

*Hussain v. Mukasey*, 2007 WL 4387284 (7th Cir. 2007), held that "[i]nordinate delay

before the [removal] order was entered might well justify relief [] with habeas corpus the

appropriate vehicle for obtaining it."  *Id*.  The Seventh Circuit then proceeded to affirm

the District Court's denial of the habeas petition largely on the grounds that

administrative proceedings had been completed, and therefore, Mr. Hussain was no

longer detained under the statutory framework found at INA § 236(c), 8 U.S.C. § 1226(c) (i.e. the pre-removal order mandatory detention statute).  Rather, Hussain was detained pursuant to the post-removal order statute at INA § 241(a)(1) *et seq*., 8 U.S.C. § 1231(a)(1) *et seq*, which entitles him to a custody review 90 days following the date of entry of the final order of removal, provided that USICE cannot deport him within that period.  *See Hussain* at pg. 5, slip op. ("Hussain argues that the refusal of the Board of Immigration Appeals to allow him to be released during the administrative removal proceeding had no statutory basis and indeed was unconstitutional because of the length of time that he has been in detention…. The argument became moot with the issuance on November 6 of the immigration judge's final order directing Hussain be removed[.]") Unlike *Hussain* however, the present case manifests in the pre-removal order context as Mr. Guarin is detained pursuant to the mandatory detention statute at INA § 236(c), 8 U.S.C. § 1226(c), and he will remain detained under that authority throughout IJ proceedings and future BIA appellate proceedings in the event that the IJ orders his removal on May 29, 2008.  Thus, the petitioner submits that his case falls squarely within the hypothetical situation contemplated by the *Hussain* Court when it opined that "inordinate delay" prior to the arrival of the administratively final removal order would justify relief.  The proposition that a prolonged or protracted delay in concluding administrative proceedings while the alien is subjected to immigration detention may violate the detainee's constitutional rights finds support in case law.  *Demore v. Kim*, 123 S. Ct. 1708, 1726 (2003) (Kennedy, J. concurring) ("Were there to be an unreasonable delay by the INA in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to

protect against risk of flight or dangerousness, but incarcerate for other reasons."); *Ly v. Hansen*, 351 F.3d 263, 271-73 (6th Cir. 2003); *Nadarajah v. Gonzales*, 443 F. 3d 1069 (9th Cir. 2006).

With respect to the petitioner's allegation that the respondents' detention violates his statutory rights, it is well to note that the Supreme Court in resolving the respective detentions at issues in *Zydvydas v. Davis*, 533 U.S. 678 (2001) and *Clark v. Martinez*, 543 U.S. 371 (2005) constructed the post-removal order statute at INA § 241(a)(1) *et seq.*, 8 U.S.C. § 241(a)(1) *et seq.*, in accordance with the canon of constitutional avoidance, and read it to include an implicit time limit as to when an immigration detainee triggers a presumption that his deportation is not reasonably foreseeable. Inasmuch as the Mr. Guarin is similarly situated to the detainees in *Zydvydas* and *Clark*, this Court may elect to follow the Supreme Court's analysis and reasoning by construing the pre-removal order detention statute at INA § 236(c), 8 U.S.C. § 1226(c) to include a time limit as to when the prolonged detention without resolution of the underlying removal proceedings becomes constitutionally impermissible.

### III. Principles of Equitable Estoppel Require the Petitioner's Release From Custody or a Bond Hearing.

Finally, Mr. Guarin contends that principles of equitable estoppel require his release from USICE custody to remedy an on-going violation of his Fifth Amendment rights. In *INS v. Hibi*, 414 U.S. 5 (1973), the Supreme Court recognized that a basis for equitable estoppel exists, premised upon the movant's demonstration that government agents had engaged in "affirmative misconduct." While the petitioner concedes that this standard is fairly high, he posits that the respondents' inexcusable delay in initiating removal proceedings against him, while detaining him, and the delay in conducting and

concluding removal proceedings which are largely attributed to the government's repeated amendments to the NTA charging document arises to an "affirmative misconduct" that warrants either his release from custody or an individualized bond hearing before the IJ.  *See, e.g., Fano v. O'Neill*, 806 F.2d 1262 (5th Cir. 1987).

### IV.    Conclusion

The current submission before the Court is filed as a brief of his original TRO motion of April 30, 2008 or an amendment to said motion.  The petitioner recognizes, however, that the Court has not set a briefing schedule in this matter and to the extent that its submission is impermissible, he respectfully requests that it be considered as a surreply to the government's response to his motion, which is due on May 19, 2008.  All documents attached hereto are enumerated within the Table of Contents.

Respectfully submitted,

s/ David Cook

_____

DAVID COOK                                          Date:   May 15, 2008
Attorney for Luis Ricardo Guarin-Perez
Kenneth Y. Geman and Associates
33 N. LaSalle St., Ste. 2300
Chicago, IL 60602
(312) 263-6114 phone
(312) 263-0104 fax

## **TABLE OF CONTENTS**

Exhibit 1:    Form I-862 Notice to Appear

Exhibit 2:    Form I-286 Notice of Custody Determination

Exhibit 3:    Copy of the petitioner's Motion for a Bond Hearing before the Chicago Immigration Court

Exhibit 4:    Order of the Immigration Judge to deny the petitioner's request for a bond redetermination

Exhibit 5:    Immigration Court Notice of Hearing scheduling the initial hearing in removal proceedings for January 7, 2007.

Exhibit 6:    BIA receipt notice of the petitioner's appeal of the IJ's order to deny bond redetermination

Exhibit 7:    Mr. Guarin's January 7, 2008 letter to the Special Assistant U.S. Attorney for ICE apprising the government of the petitioner's intent to file a petition for a writ of habeas corpus on January 14, 2008 if no action is taken to release him from ICE custody or initiate removal proceedings against him.

Exhibit 8:    USICE's I-261 Additional Charges of Inadmissibility/Deportability amending the original I-862 Notice to Appear charging document.

Exhibit 9:    USICE's second I-261 Additional Charges of Inadmissibility/Deportability superceding or replacing the previous I-261 amendments of February 4, 2008.  While dated February 4, 2008, the second I-261 was served upon the Immigration Judge and Mr. Guarin's counsel in open court at the February 27, 2008 hearing.

Exhibit 10:    Immigration Court Notice of Hearings for the Following Dates:

January 7 (cancelled *sua sponte*), 14 and 30, February 20 (continued) and 27, March 10 and 24, April 15 (continued) and May 8 and 29.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that in accordance with Fed. R. Civ. P.

5, L.R. 5.5, and the General Order on Electronic Case Filing (ECF), the PETITIONER'S

BRIEF IN SUPPORT OF HIS MOTION FOR A TEMPORARY RESTRAINING

ORDER & PRELIMINARY INJUNCTION was served pursuant to the District Court's

ECF system as to ECF filers on May 15, 2008, to the following ECF filers, or by regular

mail to any non-ECF filers at this address:

Spec. AUSA Sheila McNulty
219 South Dearborn Street
5th Floor
Chicago, Illinois 60604
(312) 353-8788

s/ David Cook

DAVID COOK
Attorney for the Luis Ricardo Guarin-Perez
Kenneth Y. Geman and Associates
33 N. LaSalle St., Ste. 2300
Chicago, IL 60602
(312) 263-6114 phone
(312) 263-0104 fax
david@gemanimmigrationlaw.com

# EXHIBIT 1

U.S. Department of Homeland Security

# Notice to Appear

## In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID : 266850080          FIN #: 1068113861          File No: A043 748 996

Event No: XCH0811000044

In the Matter of: Luis Ricardo GUARIN AKA: Rivera, JORGE ; Abril, FELIPE ; Medina,
PEDRO V; Popeye-Rivera, JORGOE ; Guevara, CÁRLOS ; Gomez, JOHN ;

Respondent:     (CONTINUED ON I-831)                                          currently residing at:

101 W CONGRESS PKWY , CHICAGO ILLINOIS 60605

_____
(Number, street, city and ZIP code)                    (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
   **See Continuation Page Made a Part Hereof**

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
   **See Continuation Page Made a Part Hereof**

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐8CFR 208.30(f)(2) ☐8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

_____
(Complete Address of Immigration Court, including Room Number, if any)

on _a date to be set_   at _a time to be set_ to show why you should not be removed from the United States based on the
    (Date)              (Time)

charge(s) set forth above.          ROBIN C. BUCKLEY      GROUP SUPERVISOR

                                   (Signature and Title of Issuing Officer)

Date: _November 29, 2007_      Chicago, Illinois

                                   (City and State)

**See reverse for important information**

Form I-862 (Rev. 08/01/07)

U.S. Department of Homeland Security

Continuation Page for Form __I862__

| Alien's Name | File Number | Date |
|---|---|---|
| Luis Ricardo GUARIN | A043 748 996<br>Event No: XCH0811000044 | November 29, 2007 |

Respondent:
-----------
Clemente, LUIS ; Garcia, RAMON ; Colon, RICARDO ; Perez, JUARIN ;


 THE SERVICE ALLEGES THAT YOU:
 ===============================
1. You are not a citizen or national of the United States;
2. You are a native of COLOMBIA and a citizen of COLOMBIA;
3. You were admitted to the United States at Miami, Florida on or about  January 1, 1987 as
a B2 VISITOR;
4. Your status was adjusted to that of lawful permanent resident on 06/19/1993 under section
245 of the Act;
5. You were, on 09/20/2005 , convicted in the Circuit Court [at] Cook County, Illinois for
the offense of BURGLARY , in violation of 720 ILCS5.0/19-1-A;
6. You were, on 06/26/1997, convicted in the Circuit Court [at] Cook County, Illinois for
the offense of AGGRAVATED BATTERY/PEACE OFFICER, in violation of 720 ILCS 5/12-4(B)(6);
7. You were, on 03/16/1992 , convicted in the Circuit Court [at] Cook County, Illinois for
the offense of THEFT , in violation of 720 ILCS 5/16-1(a)(1);
8. These crimes did not arise out of a single scheme of criminal misconduct.
9. For that offense, a sentence of one year or longer may be imposed.



ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED
STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
========================================================================================

Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended, in that, at any
time after admission, you have been convicted of two crimes involving moral turpitude not
arising out of a single scheme of criminal misconduct.

Section 237(a)(2)(A)(i) of the Immigration and Nationality Act, as amended, in that you have
been convicted of a crime involving moral turpitude committed within five years after
admission for which a sentence of one year or longer may be imposed.

| Signature | Title |
|---|---|
| ROBIN C. BUCKLEY | GROUP SUPERVISOR |

Form I-831 Continuation Page (Rev. 08/01/07)

### Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents, which you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or removable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may be eligible including the privilege of departure voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the DHS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to one of the offices listed in 8 CFR 241.16(a). Specific addresses on locations for surrender can be obtained from your local DHS office or over the internet at http://www.ice.gov/about/dro/contact.htm. You must surrender within 30 days from the date the order becomes administratively final, unless you obtain an order from a Federal court, immigration court, or the Board of Immigration Appeals staying execution of the removal order. Immigration regulations at 8 CFR 241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Act.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge.

Before: _____  SSA

_(Signature and Title of Immigration Officer)_

X _____ _(Signature of Respondent)_

Date: N-29-07

### Certificate of Service

This Notice To Appear was served on the respondent by me on **November 29, 2007**, in the following manner and in compliance with section 239(a)(1)(F) of the Act.

[X] in person    [ ] by certified mail, returned receipt requested    [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[X] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the **Spanish** language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

X _____ _(Signature of Respondent if Personally Served)_

FRANK COLON    SENIOR SPECIAL AGENT
_(Signature and Title of officer)_

Form I-862 Page 2 (Rev. 08/01/07)

# EXHIBIT 2

U.S. Department of Homeland Security | **Notice of Custody Determination**

| | |
|---|---|
| Luis Ricardo GUARIN AKA: Rivera, JORGE ; Abril, FELIPE ; Medina, PEDRO V; Popeye-Rivera, JORGOE ; Guevara, CARLOS ; Gomez, JOHN ...(SEE I-831) | Event No: XCH0811000044<br>File No: A043 748 996<br>Date: 11/29/2007<br>FIN#: 1068113861 |

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

    ☒ detained in the custody of the Department of Homeland Security.

    ☐ released under bond in the amount of $_____

    ☐ released on your own recognizance.

☐ You may request a review of this determination by an immigration judge.

☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

237(a)(2)(A)(i)
237(a)(2)(A)(ii)

ROBIN C. BUCKLEY
_____
      (Signature of authorized officer)

GROUP SUPERVISOR
_____
      (Title of authorized officer)

Chicago, Illinois
_____
      (Office location)

☒ I do ☐ do not request a redetermination of this custody decision by an immigration judge.

☒ I acknowledge receipt of this notification.

_____          11-29-07
   (Signature of respondent)                (Date)

---

## RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge    ☐ DHS Official    ☐  Board of Immigration Appeals

The results of the redetermination/reconsideration are:

☐ No change - Original determination upheld.    ☐ Release - Order of Recognizance

☐ Detain in custody of this Service.    ☐ Release - Personal Recognizance

☐ Bond amount reset to _____    ☐ Other: _____

_____
      (Signature of officer)

Form I-286 (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form** __I286__

| Alien's Name | File Number | Date |
|---|---|---|
| Luis Ricardo GUARIN | A043 748 996<br>Event No: XCH0811000044 | November 29, 2007 |

OTHER ALIASES KNOWN BY:
----------------------
Clemente, LUIS
Garcia, RAMON
Colon, RICARDO
Perez, JUARIN

| Signature | Title |
|---|---|
| ROBIN C. BUCKLEY | GROUP SUPERVISOR |

__2__ of __2__ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

# EXHIBIT 3

OMB#1125-0006

**Notice of Entry of Appearance as Attorney or
Representative Before the Immigration Court**

COPY

I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s):

DATE (mm/dd/yy): _____

NAME:  Luis        Ricardo        GUARIN-PEREZ

(First)        (Middle Initial)        (Last)

ADDRESS:  c/o Dodge Cty. Dtn. Ctr. 216 W. Center St.

(Number & Street)        (Apt. No.)

Juneau        Wisconsin        53039

(City)        (State)        (Zip Code)

ALIEN NUMBER(S) (List lead alien number and all family member alien numbers and names, if applicable. Continue on next page as needed.)

**A43-748-996**

---

Please check one of the following:

☒ 1.   I am a member in good standing of the bar of the highest court(s) of the following state(s), possession(s), territory(ies), commonwealth(s), or District of Columbia:

| **Full Name of Court** | State Bar No. (if applicable) |
|---|---|
| **Illinois Supreme Court** | **6277286** |

(Please use space on the reverse side to list additional jurisdictions.)

I ☒ am not (or ☐ am - explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions (other than federal courts) where I am licensed to practice law.

☐ 2.   I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review pursuant to 8 C.F.R. § 1292.2 (provide name of organization):

☐ 3.   I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 1292.1 (explain fully on reverse side).

---

*I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Immigration Court. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

SIGNATURE OF ATTORNEY OR REPRESENTATIVE

X _____

EOIR ID#
**6277286**

DATE (mm/dd/yy): _____

NAME OF ATTORNEY OR REPRESENTATIVE (type or print)

**David M. Cook**
**Kenneth Y. Geman and Associates**

ADDRESS        ☐ Check here if new address

**33 N. LaSalle St., #2300**
**Chicago**        **IL**        **60602**

PHONE NUMBER (with area code)
**(312) 263-6114**

FAX NUMBER (with area code)
**(312) 263-0104**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**CHICAGO, ILLINOIS**



| | |
|---|---|
| In the Matter of: | ] |
| | ] |
| Luis Ricardo GUARIN-Perez, | ]     A 437 48 996 |
| | ] |
| Applicant. | ] |

## MOTION FOR BOND HEARING

Through counsel, the above-named applicant, Luis Ricard GUARIN-Perez, A 437 48 996, hereby moves the Chicago Immigration Court to calendar a bond hearing pursuant to 8 C.F.R. §§ 1003.19, 236.1(d) and 1236.1(d). On information and belief, an I-862 Notice to Appear (NTA) has yet to be filed with the Immigration Court.

Mr. Guarin was taken into USICE custody on or about November 29, 2007. Despite the fact that he remained continuously detained by the government for nearly two weeks, the applicant's A file remains with the USICE Office of Investigations in Oakbrook Terrace, Illinois and therefore, USICE Detention and Removal Operations has yet to file the NTA charging document with the Immigration Court. Notwithstanding the fact that removal proceedings under INA section 240 have yet to commence, Mr. Guarin respectfully requests a bond hearing with the Immigration Judge. *See* 8 C.F.R. § 1003.14(a) (no charging document is required to be filed with the Immigration Court to commence bond proceedings).

Finally, presently the undersigned counsel is without knowledge as to the statutory authority in which the government subjects Mr. Guarin to immigration detention. However, inasmuch as USICE contends that prior criminal convictions require

his mandatory detention under section 236(c) of the Act, the applicant hereby submits his motion pursuant to <u>Matter of Joseph</u>, 22 I&N Dec. 799 (BIA 1999) in opposition to the government's conclusion that said convictions trigger the mandatory and continuous detention requirements under the INA. Attached hereto, please find the I-286 Notice of Custody Determination.

Respectfully submitted,

Date:   December 13, 2007

David Cook
Kenneth Y. Geman and Associates
33 N. LaSalle St., Ste. 2300
Chicago, IL 60602
(312) 263-6114 phone
(312) 263-0104 fax

## Certificate of Service

I, David M. Cook, hereby certify that the foregoing was served by me upon the following party by hand delivery.

USICE Office of the Chief Counsel
55 East Monroe Street
Suite 1700
Chicago, IL 60603

Date:   December 13, 2007

David Cook

U.S. Department of Homeland Security | **Notice of Custody Determination**
---|---

Luis Ricardo GUARIN AKA: Rivera, JORGE ; Abril, FELIPE ; Medina, PEDRO V; Popeye-Rivera, JORGOE ; Guevara, CARLOS ; Gomez, JOHN ...(SEE I-831)

Event No: XCH0811000044
File No: A043 748 996
Date: 11/29/2007
FIN#: 1068113861

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

    ☒ detained in the custody of the Department of Homeland Security.
    ☐ released under bond in the amount of $_____
    ☐ released on your own recognizance.

☐ You may request a review of this determination by an immigration judge.
☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

237(a)(2)(A)(i)
237(a)(2)(A)(ii)

ROBIN C. BUCKLEY
_____
(Signature of authorized officer)

GROUP SUPERVISOR
_____
(Title of authorized officer)

Chicago, Illinois
_____
(Office location)

☒ I do   ☐ do not request a redetermination of this custody decision by an immigration judge.
☒ I acknowledge receipt of this notification.

_____
(Signature of respondent)

11-29-07
(Date)

---

**RESULT OF CUSTODY REDETERMINATION**

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge    ☐ DHS Official    ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:
☐ No change - Original determination upheld.     ☐ Release - Order of Recognizance
☐ Detain in custody of this Service.     ☐ Release - Personal Recognizance
☐ Bond amount reset to _____     ☐ Other: _____

_____
(Signature of officer)

Form I-286 (Rev. 08/01/07)

U.S. Department of Homeland Security    Continuation Page for Form _I286_

| Alien's Name | File Number | Date |
|---|---|---|
| Luis Ricardo GUARIN | A043 748 996<br>Event No: XCH0811000044 | November 29, 2007 |

OTHER ALIASES KNOWN BY:
------------------------
Clemente, LUIS
Garcia, RAMON
Colon, RICARDO
Perez, JUARIN

| Signature | Title |
|---|---|
| ROBIN C. BUCKLEY | GROUP SUPERVISOR |

<u>  2  </u> of <u>  2  </u> Pages

Form I-831 Continuation Page (Rev. 08/01/07)

# EXHIBIT 4

**U. S. DEPARTMENT OF JUSTICE**
**IMMIGRATION COURT**
**CHICAGO, IL 60603**

In the Matter of:                                    CASE NO. A43-748-996
GUARIN-PEREZ, LUIS RICARDO
RESPONDENT
                                                     IN REMOVAL PROCEEDINGS

## ORDER OF THE IMMIGRATION JUDGE

Requests having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. Part 236 and having considered the representations of the Immigration and Naturalization Service and the respondent, it is HEREBY ORDERED that:

[ X ]     The request for a change in the custody status of the respondent be denied.

[   ]     The request for a change in the custody status of the respondent be granted and respondent be:

    (1) [   ]     Released from custody upon posting a bond of $_____:
           (not less than $1500) and

    (2)  the conditions of the bond:

        [   ]     remain unchanged; or

        [   ]     are changed as follows: _____
                    _____
                    _____

[   ]     Other:_____
_____
_____

DECEMBER 21, 2007                    _Robert D. Vinikoor_
Date                                 Robert D. Vinikoor
                                     Immigration Judge

Administrative Control Court: Immigration Court, 55 East Monroe, Suite 1900, Chicago, IL 60603
Appeal: ~~WAIVED~~/RESERVED (A/B)     1/22/08
APPEAL DUE BY: _12-21-07_

# EXHIBIT 5

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL  60603

DATE:  Dec 21, 2007

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO, IL 60602

RE:  GUARIN-PEREZ, LUIS RICARDO

FILE:  43-748-996

     Please take notice that the above captioned case has been scheduled for a hearing before the Immigration Judge on Jan 7, 2008 at 1:00 P.M..  The alien will be present via video conferencing.  All other parties should report to the Immigration Court located at:

                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL  60605

     Since you are the attorney/representative of record, it is expected that you will appear at the scheduled hearing.  Anyone wishing to attend the hearing is subject to Correction Department policies and procedures regarding entry.  The court will assist in obtaining the necessary clearance if requested in writing at least a week in advance of the hearing.  All correspondence, motions, requests or inquiries concerning this matter should be directed to the address at the top of this page.
     Your client's failure to appear at this hearing, other than for exceptional circumstances beyond his/her control may result in an order of removal being entered in his/her absence under Section 240(b)(5) of the Immigration and Nationality Act.
     IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release you or your client must provide to this Court a written notice (or completed form EOIR-33) of the address and telephone number at which your client can be contacted.  Correspondence from the court, including hearing notices, will be sent to you as long as you remain the attorney of record, and will be considered sufficient notice for the proceedings to go forward in your client's absence.  It is NOT NECESSARY to provide address change information as long as your client remains in Corrections' custody.
     For information regarding the status of this case, call toll free 800-898-7180.

---

CERTIFICATE OF SERVICE

This document was served by:  Mail (M)  Personal Service (P)  Fax  (F)
to:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [X] ALIEN's Atty/Rep  [X] DHS
DATE:  12-21-07      BY:  Court Staff  CSW
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other _____

D1

12-27-07: The bond proceedings have been completed for this case. The charging document has not been filed with the immigration court, therefore this hearing date is cancelled. rip

# EXHIBIT 6

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Cook, David M.
33 N. LaSalle Street, Suite 2300
Chicago, IL 60602

Office of the District Counsel-DHS/CHI
55 East Monroe Street, Suite 1700
Chicago, IL 60603

Name: GUARIN-PEREZ, LUIS RICARDO                A43-748-996

Type of Proceeding: Removal                Date of this notice: 12/28/2007

Type of Appeal: Bond Appeal                Filed by:  Alien

### FILING RECEIPT FOR APPEAL

The Board of Immigration Appeals acknowledges receipt of your appeal and fee or fee waiver request (where applicable) on 12/26/2007 in the above-referenced case.

## PLEASE NOTE:

In all future correspondence or filings with the Board, please list the name and alien registration number ("A" number) of the case (as indicated above), as well as all of the names and "A" numbers for <u>every</u> family member who is included in this appeal.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents.  If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them.  <u>Any submission filed with the Board without a certificate of service on the opposing party will be rejected</u>.

WARNING:  If you leave the United States after filing this appeal but before the Board isssues a decision, your appeal will be considered withdrawn and the Immigration Judge's decision will become final as if no appeal had been taken (unless you are an "arriving alien" as defined in the regulations under 8 C.F.R. section 1001.1(q)).

# EXHIBIT 7

LAW OFFICES OF
# KENNETH Y. GEMAN & ASSOCIATES
33 NORTH LASALLE STREET · SUITE 2300
CHICAGO, ILLINOIS 60602
PHONE (312) 263-6114   FAX (312) 263-0104
WWW.GEMANIMMIGRATIONLAW.COM · INFO@GEMANIMMIGRATIONLAW.COM

KENNETH Y. GEMAN                                                    OF COUNSEL
DAVID M. COOK                                                       ROYAL F. BERG
                                                                   RONALD H. NG

January 7, 2008

Sheila McNulty, Spec. AUSA for USICE
Office of the U.S. Attorney
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604

**Re:    Luis Ricardo GUARIN-Perez, A 43 748 996**
        **Petition for a Writ of Habeas Corpus to be filed on January 14, 2008**

Dear AUSA McNulty,

        The above-named inidividual, Mr. Guarin-Perez has been continuously detained by USICE since November 29, 2007.  Bond proceedings have been completed, yet the Government has not filed a Notice to Appear charging document with the Immigration Court.  I have contacted USICE Detention and Removal Operations and the Office of the Chief Counsel in effort to commence removal proceedings or request his release in light of USDHS's inability or unwillingness to initiate removal, however, the Government continues to detain Mr. Guarin without the filing of removal charges.  In the event that detention should continue without the initiation of removal proceedings, Mr. Guarin plans on filing a petition for a writ of habeas corpus with the Federal District Court on Monday, January 14, 2007.  A copy of said habeas petition is attached hereto.

        Should USICE continue to detain Mr. Guarin without bringing charges of removal against him, I respectfully request that the Government release him from custody in comportment with his substantive and procedural due process rights.  If you have any questions, please do not hesitate to contact me.  Thank you.

Sincerely,

Dave Cook

cc:    Daniel Rah, Ass't. Chief Counsel

cc:    Officer Buckstein, USICE Detention and Removal Operations

# EXHIBIT 8

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | File No.:  A43 748 996 |
| Luis Ricardo GUARIN | ) | |
| | ) | |
| In Removal Proceedings | ) | Immigration Judge Katsivalis |
| | ) | |

GOVERNMENT'S EVIDENCE SUBMISSION AND I-261

     The Department of Homeland Security, United States Immigration and Customs Enforcement ("Government") submits the following document(s) in the case of the above-captioned case.

| Tab | Document | Page(s) |
|---|---|---|
| "A" | Form I-261, Additional allegations | 1-2 |
| "B" | Visa Packet page | 3 |
| "C" | Form I-751, Petition to Remove Conditions on Residence | 4-5 |
| "D" | Certified Conviction Record for 1992 Theft, as alleged in allegation #7 of the NTA | 6-8 |
| "E" | Copy of the 1991 Illinois Theft Statute | 9 |

Respectfully submitted,
KAREN E. LUNDGREN
CHIEF COUNSEL

Date:  February 4, 2008

Jessica Lechter
Assistant Chief Counsel
Department of Homeland Security
U.S. Immigration and Customs Enforcement
55 E. Monroe St., Suite 1700
Chicago, IL 60603
(312) 984-2400

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via first class

mail on February 4, 2008 to:

**David M. Cook, Esq.**
**33 N. LaSalle Street, Suite #2300**
**Chicago, IL 60602**

Jessica Lechter
Assistant Chief Counsel
Department of Homeland Security
U.S. Immigration and Customs Enforcement
55 E. Monroe St., Suite 1700
Chicago, IL 60603
(312) 353-7317

**U.S. Department of Justice**
Immigration and Naturalization Service

**Additional Charges of Inadmissibility/Deportability**

In:     ☒ Removal Proceedings under section 240 of the Immigration and Nationality Act

        ☐ Deportation Proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act

**In the Matter of:**

Alien/Respondent: Luis Ricardo GUARIN AKA: Rivera, JORGE; Abril, FELIPE; Medina, PEDRO V; Popeye-Rivera, JORGOE;
        Guevara, CARLOS; Gomez, JOHN; Clemente, LUIS; Garcia, RAMON; Colon, RICARDO; Perez, Juarin

File No: A43 748 996   Address: c/o DHS/ICE custody

There is hereby lodged against you the additional charge that you are subject to being taken into custody and removed from the United States pursuant to the following provision of law:

In support of the additional charge(s) there is submitted the following factual allegation(s) ☐ in addition to ☒ in lieu of those set forth in the original charging document:

3.  You were admitted to the United States at Miami, Florida on or about June 19, 1993 as a lawful permanent resident on a conditional basis (CR-1).

4.  On or about August 16, 1996, the conditions on your residence were removed.

6a. For that offense, a sentence of one year or longer may be imposed.

9.  Stricken.

Dated:  February 4, 2008         (JESSICA LECHTER
                                 (Signature of Service Counsel)

Additional allegations (continued):

**Notice to Respondent**

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceedings, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the charging document and that you are inadmissible or deportable on the charges contained in the charging document. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing a the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

**Certificate of Service**

This charging document was served on the respondent by me on ___2/4/08___ , in the following manner and in
compliance with section 239(a)(1)(F) of the Act:
(Date)

☐ in person          ☐ by certified mail, return receipt requested          ☒ by regular mail

to: *alien's representative — David M. Cook, Esq.*
*33 N. LaSalle Street, Suite #2300, Chicago, IL 60602.*

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the
consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____          _____
(Signature of respondent if personally served)          (Asst. District Counsel)

Form I-261 (Rev. 4/1/97)N

OPTIONAL FORM 155-A
DEPT. OF STATE

**IMMIGRANT VISA AND ALIEN REGISTRATION**

IV-43,748996

☐ THE IMMIGRANT HAS BEEN PREVIOUSLY IN THE UNITED STATES

OF: GUARIN PEREZ, LUIS RICARDO *(Middle Name)*

*(Family Name)* *(First Name)*

INS FILE #, IF KNOWN

ACTION BY IMMIGRATION INSPECTOR
U.S. IMMIGRATION
DEC M?A JAP 275
JUN 1 1993
NUMBER CR1
June 18, 1995

THE IMMIGRANT NAMED ABOVE ARRIVED IN THE UNITED STATES VIA (Name of vessel or flight no. of arrival)

AA 914

INELIGIBILITY FOR VISA WAIVED UNDER SECTION

☐ 212(e)   ☐ 212(h)
☐ 212(g)   ☐ 212(i)

CITY AND COUNTRY OF BIRTH
**BOGOTA, COLOMBIA**

MO-DAY-YR OF BIRTH
**12APR1963**

CITY AND COUNTRY OF LAST RESIDENCE
**BOGOTA, COL**

NATIONALITY
**COLOMBIAN**

MARITAL STATUS  ☒ M ☐ S ☐ W ☐ D ☐ SEP

MOTHER'S FIRST NAME
**MARIA DEL CARMEN**

FATHER'S FIRST NAME
**LUIS FELIPE**

FINAL ADDRESS IN THE UNITED STATES

STREET ADDRESS, INCLUDE-IN CARE OF & APT# IF APPLICABLE
**4850 W. WRIGHTWOOD APT.1A**

CITY, STATE, AND ZIP CODE
**CHICAGO, IL**                    **60639**

SEC. 212(a)(5)(A)
LABOR CERTIFICATION

☒ NOT APPLICABLE   ☐ NOT REQUIRED   ☐ ATTACHED

OCCUPATION
**LAB EMPLOYEE**

SEX M ☒
☐

This visa is issued under Section 221 of the Immigration and Nationality Act, and upon the basis of the facts stated in the application. Possession of a visa does not entitle the bearer to enter the United States if at the time he seeks to enter he is found to be inadmissible. Upon arrival in the United States, it must be surrendered to a United States Immigration Officer.

AMERICAN   **EMBASSY**

AT   **BOGOTA, COLOMBIA**

Consular Officer of the United States of America

**IMMIGRANT CLASSIFICATION**

CLASSIFICATION SYMBOL
**CR1**

FOREIGN STATE/OTHER AREA LIMITATION
**COLOMBIA**

**BGT199269816001 43748996**

ISSUED ON **12MAY1993**
(Day)        (Month)        (Year)

THE VALIDITY OF THIS VISA EXPIRES MIDNIGHT AT THE END OF
**08SEP1993**
(Day)        (Month)        (Year)

**PASSPORT**

NO.   **CC 79 331 791**

OR OTHER TRAVEL DOCUMENTS (Describe)

RESERVED

**YG**

FOREIGN SERVICE
UNITED STATES OF AMERICA

Tariff No. 21
Fee Paid $
or Local Currency Equivalent

**IV-43748996**

ACTION OF I.J.        ACTION ON APPEAL        U.S.P.H.S.

Info given to IRS on date of 1-551 Issuance: Name, Addr, DOB, A#, Class of Adm, Occup & answers to Form 9003.

3

U.S. Department of Justice
Immigration and Naturalization Service
Case 1:08-cv-02286   Document 18-2   Filed 05/15/2008   Page 28 of 61
OMB No. 1115-0145
Petition to Remove the Conditions on Residence
MAY 16 1996-6:30 AM D11

## START HERE - Please Type or Print

### Part 1.   Information about you.

| | | |
|---|---|---|
| Family Name **GUARIN** | Given Name **Luis** | Middle Initial **Ricardo** |

Address - C/O:

| | |
|---|---|
| Street Number and Name  2510   N.  Lavergne | Apt # 1 |

| | |
|---|---|
| City  Chicago | State or Province  IL. |

| | |
|---|---|
| Country  Colombia S.A. | ZIP/Postal Code  60639 |

| | |
|---|---|
| Date of Birth (month/day/year)  04-12-63. | Country of Birth  Colombia S.A. |

| | |
|---|---|
| Social Security #  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 | A #  A43-748-996 |

Conditional residence expires on  (month/day/year)

Mailing address if different from residence in C/O:

| | |
|---|---|
| Street Number and Name | Apt # |

| | |
|---|---|
| City | State or Province |

| | |
|---|---|
| Country | ZIP/Postal Code |

**FOR INS USE ONLY**

Returned

Resubmitted

Reloc Sent

Reloc Rec'd

☐ Applicant Interviewed

Receipt

Remarks

Action

FEE PAID   No. LIN
Immigration and Naturalization Service
Lincoln, Nebraska
Date 5-7-96   Verified by MD

### Part 2.   Basis for petition (check one).

a. ☒ My conditional residence is based on my marriage to a U.S. citizen or permanent resident, and we are filing this petition together.

b. ☐ I am a child who entered as a conditional permanent resident and I am unable to be included in a Joint Petition to Remove the Conditional Basis of Alien's Permanent Residence (Form I-751) filed by my parent(s).

My conditional residence is based on my marriage to a U.S. citizen or permanent resident, but I am unable to file a joint petition and I request a waiver because: (check one)

c. ☐ My spouse is deceased.

d. ☐ I entered into the marriage in good faith, but the marriage was terminated though divorce/annulment.

e. ☐ I am a conditional resident spouse who entered in to the marriage in good faith, or I am a conditional resident child, who has been battered or subjected to extreme mental cruelty by my citizen or permanent resident spouse or parent.

f. ☐ The termination of my status and deportation from the United States would result in an extreme hardship.

### Part 3.   Additional information about you.

| | |
|---|---|
| Other names used (including maiden name): Luis Ricardo Guarin Perez. | Telephone # (312)622-4793 |

| | |
|---|---|
| Date of Marriage 09-21-91 | Place of Marriage Chicago IL. |

If your spouse is deceased, give the date of death (month/day/year).

Are you in deportation or exclusion proceedings?   ☐ Yes  ☒ No

Was a fee paid to anyone other than an attorney in connection with this petition?   ☒ Yes  ☐ No

APPROVED
AUG 16 1996
CHI 2133

**To Be Completed by Attorney or Representative, if any**

☐ Fill in box if G-28 is attached to represent the applicant

VOLAG#

ATTY State License #

Form I-751 (Rev. 12-4-91)          Continued on back.

4

## Part 3.  Additional Information about you. (con't)

Since becoming a conditional resident, have you ever been arrested, cited, charged, indicted, convicted, fined or imprisoned for breaking or violating any law or ordinance (excluding traffic regulations), or committed any crime for which you were not arrested?

If you are married, is this a different marriage than the one through which conditional residence status was obtained?   ☐ Yes ☒ No

Have you resided at any other address since you became a permanent resident?    2538 N.Kildare    ☐ Yes ☒ No
                                                                                 Chicago IL.60639.

Is your spouse currently serving employed by the U. S. government and serving outside the U.S.?   ☒ Yes ☐ No *(If yes, attach a list of all addresses and dates.)*

☐ Yes ☐ No

## Part 4.  Information about the spouse or parent through whom you gained your conditional residence.

| Family Name | GUARIN | Given Name | Ana | Middle Initial | Maria | Phone Number | (312) 622-4793 |
|---|---|---|---|---|---|---|---|

Address   Same.

| Date of Birth (month/day/year) | 03-16-66 | Social Security # | 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 | A# | Cert. NO. |
|---|---|---|---|---|---|

## Part 5.  Information about your children. *List all your children.  Attach another sheet if necessary*

| # | Name | Date of Birth (month/day/year) | If in U.S., give A#, current immigration status and U.S. Address | Living with you? |
|---|---|---|---|---|
| 1 | Briggette Guarin | 03-06-90 | Same address. | ☒ Yes ☐ No |
| | | | | ☐ Yes ☐ No |
| | | | | ☐ Yes ☐ No |
| | | | | ☐ Yes ☐ No |

*2510 N Lavergne Apt 1 Chicago, Il 60639*

you are requesting a waiver of the joint filing petition requirement based mental cruelty.

| ID Number: | State: | | Number: | | | | | | | Expires on (month/day/year) | | Occupation | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Last Name | | First Name | | Address | |
|---|---|---|---|---|---|

## Part 7.  Signature. *Read the information on penalties in the instructions before completing this section.  If you checked block "a" in Part 2 your spouse must also sign below.*

I certify, under penalty of perjury under the laws of the United States of America, that this petition, and the evidence submitted with it, is all true and correct.  If conditional residence was based on a marriage, I further certify that the marriage was entered into in accordance with the laws of the place where the marriage took place, and was not for the purpose of procuring an immigration benefit.  I also authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit being sought.

| Signature X | *[signature]* | Print Name  Luis R.Guarin | Date  02-10-96. |
|---|---|---|---|
| Signature of Spouse X | *[signature]* | Print Name  Ana Maria Guarin | Date  02-10-96. |

**Please note:** If you do not completely fill out this form, or fail to submit any required documents listed in the instructions, then you cannot be found eligible for the requested benefit, and this petition may be denied.

## Part 8. Signature of person preparing form if other than above.

I declare that I prepared this petition at the request of the above person and it is based on all information of which I have knowledge.

| Signature | *[signature]* | Print Name  Maria Meneses | Date  02-10-96. |
|---|---|---|---|

Firm Name and Address   Agencia Internacional 5645 N. Clark Chicago IL. 60660

Form I-751 (Rev. 12-4-91)

**U.S. Department of Homeland Security**
10 West Jackson Boulevard
Chicago, Illinois 60604



U.S. Immigration
and Customs
Enforcement

# Interoffice Memorandum

To: Alien File
    A# 43 748 996

From: Frank Colon
    Special Agent
    Chicago, Illinois

Date: 11/29/2007

Re: Copy Certification of Conviction Record

I attest that the attached conviction record regarding case number 911301722-01
electronically received via photocopy and is related to the alien file enumerated above.

Attachment

CASE: 91130172201 S (START OF CASE    )    PAGE: 001 OF 004    PROD
  DEFENDANT NAME: RICARDO    COLON
  GENERAL INFORMATION
  CB:  8866426 IR: 957416 SID:    FBI:    RD: P300186

ATTORNEY INFORMATION    -- NO ATTORNEYS ASSOC W/CASE --

CHARGE INFORMATION

NBR A TYPE CLASS CHAPTER/SECTION            DESCRIPTION
001    M    38  16-1A3A            -

DISPOSITION INFORMATION


070191-
BOND SET BY RULE OF COURT    070791    2829
KOWALSKI, THADDEUS L.
BRANCH 29    RM 1        1100 AM

CASE: 91130172201 S (START OF CASE    )    PAGE: 002 OF 004    PROD
  DEFENDANT NAME: RICARDO    COLON
080791-
WARRANT SENT TO POLICE AGENCY
KOWALSKI, THADDEUS L.
BRANCH 29    RM 1

080791-
BOND FORFEITURE/WARRANT        $2000 B001
KOWALSKI, THADDEUS L.
BRANCH 29    RM 1

091091-
JUDGMENT ON BOND FORFEITURE        B001
KOWALSKI, THADDEUS L.
BRANCH 29    RM 1

091091-
EXECUTION OF ISSUE        C001
KOWALSKI, THADDEUS L.
BRANCH 29    RM 1

CASE: 91130172201 S (START OF CASE    )    PAGE: 003 OF 004    PROD
  DEFENDANT NAME: RICARDO    COLON

030492-
BOND SET BY RULE OF COURT    031692    2829
KOWALSKI, THADDEUS L.
BRANCH 29    RM 1        0930 AM

031692-
PG JW FINDING GUILTY        C001
KOWALSKI, THADDEUS L.
BRANCH 29    RM 1

031692-

7

PUBLIC DEFENDER APPOINTED
KOWALSKI, THADDEUS L.
BRANCH 29     RM 1

CASE: 91130172201 S  (START OF CASE     )     PAGE: 004 OF  004     PROD
 DEFENDANT NAME: RICARDO     COLON
031692-
SUPERVISION - COURT          061692     C001
KOWALSKI, THADDEUS L.          03 MTH
BRANCH 29     RM 1          0930 AM

061692-
SUPERVISION TERM/DISCHARGED          C001
KOWALSKI, THADDEUS L.
BRANCH 29     RM 1

END OF FILE

$8$

SMITH-HURD ILLINOIS ANNOTATED STATUTES
COPR. © WEST 1991 No Claim to Orig. Govt. Works
CHAPTER 38. CRIMINAL LAW AND PROCEDURE
DIVISION I. CRIMINAL CODE OF 1961
TITLE III. SPECIFIC OFFENSES
PART C. OFFENSES DIRECTED AGAINST PROPERTY
ARTICLE 16. THEFT AND RELATED OFFENSES

Crim.Code § **16-1**

**16-1.** Theft

§ **16-1.** Theft. (a) A person commits theft when he knowingly:
(1) Obtains or exerts unauthorized control over property of the owner; or
(2) Obtains by deception control over property of the owner; or
(3) Obtains by threat control over property of the owner; or
(4) Obtains control over stolen property knowing the property to have been stolen or under such circumstances as would reasonably induce him to believe that the property was stolen, and
(A) Intends to deprive the owner permanently of the use or benefit of the property; or
(B) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or
(C) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit; or
(5) Obtains or exerts control over property in the custody of any law enforcement agency which is explicitly represented to him by any law enforcement officer or any individual acting in behalf of a law enforcement agency as being stolen.
The term "firearm" for the purposes of this Section has the meaning ascribed to it in Section 1.1 of "An Act relating to the acquisition, possession and transfer of firearms and firearm ammunition, to provide a penalty for the violation thereof and to make an appropriation in connection therewith", approved August 3, 1967, as amended. [FN1]
(b) Sentence.
(1) Theft of property, other than a firearm, not from the person and not exceeding $300 in value is a Class A misdemeanor.
(2) A person who has been convicted of theft of property not exceeding $300 in value, other than a firearm and not from the person, who has been previously convicted of any type of theft, robbery, armed robbery, burglary, residential burglary, possession of burglary tools or home invasion is guilty of a Class 4 felony. When a person has any such prior conviction, the information or indictment charging that person shall state such prior conviction so as to give notice of the State's intention to treat the charge as a felony. The fact of such prior conviction is not an element of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial.
(3) Theft of a firearm not from the person regardless of value is a Class 4 felony. A second or subsequent such offense is a Class 3 felony.
(4) Theft of property from the person not exceeding $300 in value, or theft of property exceeding $300 and not exceeding $10,000 in value, is a Class 3 felony.
(5) Theft of property exceeding $10,000 and not exceeding $100,000 in value is a Class 2 felony.
(6) Theft of property exceeding $100,000 in value is a Class 1 felony.
(7) Theft by deception, as described by paragraph (2) of subsection (a) of this Section, in which the offender obtained money or property valued at $5,000 or more from a victim 60 years of age or older is a Class 2 felony.
(c) When a charge of theft of property exceeding a specified value is brought, the value of the property involved is an element of the offense to be resolved by the trier of fact as either exceeding or not exceeding the specified value.

# EXHIBIT 9

U.S. Department of Justice
Immigration and Naturalization Service

**Additional Charges of Inadmissibility/Deportability**

In:    ☒ **Removal Proceedings under section 240 of the Immigration and Nationality Act**

       ☐ **Deportation Proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act**

**In the Matter of:**

Alien/Respondent: Luis Ricardo GUARIN AKA: Rivera, JORGE; Abril, FELIPE; Medina, PEDRO V; Popeye-Rivera, JORGOE; Guevara, CARLOS; Gomez, JOHN; Clemente, LUIS; Garcia, RAMON; Colon, RICARDO; Perez, Juarin

File No: A43 748 996  Address: c/o DHS/ICE custody

There is hereby lodged against you the additional charge that you are subject to being taken into custody and removed from the United States pursuant to the following provision of law:

In support of the additional charge(s) there is submitted the following factual allegation(s) ☐ in addition to ☒ in lieu of those set forth in the original charging document:

3. You were admitted to the United States at Miami, Florida on or about June 19, 1993 as a lawful permanent resident on a conditional basis (CR-1).

4. On or about August 16, 1996, the conditions on your residence were removed.

6a. For that offense, a sentence of one year or longer may be imposed.

8. On  you were on July 20, 2005 convicted in the Circuit Court of Cook County, IL for the offense of theft, in violation of 720 ILCS 5/16-1(a)(1)

9. These crimes did not arise out of a single scheme of criminal misconduct.

Dated:  February 20, 2008                                              
(Signature of Service Counsel)

Additional allegations (continued):

**Notice to Respondent**

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceedings, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the charging document and that you are inadmissible or deportable on the charges contained in the charging document. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing a the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

**Certificate of Service**

This charging document was served on the respondent by me on *27FEB08* , in the following manner and in

compliance with section 239(a)(1)(F) of the Act: *InCourt Via Fax transmission*

☐ in person        ☐ by certified mail, return receipt requested        ☐ by regular mail

to: David Cook, Esq.

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____        _____
(Signature of respondent if personally served)        (Asst. District Counsel)

Form I-261 (Rev. 4/1/97)N

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 001

PEOPLE OF THE STATE OF ILLINOIS

                          VS                  NUMBER 91130172201

          RICARDO      COLON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint
with the Clerk of the Circuit Court.

Charging the above named defendant with:

 38    16-1A3A                    M      _ THEFT
The following disposition(s) was/were rendered before the Honorable Judge(s):


07/01/91 BOND SET BY RULE OF COURT              07/07/91 2829
         KOWALSKI, THADDEUS L.
08/07/91 WARRANT SENT TO POLICE AGENCY
         KOWALSKI, THADDEUS L.
08/07/91 BOND FORFEITURE/WARRANT        B001                    $    2000
         KOWALSKI, THADDEUS L.
09/10/91 JUDGMENT ON BOND FORFEITURE    B001
         KOWALSKI, THADDEUS L.
09/10/91 EXECUTION OF ISSUE             C001
         KOWALSKI, THADDEUS L.
03/04/92 BOND SET BY RULE OF COURT              03/16/92 2829
         KOWALSKI, THADDEUS L.
03/16/92 PG JW FINDING GUILTY           C001
         KOWALSKI, THADDEUS L.
03/16/92 PUBLIC DEFENDER APPOINTED
         KOWALSKI, THADDEUS L.
03/16/92 SUPERVISION - COURT            C001 06/16/92 2829
            3 MTH
         KOWALSKI, THADDEUS L.
06/16/92 SUPERVISION TERM/DISCHARGED    C001
         KOWALSKI, THADDEUS L.


                        I hereby certify that the foregoing has
                        been entered of record on the above
                        captioned case.
                        Date 02/11/08

                        DOROTHY BROWN
                   CLERK OF THE CIRCUIT COURT OF COOK COUNTY

**Illinois Compiled Statutes**

## CRIMINAL OFFENSES
## (720 ILCS 5/) Criminal Code of 1961.

```
    (720 ILCS 5/Art. 16 heading)
        ARTICLE 16. THEFT AND RELATED OFFENSES

    (720 ILCS 5/16-1) (from Ch. 38, par. 16-1)
    Sec. 16-1. Theft.
    (a) A person commits theft when he knowingly:
        (1) Obtains or exerts unauthorized control over
    property of the owner; or
        (2) Obtains by deception control over property of
    the owner; or
        (3) Obtains by threat control over property of the
    owner; or
        (4) Obtains control over stolen property knowing the
    property to have been stolen or under such circumstances
    as would reasonably induce him to believe that the
    property was stolen; or
        (5) Obtains or exerts control over property in the
    custody of any law enforcement agency which is explicitly
    represented to him by any law enforcement officer or any
    individual acting in behalf of a law enforcement agency as
    being stolen, and
            (A) Intends to deprive the owner permanently of
        the use or benefit of the property; or
            (B) Knowingly uses, conceals or abandons the
        property in such manner as to deprive the owner
        permanently of such use or benefit; or
            (C) Uses, conceals, or abandons the property
        knowing such use, concealment or abandonment probably
        will deprive the owner permanently of such use or
        benefit.
    (b) Sentence.
        (1) Theft of property not from the person and not
    exceeding $300 in value is a Class A misdemeanor.
        (1.1) Theft of property not from the person and not
    exceeding $300 in value is a Class 4 felony if the theft
    was committed in a school or place of worship or if the
    theft was of governmental property.
        (2) A person who has been convicted of theft of
```

property not from the person and not exceeding $300 in value who has been previously convicted of any type of theft, robbery, armed robbery, burglary, residential burglary, possession of burglary tools, home invasion, forgery, a violation of Section 4-103, 4-103.1, 4-103.2, or 4-103.3 of the Illinois Vehicle Code relating to the possession of a stolen or converted motor vehicle, or a violation of Section 8 of the Illinois Credit Card and Debit Card Act is guilty of a Class 4 felony. When a person has any such prior conviction, the information or indictment charging that person shall state such prior conviction so as to give notice of the State's intention

to treat the charge as a felony. The fact of such prior conviction is not an element of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial.

(3) (Blank).

(4) Theft of property from the person not exceeding $300 in value, or theft of property exceeding $300 and not exceeding $10,000 in value, is a Class 3 felony.

(4.1) Theft of property from the person not exceeding $300 in value, or theft of property exceeding $300 and not exceeding $10,000 in value, is a Class 2 felony if the theft was committed in a school or place of worship or if the theft was of governmental property.

(5) Theft of property exceeding $10,000 and not exceeding $100,000 in value is a Class 2 felony.

(5.1) Theft of property exceeding $10,000 and not exceeding $100,000 in value is a Class 1 felony if the theft was committed in a school or place of worship or if the theft was of governmental property.

(6) Theft of property exceeding $100,000 and not exceeding $500,000 in value is a Class 1 felony.

(6.1) Theft of property exceeding $100,000 in value is a Class X felony if the theft was committed in a school or place of worship or if the theft was of governmental property.

(6.2) Theft of property exceeding $500,000 in value is a Class 1 non-probationable felony.

(7) Theft by deception, as described by paragraph (2) of subsection (a) of this Section, in which the offender obtained money or property valued at $5,000 or more from a victim 60 years of age or older is a Class 2 felony.

(c) When a charge of theft of property exceeding a specified value is brought, the value of the property involved is an element of the offense to be resolved by the trier of fact as either exceeding or not exceeding the specified value. (Source: P.A. 93-520, eff. 8-6-03; 94-134, eff. 1-1-06.)

(720 ILCS 5/16-1.1) (from Ch. 38, par. 16-1.1)

Sec. 16-1.1. Theft by lessee; prima facie evidence. It shall be prima facie evidence that a person "knowingly obtains or exerts unauthorized control over property of the owner" (1) if a lessee of the personal property of another fails to return it to the owner within 10 days after written demand from the owner for its return or (2) if a lessee of the personal property of another fails to return it to the owner within 24 hours after written demand from the owner for its return and the lessee had presented identification to the owner that contained a materially fictitious name, address, or telephone number. A notice in writing, given after the expiration of the leasing agreement, addressed and mailed, by registered mail, to the lessee at the address given by him and shown on the leasing agreement shall constitute proper demand. (Source: P.A. 89-373, eff. 1-1-96.)

(720 ILCS 5/16-1.2) (from Ch. 38, par. 16-1.2)

Sec. 16-1.2. It shall be prima facie evidence of intent that a person "knowingly obtains by deception control over property of the owner" when he fails to return, within 45 days

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS                    Page 001

PEOPLE OF THE STATE OF ILLINOIS

VS                              NUMBER 04CR1671901

LUIS        GUARIN

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
with the Clerk of the Circuit Court.

Charging the above named defendant with:

A 720-5/16-1(a)(1)                      M        THEFT/UNAUTHD CON/<$300/1ST
The following disposition(s) was/were rendered before the Honorable Judge(s):

| | | | |
|---|---|---|---|
| 07/07/04 IND/INFO-CLK OFFICE-PRES JUDGE | | | |
| 04CR1671901 ID# CR100480675 | 07/29/04 | 1701 | |
| 07/29/04 CASE ASSIGNED | | | |
| BIEBEL, PAUL JR. | 08/05/04 | 5704 | |
| 07/30/04 CASE ADVANCED | | | |
| STEPHENS, EDDIE A. | 00/00/00 | S | 2 |
| 07/30/04 CONTINUANCE BY AGREEMENT | | | |
| STEPHENS, EDDIE A. | 08/24/04 | 5704 | |
| 08/13/04 DEFENDANT IN CUSTODY | | | |
| STEPHENS, EDDIE A. | 00/00/00 | | |
| 08/13/04 PRISONER DATA SHEET TO ISSUE | | | |
| STEPHENS, EDDIE A. | 00/00/00 | | |
| 08/13/04 CASE ADVANCED | | | |
| STEPHENS, EDDIE A. | 00/00/00 | | |
| 08/13/04 MOTION DEFT - CONTINUANCE - MD | | | |
| STEPHENS, EDDIE A. | 09/14/04 | 5704 | |
| 09/14/04 DEFENDANT ON BOND | | | |
| SUTKER-DERMER, SHELLEY | 00/00/00 | | |
| 09/14/04 PLEA OF NOT GUILTY | | | |
| SUTKER-DERMER, SHELLEY | 00/00/00 | | |
| 09/14/04 DEFENDANT ARRAIGNED | | | |
| SUTKER-DERMER, SHELLEY | 00/00/00 | | |
| 09/14/04 ADMONISH AS TO TRIAL IN ABSENT | | | |
| SUTKER-DERMER, SHELLEY | 00/00/00 | | |
| 09/14/04 MOTION DEFT - CONTINUANCE - MD | | | |
| SUTKER-DERMER, SHELLEY | 10/19/04 | 5704 | |
| 10/19/04 DEFENDANT ON BOND | | | |
| STEPHENS, EDDIE A. | 00/00/00 | | |
| 10/19/04 CONTINUANCE BY AGREEMENT | | | |
| STEPHENS, EDDIE A. | 11/23/04 | 5704 | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 002

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 04CR1671901

    LUIS        GUARIN

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
11/23/04 DEFENDANT ON BOND                          00/00/00
        STEPHENS, EDDIE A.
11/23/04 CONTINUANCE BY AGREEMENT                   01/12/05 5704
        STEPHENS, EDDIE A.
01/12/05 CONTINUANCE BY AGREEMENT                   02/24/05 5704
        STEPHENS, EDDIE A.
03/03/05 MOTION TO QUASH ARREST                     00/00/00 S        1
        STEPHENS, EDDIE A.
03/03/05 CONTINUANCE BY AGREEMENT                   03/24/05 5704
        STEPHENS, EDDIE A.
03/24/05 DEFENDANT ON BOND                          00/00/00
        STEPHENS, EDDIE A.
03/24/05 CONTINUANCE BY AGREEMENT                   04/21/05 5704
        STEPHENS, EDDIE A.
04/21/05 DEFENDANT ON BOND                          00/00/00
        STEPHENS, EDDIE A.
04/21/05 CONTINUANCE BY AGREEMENT                   05/26/05 5704
        STEPHENS, EDDIE A.
05/26/05 DEFENDANT ON BOND                          00/00/00
        STEPHENS, EDDIE A.
05/26/05 ADMONISH PER SP CT RULE 402                00/00/00
        STEPHENS, EDDIE A.
05/26/05 CONTINUANCE BY AGREEMENT                   06/23/05 5704
        STEPHENS, EDDIE A.
06/23/05 DEFENDANT ON BOND                          00/00/00
        STEPHENS, EDDIE A.
06/23/05 CONTINUANCE BY AGREEMENT                   07/20/05 5704
        STEPHENS, EDDIE A.
07/20/05 RECALL/EXEC SENT TO POLICE AGY             00/00/00
07/20/05 CHARGE AMENDED TO MISDEMEANOR     C001 00/00/00
        STEPHENS, EDDIE A.
07/20/05 PLEA OF GUILTY                    C001 00/00/00
        STEPHENS, EDDIE A.
07/20/05 JURY WAIVED                            00/00/00
        STEPHENS, EDDIE A.
07/20/05 FINDING OF GUILTY                 C001 00/00/00
        STEPHENS, EDDIE A.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 003

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 04CR1671901

LUIS       GUARIN

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
07/20/05 DEF SENT CONDITIONAL DISCHARGE    C001 00/00/00
          1 YRS
     STEPHENS, EDDIE A.
07/20/05 DEFENDANT FINED                   C001 00/00/00              $    289
     STEPHENS, EDDIE A.
07/20/05 DEF ADVISED OF RIGHT TO APPEAL          00/00/00
     STEPHENS, EDDIE A.
07/20/05 WARRANT QUASHED                         00/00/00
     STEPHENS, EDDIE A.
08/05/05 PAYMENT RECEIVED - BOND DEDUCT    B001 00/00/00 0002154      $    289



I hereby certify that the foregoing has
been entered of record on the above
captioned case.
Date 02/20/08

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

CASE 1:08-cv-02286 Document 10-7 Filed 03/15/2008 Page 43 of 61

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
         V. )
    LUIS GUARIN )        INFO. NO. 04CR-16719
           )
           )
           )

**ORIGINAL FILE COPY DO NOT REMOVE**

INFORMATION

THE PEOPLE OF THE STATE OF ILLINOIS represented by the State's Attorney of Cook County, do hereby inform and charge that against the peace and dignity of the People of the State of Illinois and in violation of the laws of the State of Illinois the herein named defendant(s) contrary to the 1992 Illinois Compiled Statutes did violate said laws of Illinois as described herein.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

00000048.0676

2004

PAGE _____ OF _____ PAGES

The State's Attorney of Cook County now appears before the Circuit Court of Cook County and in the name and by the authority of the People of the State of Illinois states that on or about MAY 28, 2004 at and within said County of Cook

LUIS GUARIN

committed the offense of          BURGLARY

in that HE, WITHOUT AUTHORITY, KNOWINGLY ENTERED INTO A MOTOR VEHICLE, TO WIT: A 2002 CHEVROLET, THE PROPERTY OF ROMAN STRNAD, WITH INTENT TO COMMIT THEREIN A THEFT,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 19-1(a)

OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED AND

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.

(Count No. 1)
Charge ID Code: 1110000
Case No. 04CR-16719

0000048.0677

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
2004

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS by the State's Attorney of Cook County,

through his Assistant State's Attorney, after first being duly sworn on his

oath, deposes and swears that the foregoing ONE count(s) in this

information has/have been read and subscribed by him as evidenced by his

signature below and that the same in each count hereby incorporated is

true.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Assistant State's Attorney

JUL 0 6 2004

Subscribed and sworn (or affirmed) to before me . . . . . . . . . . . . . , 20. . . .

by . . . . . . . . . . . . . . . . . . . .

Denise R. Oldenburger

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Notary Public

The bail is fixed at . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Official Seal
Denise R Oldenburger
Notary Public State of Illinois
My Commission Expires 05/29/07

JUDGE: . . . . . . . . . . . . . . . . . . . . . . . . . . .
Enter

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

0000048.0678

2004

# EXHIBIT 10

```
                    NOTICE OF HEARING
                    IMMIGRATION COURT
                    55 EAST MONROE ST., SUITE 1900
                    CHICAGO, IL  60603

                         DATE:  Dec 21, 2007

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO,  IL 60602

                         RE:  GUARIN-PEREZ, LUIS RICARDO


                         FILE:  43-748-996
```

     Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Jan 7, 2008 at 1:00 P.M..  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:

```
                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL  60605
```

     Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
     Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
     IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
     For information regarding the status of this case, call toll free
800-898-7180.

_____
                         CERTIFICATE OF SERVICE
This document was served by:  Mail (M)  Personal Service (P)  Fax  (F)
to:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's Atty/Rep  [X] DHS
DATE:  12-21-07        BY:  Court Staff   (SW)
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____
_____
                                                                             D1
```

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL 60603

TO:  KENNETH GEMAN & ASSOC          DATE:  Dec 21, 2007
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO, IL 60602

                              RE:  GUARIN-PEREZ, LUIS RICARDO

                              FILE:  43-748-996

        Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Jan 7, 2008 at 1:00 P.M..  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:
                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL  60605

        Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
        Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
        IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
        For information regarding the status of this case, call toll free
800-898-7180.

─────────────────────────────────────────────────
                    CERTIFICATE OF SERVICE
This document was served by:  Mail (M)  Personal Service (P)  Fax  (F)
to:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [X] ALIEN's Atty/Rep  [X] DHS
DATE:  12-21-07          BY:  Court Staff
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____

                                                            D1

12-27-07: The bond proceedings have been completed
for this case. The charging document has not
been filed with the immigration court, there-
fore this hearing date is cancelled.

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL  60603

DATE:  Jan 8, 2008

TO:  KENNETH GEMAN & ASSOC
DAVID M. COOK
33 NORTH LA SALLE ST., #2300
CHICAGO,  IL 60602

RE:  GUARIN, LUIS RICARDO


FILE:  43-748-996

    Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Jan 14, 2008 at 09:00 A.M..  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:
                        CHICAGO DETAINED
                        536 S. CLARK ST, RM B1330/1320
                        CHICAGO, IL  60605

    Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
    Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
    IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
    For information regarding the status of this case, call toll free
800-898-7180.

_____
                       CERTIFICATE OF SERVICE
This document was served by:  Mail (M)  Personal Service  (P)  Fax  (F)
to:  [ ] ALIEN  [✗] ALIEN c/o Custodial Officer  [ ] ALIEN's Atty/Rep.  [✗] DHS
DATE:  ____1-8-08____  BY: Court Staff  ___ML___
Attachments:  [✗] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____
_____
                                                                    D1

```
                         NOTICE OF HEARING
                         IMMIGRATION COURT
                         55 EAST MONROE ST., SUITE 1900
                         CHICAGO, IL  60603

                              DATE:  Jan 14, 2008

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO,  IL 60602

                              RE:  GUARIN, LUIS RICARDO


                              FILE:  43-748-996
```

Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Jan 30, 2008 at 2:00 P.M.. The alien will be
present via video conferencing. All other parties should report to the
Immigration Court located at:

```
                         CHICAGO DETAINED
                         536 S. CLARK ST, RM B1330/1320
                         CHICAGO, IL  60605
```

Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing. Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing. All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.

Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.

IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted. Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence. It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.

For information regarding the status of this case, call toll free
800-898-7180.

---

```
                       CERTIFICATE OF SERVICE
This document was served by:  Mail (M)  Personal Service  [X] Fax  (F)
to:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [X] ALIEN's Atty/Rep  [X] DHS
DATE:   1-14-08      BY: Court Staff    _____
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____
```

---

                                                                      D1

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL  60603

DATE:  Jan 30, 2008

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO, IL 60602

                              RE:  GUARIN, LUIS RICARDO


                         FILE:  43-748-996


     Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Feb 20, 2008 at 1:00 P.M..  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:
                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL  60605


     Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
     Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
     IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
     For information regarding the status of this case, call toll free
800-898-7180.

_____
                         CERTIFICATE OF SERVICE
This document was served by:  Mail (M)  Personal Service  ((P))  Fax  (F)
to:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's Atty/Rep  [ ] DHS
DATE: _____  BY:  Court Staff _____
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____
_____
                                                                            D1


*Application due on hearing date*

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
CHICAGO, IL

File: A43-748-996

In the Matter of:                                        In Removal Proceedings
LUIS RICARDO GUARIN

On Behalf of Respondent                                  On Behalf of DHS
David Cook                                               Jessica Lechter

## MOTION FOR CONTINUANCE

A Motion for Continuance has been filed by the       [ X ] Respondent/Respondent's Attorney
                                                     [  ] Office of District Counsel

The Immigration Judge has considered the Motion for Continuance and concludes that the motion should be:

[  ] DENIED because no good cause has been established for the requested continuance.

[  ] DENIED because _____
_____

[ X ] GRANTED because ___ GooD CAuSE SHUWN. _____
_____
_____.

## O R D E R

[  ] IT IS ORDERED that the motion be and is hereby DENIED.

[ X ] IT IS ORDERED that the motion be and is hereby GRANTED, and that the hearing is
rescheduled to ___ Feb. 27, 2008 @ 2:00 pm. ___

Date: __ 2/14/08 __

_____
                                    Immigration Judge

```
                    NOTICE OF HEARING
                    IMMIGRATION COURT
                    55 EAST MONROE ST., SUITE 1900
                    CHICAGO, IL  60603

                         DATE:  Feb 14, 2008

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO,  IL 60602

                         RE:  GUARIN, LUIS RICARDO


                         FILE:  43-748-996
```

        Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Feb. 27, 2008 at 2:00 P.M.. The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:
```
                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL  60605
```

        Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
        Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
        IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
        For information regarding the status of this case, call toll free
800-898-7180.

---

```
                    CERTIFICATE OF SERVICE
This document was served by: Mail (X) Personal Service  (P)  Fax  (F)
to:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  (X)ALIEN's Atty/Rep  (X)DHS
DATE:  2-14-08      BY:  Court Staff    ____
Attachments: (X)EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____
```

                                                                    D1

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL  60603

DATE:  Feb 27, 2008

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO,  IL 60602

RE:  GUARIN, LUIS RICARDO

FILE:  43-748-996

     Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Mar 10, 2008 at 1:00 P.M..  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:
                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL  60605

     Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
     Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
     IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
     For information regarding the status of this case, call toll free
800-898-7180.

─────────────────────────────────────────────
                    CERTIFICATE OF SERVICE
This document was served by: Mail (M)  Personal Service  [X] Fax  (F)
to: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [X] ALIEN's Atty/Rep  [X] DHS
DATE:  ___2-27-08___ BY: Court Staff  _____
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____
─────────────────────────────────────────────

D1

```
                    NOTICE OF HEARING
                    IMMIGRATION COURT
                    55 EAST MONROE ST., SUITE 1900
                    CHICAGO, IL  60603

                              DATE:  Mar 10, 2008
TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO,  IL 60602

                         RE:  GUARIN, LUIS RICARDO


                    FILE:  43-748-996
                         ✦
     Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Mar 24, 2008 at 1:00 P.M..  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:
                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL  60605
```

     Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing. Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
     Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
     IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
     For information regarding the status of this case, call toll free
800-898-7180.

```
                    CERTIFICATE OF SERVICE
This document was served by: Mail (M)  Personal Service  (P)  Fax  (F)
to:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [√] ALIEN's Atty/Rep  [√] DHS
DATE:  ___3/10/08___     BY:  Court Staff  _(CL)_
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____
```

                                                                    D1

        ✦  Applications due on this date.

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL  60603

DATE:  Mar 24, 2008

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO, IL 60602

RE:  GUARIN, LUIS RICARDO

FILE:  43-748-996   *Merits Hearing)*

     Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Apr 15, 2008 at 1:00 P.M..  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:
                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL  60605


     Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence, motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
     Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
     IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
     For information regarding the status of this case, call toll free
800-898-7180.

_____
                          CERTIFICATE OF SERVICE
This document was served by:  Mail (M)   Personal Service  (P)  Fax  (F)
to:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [✓] ALIEN's Atty/Rep  [✓] DHS
DATE:  ___3/24/08___  BY:  Court Staff  _pcl_
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____
_____

                                                                          D1

IMMIGRATION COURT
CHICAGO, IL  60603

In the Matter of:

**GUARIN, LUIS RICARDO**                    File:  **43-748-996**

ORDER OF THE IMMIGRATION JUDGE
TO FILE PRE-HEARING STATEMENT AND APPLICATIONS FOR RELIEF

1. Any application(s) for relief from removal must be filed with the Court by <u>N/A</u>. <u>See</u> 8 C.F.R. § 3.31(c)(1993). (The Chicago Immigration Court will not accept any fee in conjunction with a filing.) Failure to timely file a document(s) required herein shall be deemed a waiver and abandonment of any such opportunity. <u>Id.</u>

2. All applications, documents, and exhibits must be submitted on 8-1/2" X 11" size paper. They shall be two-hole punched at the top of the page with holes 2-3/4" apart. All documents and exhibits shall be indexed, paginated, and prefaced with a table of contents. <u>Accord.</u> 8 C.F.R. § 3.32(b) (1993).

3. Pursuant to 8 C.F.R. § 3.21(B)(1993) and Local Operating Procedure 2, each party is directed to file and serve no later than <u>4/1/08</u> the following in the form of a "PRE-HEARING  STATEMENT": Original + 1 copy  **(Include Affidavit)**

 a.) A list of proposed witnesses, estimate of time needed for each witness
  including the respondent and what they will establish;
 b.) A list, together with copies, of all exhibits that may be offered;
 c.) A memorandum stating the legal and factual basis for the respondent's claim
  for relief together with the respondent's affidavit stating chronically the important
  facts in his/her case;
 d.) The estimated time required to present the case;
 e.) An additional copy of all exhibits.
 f.) A letter stating when the respondent's fingerprints were applied for and taken
  by the DHS.

**<u>NOTE: Pre-hearing statement, exhibits, briefs, etc. shall not exceed 100 pages. Documents over 100 pages will be returned.  PLEASE NUMBER ALL PAGES.</u>**

4. Any party objecting to any proposed exhibit shall file and serve the objection no later than ten days prior to the individual calendar hearing. Objections must be document specific; the failure to timely file an objection shall be deemed a waiver of any such opportunity.

5. If the Service believes it is pertinent to consider an alien's criminal record, it shall file and serve by the date set for the Pre-hearing Statement a list of the alien's criminal record. This shall include the incident date, conviction date, name of court, and sentence actually imposed.

6. In a Cancellation of Removal (240A(a)) or 212 (c) case the alien shall file and serve with the exhibits noted above, copies of income tax returns submitted to the Internal Revenue Service and a Pre-sentence Investigative Report prepared in conjunction with the conviction(s) charged by the DHS. If unable to furnish it, an explanation is expected.

7. Service of any required filing on the DHS shall be addressed to the attorney who last appeared on its behalf.

8. Cases set by agreement are expected to be presented and completed within the time stipulated on the date of the individual calendar hearing.

Date:   <u>3/24/08</u>

_____PKW_____
Immigration Court Clerk

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL  60603


KENNETH GEMAN & ASSOC
COOK, DAVID M.
33 NORTH LA SALLE ST., #2300
CHICAGO, IL  60602

IN THE MATTER OF              FILE A 43-748-996      DATE: Apr 10, 2008
GUARIN, LUIS RICARDO


___  UNABLE TO FORWARD - NO ADDRESS PROVIDED


___  ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.  THIS DECISION
     IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
     WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
     SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
     YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
     MUST BE MAILED TO:     BOARD OF IMMIGRATION APPEALS
                            OFFICE OF THE CLERK
                            P.O. BOX 8530
                            FALLS CHURCH, VA  22041


___  ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
     OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
     THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
     WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
     SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
     8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
     TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                            IMMIGRATION COURT
                            55 EAST MONROE ST., SUITE 1900
                            CHICAGO, IL  60603


X__  OTHER: **JUDGE'S ORDER RE: MOTION FOR CONTINUANCE - GRANTED.**
     _____

                                    COURT CLERK
                                    IMMIGRATION COURT                    FF

     CC: PATRICK MCKENNA
         55 East Monroe, Suite 1700
         Chicago, IL,  60603

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
CHICAGO, IL

File: 43-748-996

In the Matter of:                                    In Removal Proceedings
GUARIN, LUIS RICARDO

On Behalf of Respondent                              On Behalf of DHS
David Cook                                           Patrick McKenna

MOTION FOR CONTINUANCE

A Motion for Continuance has been filed by the     [ X ] Respondent/Respondent's Attorney
                                                   [   ] Office of District Counsel

The Immigration Judge has considered the Motion for Continuance and concludes that
the motion should be:

[   ]  DENIED because no good cause has been established for the requested
continuance.

[   ]  DENIED because
_____
_____

[ ✓ ]  GRANTED because
_____ GOOD CAUSE SHOWN _____
_____
_____.

ORDER

[   ]  IT IS ORDERED that the motion be and is hereby DENIED.

[ ✓ ]  IT IS ORDERED that the motion be and is hereby GRANTED, and that the
hearing is rescheduled to ___May 1, 2008___.

Date: ___April 9, 2008___                    _____
                                                  Immigration Judge

*Note new date — per your information*
*Not May 1, 2008*                    *(PLW)*

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL  60603

                              DATE:  Apr 10, 2008

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO,  IL 60602

                         RE:  GUARIN, LUIS RICARDO


                         FILE:  43-748-996


     Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on May 8, 2008 at 1:00 P.M.. The alien will be
present via video conferencing. All other parties should report to the
Immigration Court located at:                    *Attention! Your Hearing*
                    CHICAGO DETAINED              *Has been rescheduled.*
                    536 S. CLARK ST, RM B1330/1320 *Disregard any notice*
                    CHICAGO, IL  60605            *you may have received*
                                                 *before the above date.*

     Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing. Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing. All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
     Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
     IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted. Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence. It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
     For information regarding the status of this case, call toll free
800-898-7180.
_____
                    CERTIFICATE OF SERVICE
This document was served by:  Mail (M)  Personal Service  (P)   Fax  (F)
to:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  (M) ALIEN's Atty/Rep  (M) DHS
DATE:  __4/10/08__        BY:  Court Staff  _PLW_
Attachments: [✓] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____
_____
                                                                    D1

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
Immigration Court
Chicago, IL 60605

RE:  **GUARIN, LUIS RICARDO**                              DATE: May 8, 2008
FILE:  **43-748-996**
        DHS CUSTODY
        CHICAGO, IL 60604

Please take notice that the above captioned case has been scheduled for a Master/Individual hearing before an Immigration Judge on ___MAY 29, 2008___ at ___3:00 PM___ at

[  ] 536 S. Clark St., Room B1320/1330, Chicago, IL 60605

[ X ] THIS CASE WILL BE HEARD BY TELEVIDEO. The Judge will preside at the Chicago Detained Immigration Court at 536 S. Clark, Room B1330, while the respondent will be brought in to the DHS location at McHenry, IL.

You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court. Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear, in order to permit you the opportunity to obtain an attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed. You can request an earlier hearing in writing.

Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions: (1) You may be taken into custody by the Immigration and Naturalization Service and held for further action. OR (2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act. An order of removal will be entered against you if the Immigration and Naturalization Service establishes by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT CHICAGO, IL THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR PHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERY TIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33. ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR. IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS." CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

A list of free legal service providers has been given to you. For information regarding the status of your case, call toll free 1-800-898-7180 or 703-305-1662.

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P  )    FAX (F)
TO:    [  ] ALIEN    [  ] ALIEN c/o Custodial Officer    [ ✓ ] ALIEN'S ATT/REP    [ ✓ ] DHS
DATE: May 8, 2008                         BY: COURT STAFF___ CPK___
  Attachments:   [  ] EOIR-33    [  ] EOIR-28    [  ] Legal Services List    [  ] Other

Administrative Control Court: Immigration Court, 55 E. Monroe, Ste. 1900, Chicago, IL 60603**
Hearing Conducted by Video Conference

**NOTE: PLEASE MAIL ANY CORRESPONDENCE TO THE ADMINISTRATIVE CONTROL COURT****