UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS RICARDO GUARIN-PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | 08 C 2286 |
| v. | ) | |
| | ) | |
| | ) | Judge Matthew J. Kennelly |
| DANIEL J. SEDLOCK, Jr., Jail | ) | |
| Administrator,  McHenry County Jail, | ) | |
| et al., | ) | |
| Respondent. | ) | |

**RESPONDENT'S RESPONSE IN OPPOSITION TO
THE MOTION FOR TEMPORARY RESTRAINING ORDER**

On May 7, 2008 petitioner Guarin-Perez (Guarin-Perez) filed a motion for a temporary restraining order (TRO) seeking the district's court's intervention in his immigration case, and requesting that this court "temporarily enjoin the respondents from continuing to detain him under the color of authority of section 236(c)of the Immigration and Nationality Act. . ." (Motion p. 1). The respondents oppose this motion as  Guarin-Perez is a convicted criminal alien who, as such, is in the mandatory custody of Immigration and Customs Enforcement (ICE) for the duration of his immigration removal proceedings, and the amount of time that he has been detained pending the case is not unreasonable in light of the statutory authority and current case law. He challenges this detention overall in his Petition for Writ Of Habeas Corpus, filed on April 22, 2008, however this opposition is filed  in response to the court's order directing briefing on the TRO only.

**Introduction**

Guarin-Perez is a native and citizen of Columbia who became a  lawful permanent resident of the United States on June 19, 1993. Govt. Ex. 1 However, he has been convicted of several crimes, including burglary, theft, and aggravated battery of a peace officer, in violation of Illinois law.  Govt.

Ex.1, p.2 . As a result of these criminal convictions, Guarin-Perez was placed in removal proceedings by ICE when they served him with the charging document, a Notice to Appear, (NTA) which according to both the statute and regulations commences removal proceedings against petitioner. *Id., see also* 8 U.S.C.§1229 and 8 C.F.R.§239.1. and 239.2.  Pursuant to the immigration statute, since Guarin-Perez has been convicted of two crimes involving moral turpitude, he is detained without bond pending the outcome of those proceedings.  Govt. Ex. 2;  *see also* 8 U.S.C. §1226(c).

### Facts

Guarin-Perez was taken in to ICE custody on November 29, 2007 and in accordance with 8 C.F.R. §287.3(d) a decision to continue custody and issuance of the NTA  were served upon him the same day by ICE officials based upon the criminal convictions which subject him to removal under the Immigration and Nationality Act at 8 U.S.C.§§1227(a)(2)(A)(i) and (a)(2)(A)(ii).  Govt. Ex. 1, Govt. Ex. 2.  On that same day, he signed the certificate of service on the charging document, acknowledging that he had received it and that he was given a list of legal services available.  Govt. Ex.1, p. 2. Also on November 29, 2007, Guarin -Perez was given a Notice of Custody Determination, Form I-286, which he signed acknowledging receipt thereof.  Govt. Ex. 2.  The Notice of Custody Determination notified Guarin-Perez that he was being held in immigration custody pursuant to 8 U.S.C. §1226(c) without bond as he was determined by ICE to be removable based upon his multiple criminal convictions.  *Id,* referencing the immigration statute at Sections 1227(a)(2)(A)(i) and (a)(2)(A)(ii)).

On December 11, 2007, petitioner's attorney filed a notice of appearance and on December 14, 2007, he filed a request for bond redetermination before the immigration judge. Govt. Ex.3.  In his motion for bond hearing, Guarin-Perez's attorney states that while he is requesting a bond hearing, according to 8 C.F.R. §1003.14(a): "no charging document is required to be filed with the

Immigration Court to commence bond proceedings." *Id.* (Motion, p. 1). A bond hearing was then scheduled, and on December 21, 2007 the immigration judge reviewed petitioner's request for a bond. Govt. Ex. 4. At that bond hearing the immigration judge denied petitioner's request and maintained the no bond custody decision. *Id.* Guarin-Perez subsequently filed an appeal to the Board of Immigration Appeals, (Board), however the decision of the immigration judge was affirmed and the appeal was dismissed. Habeas Petit. Ex. 12.

Following the bond hearing, the charging document was served on the immigration court, and petitioner's first removal hearing was set for January 7, 2008. Govt. Ex. 5, p.1. On January 8, 2008, the case was continued until January 14, 2008. *Id.* at 2. On January 14, 2008 the case was continued again until January 30, 2008, and then on January 30th it was continued until February 20, 2008 with applications for relief due on the hearing date. *See* Govt. Ex. 5 pp.3-4. Throughout these various hearings, preliminary matters such as pleadings, legal arguments, and submission of documents and applications by both sides are typically handled in preparation for a final hearing on the merits. (*See* Govt. Ex. 5, p. 4) On February 14, 2008, one week before the applications for relief were due at the hearing, Guarin-Perez (the "respondent" in removal proceedings), through counsel, requested a continuance from the immigration judge. Govt. Ex. 6. The immigration judge granted this continuance request, and reset the hearing to February 27, 2008. *Id.*

On February 27, 2008 the case was continued again until March 10, and then March 24th, with the final merits hearing scheduled to occur on April 15, 2008. Govt. Ex. 7, pp. 1-4. At the hearing held on March 24th, the immigration judge gave each party a copy of his order to file pre-hearing statements and applications for relief by April 1, 2008. *Id.* at p. 4. However, on March 26, 2008, petitioner Guarin-Perez again filed a request for a continuance— this time the request was to continue the call-up date for the documents supporting his applications for relief, based upon his

attorney's schedule. Govt. Ex. 8.  The request for continuance was granted by the immigration judge

once again.  *Id.*  Subsequently, the case was rescheduled once more from May 1, 2008 to May 8,

2008, at which time the case was heard on the merits.  *Id.*  Finally, the case has been continued for

decision of the immigration judge to May 29, 2008.  *Id.*

**Argument**

**I.    Standard Of Review**

In determining whether injunctive relief should be granted, the court considers: (1) the

likelihood of irreparable harm to the movant if the relief is denied; (2) the likelihood of harm to the

non-moving party if the relief is granted; (3) the likelihood that the movant will prevail on the merits;

and (4) the public interest.  *See Lucacela v. INS,* 161 F.3d 1055 (7th Cir. 1998).  In Guarin-Perez's

case, he is a criminal alien who seeks immediate release from the custody of ICE while his removal

proceedings are ongoing, despite the mandatory custody provisions of the immigration statute which

have been upheld as constitutional by the Supreme Court.  *Demore v. Kim*, 538 U.S. 510 (2003).

Given that petitioner has already filed a petition for writ of habeas corpus, his request for a temporary

restraining order or injunctive relief to force ICE to release him is premature, and is not justified by

the law or the specific facts of this case.

**A.  The Likelihood of Irreparable Harm to Guarin-Perez If The Relief is Denied.**

While petitioner states in his motion that his detention is unreasonable and unconstitutional,

and therefore, he will suffer irreparable harm as a result of it, respondents respectfully submit that

while there has been some delay in the overall timing of his case, it is not completely attributable to

the government, as petitioner himself extended the deadlines and hearing dates twice in the period

that he has been detained. Govt. Ex. 6 and 7.  Furthermore, once the merits hearing was held on May

8, 2008 where both parties presumably were able to present all evidence in favor of their case, there

4

has been no unnecessary delay and petitioner should have a decision on the removal hearing within ten days.  (*See* Govt. Ex. 8)

Petitioner refers to the "affirmative misconduct" on the part of ICE, as well as the fact that he claims the purported delay of filing the charging document exacerbated "an unreasonable and prolonged detention."  Motion for TRO at 3.  However, Guarin-Perez is a convicted criminal, who under the immigration statute is subject to mandatory detention pending his removal proceedings because of that criminal history.  *See* Govt. Ex. 1, 8 U.S.C. §1226(c).  His detention is required by the immigration statute and the courts have consistently held that this is constitutional absent a showing of inordinate or unreasonable delay.  *Demore v. Kim, supra, Hussain v. Mukasey,* 510 F.3d 739(7th Cir. 2007). As the Seventh Circuit held, "even if the [administrative] delay was unconscionable, was not procured in whole or part by [petitioner] himself, and was of such a length as to infringe his rights because he was denied release throughout the protracted proceedings, it would not do to order his release now, when the removal proceedings are in their final stage." *Hussain at* 743.   In Guarin-Perez's case, the immigration judge has set a ruling date for ten days from the date of this filing; while petitioner may choose to file an appeal of that decision if it is adverse to him, at this point, that is unknown, and may never come to pass, should the judge grant him any relief from removal.  It is premature to interject at this point when in fact, the proceedings may be in "their final stage" and the detention has not been inordinately delayed.

While petitioner refers to no "footdragging" that may be attributable to himself, the facts simply do not bear that out to be true.  (*See* Govt. Ex. 6, 7, and 8).  Upon request for a custody hearing by petitioner's attorney, one was scheduled within a week.  Govt. Ex. 3.  And while petitioner makes much of the argument that the government did not serve the charging document (NTA) on the immigration court promptly, thereby delaying the initiation of removal proceedings, this argument

is without legal merit, and he concedes in his appeal brief before the Board: "In presenting this argument before the Board, the Respondent concedes that he is unable to find within the pertinent statutory provisions or regulations codified requirement that proscribes a time period or time fra me for the commencement of removal proceedings against a continuously detained alien." (Habeas Petit. Ex. 10, p.13). Under the immigration statute and the concurrent regulations, it is the *issuance* of the Notice to Appear to the alien which constitutes the initiation of removal proceedings. 8 U.S.C. §1229 "Initiation of Removal Proceedings" and 8 C.F.R. §239.1(b) and 239.2 (a), *et seq.* Under the statute, "In removal proceedings under section 240 [8 U.S.C. §1229a] written notice (in this section referred to as a "notice to appear") shall be given in person to the alien . . ." 8 U.S.C. §1229(a).

Thus, the statute distinguishes between the "initiation of proceedings" under §1229 and the removal proceedings as conducted by the immigration judge under §1229a. Therefore, with respect to petitioner's claims of irreparable harm as it relates to his custody, the initiation of proceedings by ICE was done promptly within the time frame mandated by the regulations under 8 C.F.R. §287.3(d) as he was served with the charging document and given notice of his custody determination within 48 hours of his arrest and initial detention. Govt. Ex. 1, 2. The fact that the NTA was not served upon the immigration court until January does not merit an actionable claim in the law as it is written, and therefore petitioner can claim no actual irreparable harm as a result of that. And he certainly cannot establish "willful, wanton, and reckless" conduct by ICE in delaying the service of the NTA on the immigration court such that it would rise to the level of affirmative misconduct to establish equitable estoppel as he suggests under the common law. *See INS v. Hibi,* 414 U.S. 5 (1973); *Fano v. O'Neill,* 806 F.2d 1262 (5th Cir. 1987).

He was given the opportunity to contact legal representation, and was afforded the notice that he was subject to mandatory custody. *Id.* Upon his attorney's request for a hearing on the custody,

6

petitioner was granted that and he was given all opportunities attendant to those rights.  8 C.F.R.

§1003.14 (a) provides that the immigration judge may commence the custody hearing without the

charging documents having been filed. Guarin-Perez also had the ability  to file an appeal of the

adverse custody decision and to challenge his removability at his subsequent hearing.  The regulations

allow an alien to seek review of the initial custody determination made by ICE before the immigration

judge at any time before the issuance of a final order of removal.  8 C.F.R. 236.1(d)(1).  As a result,

and based upon the Seventh Circuit's reasoning in the *Hussain* case it is unlikely that petitioner

Guarin-Perez has suffered or will suffer irreparable harm in the immediate future if he is not granted

the TRO by this court.

###     B.     There is a Likelihood of Irreparable Harm to the Government and It Is Clearly Not  in the Public's Interest to Grant the Requested TRO.

The government has identified that petitioner Guarin-Perez is a convicted criminal who

is removable on two grounds of the immigration statute.  Govt. Ex.1.  As such, there is a legitimate

concern that he is a danger to the community at large and that he is a flight risk.  Based upon the

governmental interest in detaining a potentially dangerous criminal, it would create irreparable harm

to immediately release him without the completion of the removal proceedings to determine his

removability and whether or not he is entitled to any relief from removal.  The government has

followed the proper procedures in placing Guarin-Perez in removal proceedings and under the statute

he is not entitled to release at this time based upon his criminal convictions.  Furthermore, Guarin-

Perez has not demonstrated that his actions in contributing to a delay on at least two occasions are

excused or did not exacerbate his alleged prolonged and unreasonable detention. Govt. Ex. 6-8.

While Guarin-Perez refers consistently to the government's delay and potential "affirmative

misconduct" in delaying the proceedings by not filing the Notice to Appear until early January 2008, his requests for continuance resulted in total to several weeks' worth of delay in the proceedings. *Id.* To release him at this time would create a dangerous precedent that rewards those who file injunctive actions before their case is even decided by the immigration judge. The hearing on the merits of his case was completed on May 8[th] and the immigration judge is not creating any inordinate or unreasonable delay, rather he has set the matter for decision promptly on May 29, 2008. That date is exactly three weeks from the completion of Guarin-Perez's removal hearing on the merits.

It is in the interest of the government and the public in general that the removal proceeding move as quickly as possible as well. Recent amendments to the INA reflect a strong public interest in removing illegal aliens as expeditiously as possible from the United States. Sen. Jud. Comm. Rep., No. 104-249 at 7, (reproduced at 1996 WL 180026 at 15), 104th Cong, 2d Sess. (1996)("Aliens who violate U.S. immigration law should be removed from this country as soon as possible. Exceptions should be provided only in extraordinary cases specified in the statute and approved by the Attorney General."). As the Seventh Circuit stated in *Parra v. Perryman,* 172 F.3d 954, (7th Cir. 1999): "[a] criminal alien who insists on postponing the inevitable has no constitutional right to remain at large during the ensuing delay, and the United States has a powerful interest in maintaining the detention in order to ensure that removal actually occurs." 172 F.3d 958. The harm done to the government by allowing Guarin-Perez's immediate release thus is clear in that its mission to protect the public from criminals who may have no viable interest in remaining in the United States pending their hearings will be severely and negatively impacted. It is imperative that at least until a determination can be made regarding his removability he should not be released. "[T]he public interest is substantial given the high flight rate of those released on bail." *Parra, supra* at 958.

8

C.    **It Is Unlikely that Guarin-Perez Will Prevail on the Merits of His Habeas Claim**

1.    **Guarin-Perez's current seven month detention pursuant to the mandatory detention provision of the INA does not violate his Fifth Amendment right to due process.**

Guarin-Perez is currently detained under the so-called "mandatory detention" provisions of the INA, found in INA § 236(c), 8 U.S.C. § 1226(c).  This subsection provides that "[t]he Attorney General *shall* take into custody any alien who" is removable from this country because he has been convicted of one of a specified set of crimes.  Title 8 U.S.C. § 1226(c)(emphasis added).  Included in this list are aliens who, like petitioner, are deportable because they have been convicted of two "crimes involving moral turpitude."  8 U.S.C. §§ 1226(c)(1)(B), 1227(a)(2)(A)(i) and (ii).

After the Attorney General takes an alien into custody and orders him detained under section 1226(c), a "*Joseph* hearing" before an IJ is "immediately provided" if the alien claims he or she is not subject to mandatory detention.  *See In re Joseph*, 22 I. & N. Dec. 799 (BIA 1999)(noting that a *Joseph* hearing provides an alien "the opportunity to offer evidence and legal authority on the question whether the Service has properly included him within a category that is subject to mandatory detention"); *see also* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)(explaining that an IJ may redetermine the initial custody and bond determination of the district director any time before a final deportation order).  "At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention."  *Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708, 1712 n.3 (2003).

The IJ's ultimate detention decision "may be based upon any information that is available to

the [IJ] or that is presented to him or her by the alien or the Service." 8 C.F.R. § 1003.19(d). If the IJ determines the alien does fall within section 1226(c), then he is without authority to conduct an individualized bond determination. See 8 C.F.R. § 1003.19(h)(1)(i)(E). However, if the IJ determines the alien does not fall within section 1226(c), then he may consider the question of bond. *See In re Joseph*, 22 I. & N. Dec. 799 (BIA 1999)("A determination in favor of an alien on this issue does not lead to automatic release. It simply allows an [IJ] to consider the question of bond. ..."). The IJ's ruling may be appealed to the BIA for review under the same governing principles. See 8 C.F.R. §§ 236.1(d)(3) and 1236.1(d)(3). In this case, Guarin-Perez disputes that he is within the terms of the mandatory detention statute because he argues that his crime of aggravated battery against a peace officer may not be a crime involving moral turpitude—a legal issue which must be resolved in the first instance by the immigration judge. (Habeas Petit. Ex. 10). Nevertheless, he asserts that his continued detention beyond the seven months he has already been held violates his right to due process.

The Fifth Amendment entitles aliens to due process of law in deportation proceedings. *Reno v. Flores,* 507 U.S. 292, 306 (1993). In *Flores*, the Supreme Court held that the due process clause of the Fifth Amendment includes a substantive component that forbids the government from infringing on an alien's fundamental liberty interests without narrowly tailoring the infringement to serve a compelling government objective. *Id.* at 302. However, as a criminal alien illegally in the United States, there is no constitutional, statutory, or regulatory right to be at liberty in the United States prior to the entry of a final, administrative order in removal proceedings. *See Carlson v. Landon,* 342 U.S. 524, 537-42 (1952); *Shaughnessy v. United States, ex rel. Mezei,* 345 U.S. 206 (1953); Section 1226(a)(1) of the INA, 8 C.F.R. §1236.1(d)(1). An alien subject to detention under

10

section 236(a) of the Act bears the burden of establishing that he is not likely to abscond, is not a

threat to the national security, and is not a threat to the community. *See Matter of Adeniji,* 22 I&N

Dec. 1102, 1111-12 (BIA 1999).

In *Demore v. Kim*, 538 U.S. 510, 526-31 (2003), the Supreme Court addressed the

constitutionality of mandatory detentions in the pre-removal order time period, the situation presented

in the present case.  Relying on the important governmental objective of preventing the flight of

removable aliens, *Kim* held that mandatory detention without an individualized bail determination

under 8 U.S.C. § 1226(c) is constitutionally permissible during the "limited period" of the removal

proceedings.  *Id.* at 531. In *Kim*, a lawful resident alien who was also a convicted criminal like

Guarin-Perez,  asserted that the government could not, consistent with the Due Process Clause of the

Fifth Amendment, detain him for the brief period necessary to complete his removal proceedings.

538 U.S. at 523.  Rejecting this contention, the Court stated that:

> this Court has recognized detention during deportation proceedings as
> a constitutionally valid aspect of the deportation process.  As we said
> more than a century ago, deportation proceedings "would be in vain if
> those accused could not be held in custody pending the inquiry into
> their true character."  *Wong Wing v. United States,* 163 U.S. at 235
> (1896); *see also Flores, supra* at 305-306; *Zadvydas,* 533 U.S. at 697
> (distinguishing constitutionally questioned detention there at issue
> from "detention pending a determination of removability"); *id.* at 711
> (KENNEDY, J., dissenting)("Congress' power to detain aliens in
> connection with removal or exclusion. . .is part of the legislature's
> considerable authority over immigration matters").

*Kim*, 538 U.S. at 523.

The *Kim* Court also took pains to distinguish its facts from *Zadvydas v. Davis,* 538 U.S. 678

(2001), a case that petitioner Guarin-Perez refers to in his motion for a TRO.  *Kim* first noted that "in

*Zadvydas*, the aliens challenging their detention following final orders of deportation were ones for

11

whom removal was no longer practically attainable." *Id*. at 527. This was because no country would accept the aliens in the *post-removal period*, after the INS had issued its final order of deportation. *Id.* In *Kim*, on the other hand, the petitioner (like the petitioner in this case) challenged his mandatory detention prior to the final order of removal, at a time when the proceedings had a foreseeable end. *Id*. at 527-29. *Kim* concluded that "[s]uch detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528.

*Kim* further noted that while "the period of detention at issue in *Zadvydas* was 'indefinite' and 'potentially permanent,' ... the detention here is of much shorter duration." *Id*. The Court explained:

> *Zadvydas* distinguished the statutory provision it was there considering from § 1226 on these very grounds, noting that "post-removal-period detention, *unlike detention pending a determination of removability* ... has no obvious termination point. ... Under § 1226(c), not only does detention have a definite termination point, in the majority of cases it lasts for less than the 90 days we considered presumptively valid in *Zadvydas*.

*Kim*, 538 U.S. at 529 (emphasis in original; internal citations omitted). Accordingly, the Court concluded that "[d]etention during removal proceedings is a constitutionally permissible part of that process," and that the "INS detention of respondent, a criminal alien who conceded that he is deportable, for the limited period of his removal proceedings," was constitutional. *Id*. at 531.

The rationale of *Kim* directs the result of this case. Like the criminal alien in *Kim*, the petitioner here is being detained *pending removal proceedings* for a time period that has a definite end, and until the immigration judge rules in the first instance on his claims, petitioner Guarin-Perez does not yet know what the result of his requests for relief will be. Additionally, as the Seventh Circuit notes in its recent *Hussain* decision, *"[Kim]* holds that the principle of *Zadvydas* does not

12

require release *pending* judicial review of the removal order . . .the difference between the two cases, as pointed out in *Kim*, is that an alien who is ordered removed could languish in detention for the rest of his life if no country could be persuaded to accept him, whereas judicial review of removal orders takes only a limited amount of time and if there is hardship to the petitioner the court can agree to expedite the proceeding." *Hussain,* 510 F.3d at 742.  And in a similar argument as the one made by Guarin-Perez, petitioner Hussain  attempted to argue that because he had been— in his opinion— detained improperly for more than two years "due process bars his detention for another minute. . ." 510 F.3d 743.  Hussain in fact sought a type of "comp time" approach for the "unlawful denial of release during administrative proceedings." *Id.*  But, as the court held, that theory "won't wash." *Id.*

Guarin-Perez urges that the district court in this matter grant the TRO releasing him immediately, apparently on the basis that he will prevail ultimately on the underlying habeas, because he has, in his opinion, been wrongfully detained.  However, he cannot claim that there is no basis for his detention during removal proceedings such that the Great Writ should be utilized "to prevent detention by the Executive Branch without trial." *Parra v. Perryman,* 172 F.3d 954, 957 (7th Cir. 1999)(citations omitted).  The *Parra* decision interpreted the use of the Great Writ under Art. I, §9, cl. 2, to include preventing unlawful detention without trial in instances where there may be "claims by persons detained under §1226(c) who say they are citizens rather than aliens, who contend that they have not been convicted of one of the felonies that authorizes removal, or who are detained indefinitely because the nations of which they are citizens will not take them back in-in which resort to the Great Writ may be appropriate." *Id.* Yet, Guarin-Perez's case does not fall within those categories—he does not dispute that he was "convicted" of any of his crimes; just that one of his crimes may not be categorized in the way ICE officials have defined it as a crime involving moral

13

turpitude.  As such he remains "an alien removable because of his criminal convictions."  *Id.*

The government acknowledges that petitioner's NTA was not filed with the immigration court immediately after petitioner received his notification of the initiation of removal proceedings. However, this delay did not impede his ability to seek release from custody at any time after he received the notification of custody determination (Govt. Ex. 2), and the regulations clearly permit the immigration judge to hold a bond hearing without the charging documents having been filed.  8 C.F.R. §1003.14(a).  Furthermore, as the facts and exhibits demonstrate, petitioner Guarin-Perez's "own administrative motions and continuances are at least partially responsible for the length of proceedings."  *Ovchinnikov v. Clark*,  —F.Supp.2d--- 2008 WL 539028 (W.D. Washington at Seattle)(Feb. 25,2008).  As the Seattle district court quoted *Kim,* "petitioner's request for continuance justified the "somewhat longer than average" removal proceedings," *Id,* quoting *Kim v. Demore,* 538 U.S. at 530-531.

Petitioner's detention has not yet reached the threshold of unconstitutionality set forth in *Zadvydas, Kim* and its progeny.  *Hussain* now provides some guidance in the Seventh Circuit following that line of cases from the Supreme Court and beyond, and it suggests that there may be a time when a claim to release is available, but  upon a showing of some "inordinate delay," the basis of which would appear to be some unreasonable and possibly unconscionable delay.  510 F.3d 739 (7th Cir. 2007).  In a situation such as the present case, where both parties have caused some administrative delay, it would  be difficult to state, as the court did in *Hussain,* that the delay "was of such a length as to infringe his rights because he was denied release throughout the protracted proceedings. . ."  The petitioner's right to release in a custody hearing was never the subject of delay–he asked for a bond hearing on December 14, 2007 and received his hearing just one week

14

later.  And it is difficult to say that Guarin-Perez has been subjected to "protracted proceedings," when in fact his own motions and requests for continuances contributed to several weeks' worth of delay.  The case is now proceeding expeditiously, as the merits hearing was held promptly, and efficiently closed within one day, including petitioner's application for relief and testimony of witnesses in the immigration hearing held on May 8, 2008.

### Conclusion

In sum, while the administrative process may yet take ten days to complete (with an additional delay if there is an adverse decision and petitioner files an appeal to the Board and a  petition for review in the Circuit Court of Appeals), the proceedings in this case have a definite termination point, and the length of petitioner's detention to date has not yet caused a constitutional problem. *See Achim v. Ali*, 342 F.Supp.2d 769 (N.D. Ill. 2004)(holding that a 28-month detention during removal proceedings did not violate due process, where petitioner, who was ordered released on bond, was nevertheless detained pursuant to an automatic government stay of release that was definite in time).

For the reasons set forth above, the  respondent respectfully requests that this court deny the TRO as Guarin-Perez is not entitled to injunctive relief at this time.

Respectfully Submitted,
PATRICK J. FITZGERALD
United States Attorney

By: s/ Sheila McNulty
SHEILA McNULTY
Special Assistant United States Attorney
Chicago, Illinois
(312) 353-8788
sheila.mcnulty@usdoj.gov

16

# GOVERNMENT EXHIBIT 1

U.S. Department of Homeland Security

# Notice to Appear

## In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID : 266850080          FIN #: 1068113861          File No: A043 748 996

Event No: XCH0811000044

In the Matter of: Luis Ricardo GUARIN AKA: Rivera, JORGE ; Abril, FELIPE ; Medina,
PEDRO V; Popeye-Rivera, JORGOE ; Guevara, CARLOS ; Gomez, JOHN ;

Respondent: _____ (CONTINUED ON I-831) _____ currently residing at:

101 W CONGRESS PKWY , CHICAGO ILLINOIS 60605

_____

(Number, street, city and ZIP code)                    (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
       See Continuation Page Made a Part Hereof

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following
provision(s) of law:
       See Continuation Page Made a Part Hereof

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution
   or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30(f)(2) ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

_____

(Complete Address of Immigration Court, including Room Number, if any)

on a date to be set   at   a time to be set   to show why you should not be removed from the United States based on the

   (Date)                    (Time)

charge(s) set forth above.                    ROBIN C. BUCKLEY          GROUP SUPERVISOR

                                         (Signature and Title of Issuing Officer)

Date: November 29, 2007          Chicago, Illinois

                                         (City and State)

See reverse for important information                    Form I-862 (Rev. 08/01/07)

U.S. Department of Homeland Security                Continuation Page for Form ___I862___

| Alien's Name | File Number | Date |
|---|---|---|
| Luis Ricardo GUARIN | A043 748 996<br>Event No: XCH0811000044 | November 29, 2007 |

Respondent:
-----------
Clemente, LUIS ; Garcia, RAMON ; Colon, RICARDO ; Perez, JUARIN ;


THE SERVICE ALLEGES THAT YOU:
==============================
1. You are not a citizen or national of the United States;
2. You are a native of COLOMBIA and a citizen of COLOMBIA;
3. You were admitted to the United States at Miami, Florida on or about   January 1, 1987 as a B2 VISITOR;
4. Your status was adjusted to that of lawful permanent resident on 06/19/1993 under section 245 of the Act;
5. You were, on 09/20/2005 , convicted in the Circuit Court [at] Cook County, Illinois for the offense of BURGLARY , in violation of 720 ILCS5.0/19-1-A;
6. You were, on 06/26/1997, convicted in the Circuit Court [at] Cook County, Illinois for the offense of AGGRAVATED BATTERY/PEACE OFFICER, in violation of 720 ILCS 5/12-4(B)(6);
7. You were, on 03/16/1992 , convicted in the Circuit Court [at] Cook County, Illinois for the offense of THEFT , in violation of 720 ILCS 5/16-1(a)(1);
8. These crimes did not arise out of a single scheme of criminal misconduct.
9. For that offense, a sentence of one year or longer may be imposed.


ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
==============================================================================

Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

Section 237(a)(2)(A)(i) of the Immigration and Nationality Act, as amended, in that you have been convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed.

| Signature | Title |
|---|---|
| ROBIN C. BUCKLEY | GROUP SUPERVISOR |

___3___ of ___3___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents, which you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or removable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departure voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the DHS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this preceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to one of the offices listed in 8 CFR 241.16(a). Specific addresses on locations for surrender can be obtained from your local DHS office or over the internet at http://www.ice.gov/about/dro/contact.htm. You must surrender within 30 days from the date the order becomes administratively final, unless you obtain an order from a Federal court, immigration court, or the Board of Immigration Appeals staying execution of the removal order. Immigration regulations at 8 CFR 241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Act.

---

**Request for Prompt Hearing**

To expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge.

Before: _____ SSA          x _____
        *(Signature and Title of Immigration Officer)*          *(Signature of Respondent)*

                                                       Date: 11-29-07

---

**Certificate of Service**

This Notice To Appear was served on the respondent by me on  November 29, 2007 , in the following manner and in compliance with section 239(a)(1)(F) of the Act.

[X] in person          [ ] by certified mail, returned receipt requested          [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[X] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____ Spanish _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

x _____          FRANK COLON          SENIOR SPECIAL AGENT
*(Signature of Respondent if Personally Served)*          *(Signature and Title of officer)*

# GOVERNMENT EXHIBIT 2

U.S. Department of Homeland Security

**Notice of Custody Determination**

Luis Ricardo GUARIN AKA: Rivera, JORGE ; Abril, FELIPE ; Medina,
PEDRO V; Popeye-Rivera, JORGOE ; Guevara, CARLOS ; Gomez, JOHN
...(SEE I-831)

Event No: XCH0811000044
File No: A043 748 996
Date: 11/29/2007
FIN#: 1068113861

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8,
Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in
your case, and in the event you are ordered removed from the United States, until you are taken into custody for
removal, you shall be:

      ☒ detained in the custody of the Department of Homeland Security.
      ☐ released under bond in the amount of $_____
      ☐ released on your own recognizance.

☐ You may request a review of this determination by an immigration judge.
☐ You may not request a review of this determination by an immigration judge because the Immigration and
Nationality Act prohibits your release from custody.

237 (a)(2)(A)(i)
237 (a)(2)(A)(ii)

ROBIN C. BUCKLEY
_____
(Signature of authorized officer)

GROUP SUPERVISOR
_____
(Title of authorized officer)

Chicago, Illinois
_____
(Office location)

☒ I do  ☐ do not request a redetermination of this custody decision by an immigration judge.
☒ I acknowledge receipt of this notification.

_____
(Signature of respondent)

11-29-07
_____
(Date)

---

### RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge    ☐ DHS Official    ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:
☐ No change - Original determination upheld.    ☐ Release - Order of Recognizance
☐ Detain in custody of this Service.    ☐ Release - Personal Recognizance
☐ Bond amount reset to _____    ☐ Other: _____

_____
(Signature of officer)

Form I-286 (Rev. 08/01/07)

U.S. Department of Homeland Security

Continuation Page for Form _I286_

| Alien's Name<br>Luis Ricardo GUARIN | File Number<br>A043 748 996<br>Event No: XCH0811000044 | Date<br>November 29, 2007 |

```
OTHER ALIASES KNOWN BY:
-----------------------
Clemente, LUIS
Garcia, RAMON
Colon, RICARDO
Perez, JUARIN
```

| Signature<br><br>ROBIN C. BUCKLEY | Title<br><br>GROUP SUPERVISOR |

_2_ of _2_ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

# GOVERNMENT EXHIBIT 3

OMB#1125-0006

U.S. Department of Justice
Executive Office for Immigration Review
*Immigration Court*

**Notice of Entry of Appearance as Attorney or
Representative Before the Immigration Court**

COPY

---

I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s):

**NAME:**   Luis              Ricardo              GUARIN-PEREZ

(First)          (Middle Initial)              (Last)

**ADDRESS:**   c/o Dodge Cty. Dtn. Ctr. 216 W. Center St.

(Number & Street)                              (Apt. No.)

Juneau              Wisconsin              53039

(City)              (State)              (Zip Code)

DATE (mm/dd/yy): _____

ALIEN NUMBER(S) (List lead alien number and all family member alien numbers and names, if applicable. Continue on next page as needed.)

**A43-748-996**

---

Please check one of the following:

☒ **1.**   I am a member in good standing of the bar of the highest court(s) of the following state(s), possession(s), territory(ies), commonwealth(s), or District of Columbia:

Full Name of Court
**Illinois Supreme Court**

State Bar No. (If applicable)
**6277286**

(Please use space on the reverse side to list additional jurisdictions.)

I ☒ am not (or ☐ am - explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions (other than federal courts) where I am licensed to practice law.

☐ **2.**   I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review pursuant to 8 C.F.R. § 1292.2 (provide name of organization):

☐ **3.**   I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 1292.1 (explain fully on reverse side).

---

*I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Immigration Court. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

SIGNATURE OF ATTORNEY OR REPRESENTATIVE

**X** _[signature]_

EOIR ID#
**6277286**

DATE (mm/dd/yy)

---

NAME OF ATTORNEY OR REPRESENTATIVE (type or print)

**David M. Cook**
**Kenneth Y. Geman and Associates**

ADDRESS

☐ Check here if new address

**33 N. LaSalle St., #2300**
**Chicago**          IL    **60602**

---

PHONE NUMBER (with area code)
**(312) 263-6114**

FAX NUMBER (with area code)
**(312) 263-0104**

Form EOIR-28
Rev. Oct. 2006

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
CHICAGO, ILLINOIS

In the Matter of:                           ]
                                            ]
   Luis Ricardo GUARIN-Perez,               ]         A 437 48 996
                                            ]
   Applicant.                               ]
                                            ]

## MOTION FOR BOND HEARING

Through counsel, the above-named applicant, Luis Ricard GUARIN-Perez, A 437
48 996, hereby moves the Chicago Immigration Court to calendar a bond hearing
pursuant to 8 C.F.R. §§ 1003.19, 236.1(d) and 1236.1(d).  On information and belief, an
I-862 Notice to Appear (NTA) has yet to be filed with the Immigration Court.

Mr. Guarin was taken into USICE custody on or about November 29, 2007.
Despite the fact that he remained continuously detained by the government for nearly two
weeks, the applicant's A file remains with the USICE Office of Investigations in
Oakbrook Terrace, Illinois and therefore, USICE Detention and Removal Operations has
yet to file the NTA charging document with the Immigration Court.  Notwithstanding the
fact that removal proceedings under INA section 240 have yet to commence, Mr. Guarin
respectfully requests a bond hearing with the Immigration Judge.  *See* 8 C.F.R. §
1003.14(a) (no charging document is required to be filed with the Immigration Court to
commence bond proceedings).

Finally, presently the undersigned counsel is without knowledge as to the
statutory authority in which the government subjects Mr. Guarin to immigration
detention.  However, inasmuch as USICE contends that prior criminal convictions require

his mandatory detention under section 236(c) of the Act, the applicant hereby submits his motion pursuant to Matter of Joseph, 22 I&N Dec. 799 (BIA 1999) in opposition to the government's conclusion that said convictions trigger the mandatory and continuous detention requirements under the INA.  Attached hereto, please find the I-286 Notice of Custody Determination.

Respectfully submitted,

Date:   December 13, 2007

David Cook
Kenneth Y. Geman and Associates
33 N. LaSalle St., Ste. 2300
Chicago, IL 60602
(312) 263-6114 phone
(312) 263-0104 fax

### Certificate of Service

I, David M. Cook, hereby certify that the foregoing was served by me upon the following party by hand delivery.

USICE Office of the Chief Counsel
55 East Monroe Street
Suite 1700
Chicago, IL 60603

Date:   December 13, 2007

David Cook

# GOVERNMENT EXHIBIT 4

**U. S. DEPARTMENT OF JUSTICE**
**IMMIGRATION COURT**
**CHICAGO, IL 60603**

In the Matter of:                                    CASE NO. A43-748-996
GUARIN-PEREZ, LUIS RICARDO
RESPONDENT                                    IN REMOVAL PROCEEDINGS

## ORDER OF THE IMMIGRATION JUDGE

Requests having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. Part 236 and having considered the representations of the Immigration and Naturalization Service and the respondent, it is HEREBY ORDERED that:

[ X ]       The request for a change in the custody status of the respondent be denied.

[   ]       The request for a change in the custody status of the respondent be granted and respondent be:

    (1)  [   ]       Released from custody upon posting a bond of $_____:
                (not less than $1500) and

    (2)  the conditions of the bond:

        [   ]       remain unchanged; or

        [   ]       are changed as follows: _____
                        _____
                        _____

[   ]       Other:_____
_____
_____

DECEMBER 21, 2007
Date

Robert D. Vinikoor
Immigration Judge

Administrative Control Court: Immigration Court, 55 East Monroe, Suite 1900, Chicago, IL 60603
Appeal: WAIVED/RESERVED (A/EB)   1/22/08
APPEAL DUE BY: 12-21-07

# GOVERNMENT EXHIBIT 5

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL  60603

DATE:  Dec 21, 2007

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO,  IL 60602

RE:  GUARIN-PEREZ, LUIS RICARDO

FILE:  43-748-996

     Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Jan 7, 2008 at 1:00 P.M..  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:

                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL  60605

     Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence, motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
     Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
     IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
     For information regarding the status of this case, call toll free
800-898-7180.

                    CERTIFICATE OF SERVICE
This document was served by: Mail (M)  Personal Service (P)  Fax (F)
to: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's Atty/Rep  [ ] DHS
DATE: 12-21-07          BY: Court Staff _____
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____

                                                                      D1

- 1 -

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL  60603

DATE:  Jan 8, 2008

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO, IL 60602

RE:  GUARIN, LUIS RICARDO


FILE:  43-748-996

    Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Jan 14, 2008 at 09:00 A.M..  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:
                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL  60605

    Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
    Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
    IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
    For information regarding the status of this case, call toll free
800-898-7180.

---

CERTIFICATE OF SERVICE
This document was served by:  Mail (M)  Personal Service  (P)  Fax  (F)
to:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's Atty/Rep  [ ] DHS
DATE:  1-8-08     BY:  Court Staff
Attachments:  [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____

                                                                    D1

## -2-

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL  60603

DATE:  Jan 14, 2008

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO, IL 60602

RE:  GUARIN, LUIS RICARDO

FILE:  43-748-996

        Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Jan 30, 2008 at 2:00 P.M..  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:

                        CHICAGO DETAINED
                        536 S. CLARK ST, RM B1330/1320
                        CHICAGO, IL  60605

        Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
        Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
        IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
        For information regarding the status of this case, call toll free
800-898-7180.

─────────────────────────────────────────────────────────────────────────
                        CERTIFICATE OF SERVICE
This document was served by:  Mail (M)  Personal Service  [X] Fax  (F)
to:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [X] ALIEN's Atty/Rep  [X] DHS
DATE:  1-14-08      BY:  Court Staff    ML
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____
─────────────────────────────────────────────────────────────────────────
                                                                        D1

-3-

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL 60603

DATE:  Jan 30, 2008

TO:  KENNETH GEMAN & ASSOC
DAVID M. COOK
33 NORTH LA SALLE ST., #2300
CHICAGO, IL 60602

RE:  GUARIN, LUIS RICARDO

FILE:  43-748-996

     Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Feb 20, 2008 at 1:00 P.M..  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:
                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL 60605

     Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
     Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
     IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
     For information regarding the status of this case, call toll free
800-898-7180.

_____
                          CERTIFICATE OF SERVICE
This document was served by:  Mail (M)  Personal Service  (P)  Fax  (F)
to: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's Atty/Rep  [ ] DHS
DATE: _____  BY:  Court Staff  _____
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____
_____
                                                                          D1

*Application due on hearing date*

- 4 -

# GOVERNMENT EXHIBIT 6

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
CHICAGO, IL

File: A43-748-996

In the Matter of:                                    In Removal Proceedings
LUIS RICARDO GUARIN

On Behalf of Respondent                     On Behalf of DHS
David Cook                                           Jessica Lechter

### MOTION FOR CONTINUANCE

A Motion for Continuance has been filed by the      [X] Respondent/Respondent's Attorney
                                                                            [ ] Office of District Counsel

The Immigration Judge has considered the Motion for Continuance and concludes that the motion should be:

[ ]  DENIED because no good cause has been established for the requested continuance.

[ ]  DENIED because _____
_____

[ ]  GRANTED because _____Good Cause Shown._____
_____
_____

### O R D E R

[ ]  IT IS ORDERED that the motion be and is hereby DENIED.

[ ]  IT IS ORDERED that the motion be and is hereby GRANTED, and that the hearing is
rescheduled to ____Feb 27 2008 @ 2:00 pm._____

Date: __2/14/08_____                          _____
                                                              Immigration Judge

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL  60603

DATE:  Feb 14, 2008

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO, IL 60602

                              RE:  GUARIN, LUIS RICARDO

                              FILE:  43-748-996


     Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Feb 27, 2008 at 2:00 P.M.  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:
                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL  60605

     Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
     Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
     IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
     For information regarding the status of this case, call toll free
800-898-7180.

CERTIFICATE OF SERVICE
This document was served by:  Mail (M)  Personal Service  (P)  Fax  (F)
to:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [M] ALIEN's Atty/Rep  [M] DHS
DATE:  2-14-08   BY:  Court Staff _____
Attachments: [M] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____

                                                                        D1

# GOVERNMENT EXHIBIT 7

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL  60603

DATE:  Feb 27, 2008

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO,  IL 60602

RE:  GUARIN, LUIS RICARDO

FILE:  43-748-996

     Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Mar 10, 2008 at 1:00 P.M..  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:
                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL  60605

     Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
     Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
     IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
     For information regarding the status of this case, call toll free
800-898-7180.
                              CERTIFICATE OF SERVICE
This document was served by:  Mail (M)  Personal Service  (P)   Fax  (F)
to:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [X] ALIEN's Atty/Rep  [X] DHS
DATE:  ___2-27-08___  BY:  Court Staff  _____
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____

                                                                          D1

- 1 -

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL  60603

DATE:  Mar 10, 2008

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO,  IL 60602

RE:  GUARIN, LUIS RICARDO

FILE:  43-748-996

    Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Mar 24, 2008 at 1:00 P.M..  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:
            CHICAGO DETAINED
            536 S. CLARK ST, RM B1330/1320
            CHICAGO, IL  60605

    Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
    Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
    IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
    For information regarding the status of this case, call toll free
800-898-7180.

------------------------------------------------------------------------
                    CERTIFICATE OF SERVICE
This document was served by: Mail (M)  Personal Service  (P)  Fax  (F)
to:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [√] ALIEN's Atty/Rep  [√] DHS
DATE: ___3/10/08___       BY:  Court Staff  ___(LW)___
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____
------------------------------------------------------------------------
                                                                      D1

    * Applications due on this date.

- 2 -

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL 60603

DATE: Mar 24, 2008

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO, IL 60602

RE:  GUARIN, LUIS RICARDO

FILE:  43-748-996    *Merits Hearing*

     Please take notice that the above captioned case has been scheduled for a hearing before the Immigration Judge on Apr 15, 2008 at 1:00 P.M..  The alien will be present via video conferencing.  All other parties should report to the Immigration Court located at:
                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL  60605

     Since you are the attorney/representative of record, it is expected that you will appear at the scheduled hearing.  Anyone wishing to attend the hearing is subject to Correction Department policies and procedures regarding entry.  The court will assist in obtaining the necessary clearance if requested in writing at least a week in advance of the hearing.  All correspondence,motions, requests or inquiries concerning this matter should be directed to the address at the top of this page.
     Your client's failure to appear at this hearing, other than for exceptional circumstances beyond his/her control may result in an order of removal being entered in his/her absence under Section 240(b)(5) of the Immigration and Nationality Act.
     IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release you or your client must provide to this Court a written notice (or completed form EOIR-33) of the address and telephone number at which your client can be contacted.  Correspondence from the court, including hearing notices, will be sent to you as long as you remain the attorney of record, and will be considered sufficient notice for the proceedings to go forward in your client's absence.  It is NOT NECESSARY to provide address change information as long as your client remains in Corrections' custody.
     For information regarding the status of this case, call toll free 800-898-7180.

---

                    CERTIFICATE OF SERVICE
This document was served by: Mail (M)  Personal Service (P)  Fax  (F)
to: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [√] ALIEN's Atty/Rep  [√] DHS
DATE: _3/24/08_    BY: Court Staff  _pcc_
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____

                                                            D1

---

- 3 -

IMMIGRATION COURT
CHICAGO, IL 60603

In the Matter of:

**GUARIN, LUIS RICARDO**

File: **43-748-996**

ORDER OF THE IMMIGRATION JUDGE
TO FILE PRE-HEARING STATEMENT AND APPLICATIONS FOR RELIEF

1. Any application(s) for relief from removal must be filed with the Court by <u>N/A</u>. <u>See</u> 8 C.F.R. § 3.31(c)(1993). (The Chicago Immigration Court will not accept any fee in conjunction with a filing.) Failure to timely file a document(s) required herein shall be deemed a waiver and abandonment of any such opportunity. <u>Id.</u>

2. All applications, documents, and exhibits must be submitted on 8-1/2" X 11" size paper. They shall be two-hole punched at the top of the page with holes 2-3/4" apart. All documents and exhibits shall be indexed, paginated, and prefaced with a table of contents. <u>Accord.</u> 8 C.F.R. § 3.32(b) (1993).

3. Pursuant to 8 C.F.R. § 3.21(B)(1993) and Local Operating Procedure 2, each party is directed to file and serve no later than <u>4/1/08</u> the following in the form of a "PRE-HEARING STATEMENT": Original + 1 copy   **(Include Affidavit)**

    a.) A list of proposed witnesses, estimate of time needed for each witness including the respondent and what they will establish;

    b.) A list, together with copies, of all exhibits that may be offered;

    c.) A memorandum stating the legal and factual basis for the respondent's claim for relief together with the respondent's affidavit stating chronically the important facts in his/her case;

    d.) The estimated time required to present the case;

    e.) An additional copy of all exhibits.

    f.) A letter stating when the respondent's fingerprints were applied for and taken by the DHS.

**NOTE: Pre-hearing statement, exhibits, briefs, etc. shall not exceed 100 pages. Documents over 100 pages will be returned. PLEASE NUMBER ALL PAGES.**

4. Any party objecting to any proposed exhibit shall file and serve the objection no later than ten days prior to the individual calendar hearing. Objections must be document specific; the failure to timely file an objection shall be deemed a waiver of any such opportunity.

5. If the Service believes it is pertinent to consider an alien's criminal record, it shall file and serve by the date set for the Pre-hearing Statement a list of the alien's criminal record. This shall include the incident date, conviction date, name of court, and sentence actually imposed.

6. In a Cancellation of Removal (240A(a)) or 212 (c) case the alien shall file and serve with the exhibits noted above, copies of income tax returns submitted to the Internal Revenue Service and a Pre-sentence Investigative Report prepared in conjunction with the conviction(s) charged by the DHS. If unable to furnish it, an explanation is expected.

7. Service of any required filing on the DHS shall be addressed to the attorney who last appeared on its behalf.

8. Cases set by agreement are expected to be presented and completed within the time stipulated on the date of the individual calendar hearing.

Date:   <u>3/24/08</u>

        <u>PKW</u>
        Immigration Court Clerk

-4-

# GOVERNMENT EXHIBIT 8

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
CHICAGO, ILLINOIS

In the Matter of:

    Luis Ricardo GUARIN-Perez,

    Respondent.

A 43 748 996

**DETAINED DOCKET**

MOTION TO EXTEND THE "CALL-UP" DATE
FOR SUBMISSION OF THE PRE-HEARING STATEMENT;
MOTION FOR IN-PERSON (NON-VIDEOCONFERENCED) HEARING

    Through the undersigned attorney, the respondent respectfully requests a one-week extension of the "call-up" date for the final submission of all documents in the above-captioned matter. Currently, the final call up date is set for April 1, 2008. See exhibit 1. The individual merits hearing date is scheduled for April 15, 2008. Additionally, counsel moves this Court for an in-person hearing at the upcoming April 15, 2008 merits hearing.

I.    Request to Extend the Call-Up Date

    Counsel for the respondent respectfully submits that an additional week will be required to submit all documents including the pre-hearing statement for the April 15, 2008 merits hearing. Currently, Mr. Cook is saddled with other deadlines which include H1-b petitions for submission on April 1, 2008 and a web presentation on naturalization before the American Immigration Lawyers Association (AILA), also scheduled for April 1, 2008. See exhibit 2. Counsel posits that this request is made in good faith and is founded upon good cause.

1

II.    Request for an In-Person/Non-Videoconferenced Merits Hearing

The upcoming hearing merits hearing date is scheduled for a full four hours in which Mr. Guarin will be testifing on his behalf in application for cancellation of removal, section 212(c), withholding of removal and CAT protection. Counsel submits that an in-person hearing is more appropriate for a merits hearing inasmuch as a true and precise communication between the respondent and the Court is needed for the Court to accurately determine his credibility. A breakdown of communication between the respondent and the Court can result in confusion or an inadvertent miscommunication that can color or adversely affect his burden of demonstrating that he is a credible historian of any fear of harm or a past persecution in his home country. Furthermore, it is well to note that an alien respondent possesses a statutory and constitutional right to present all evidence on his behalf. INA section 240. To the extent that a videoconferenced hearing may impede that right, an in-person hearing is appropriate.

### Certificate of Service

I, David M. Cook, hereby certify that the foregoing was served by me upon the following party by hand delivery.

USICE Office of the Chief Counsel
55 East Monroe Street, Suite 1700
Chicago, Illinois 60603

Respectfully submitted,

David M. Cook

Date:    March 26, 2008

IMMIGRATION COURT
CHICAGO, IL 60603

In the Matter of:
**GUARIN, LUIS RICARDO**

File: **43-748-996**

ORDER OF THE IMMIGRATION JUDGE
TO FILE PRE-HEARING STATEMENT AND APPLICATIONS FOR RELIEF

1. Any application(s) for relief from removal must be filed with the Court by <u>N/A</u>. <u>See</u> 8 C.F.R. §
3.31(c)(1993). (The Chicago Immigration Court will not accept any fee in conjunction with a filing.) Failure
to timely file a document(s) required herein shall be deemed a waiver and abandonment of any such
opportunity. <u>Id.</u>

2. All applications, documents, and exhibits must be submitted on 8-1/2" X 11" size paper. They shall
be two-hole punched at the top of the page with holes 2-3/4" apart. All documents and exhibits shall be
indexed, paginated, and prefaced with a table of contents. <u>Accord.</u> 8 C.F.R. § 3.32(b) (1993).

3. Pursuant to 8 C.F.R. § 3.21(B)(1993) and Local Operating Procedure 2, each party is directed to file
and serve no later than <u>4/1/08</u>   the following in the form of a "PRE-HEARING STATEMENT":
Original + 1 copy   **(Include Affidavit)**

    a.) A list of proposed witnesses, estimate of time needed for each witness
       including the respondent and what they will establish;
    b.) A list, together with copies, of all exhibits that may be offered;
    c.) A memorandum stating the legal and factual basis for the respondent's claim
       for relief together with the respondent's affidavit stating chronically the important
       facts in his/her case;
    d.) The estimated time required to present the case;
    e.) An additional copy of all exhibits.
    f.) A letter stating when the respondent's fingerprints were applied for and taken
       by the DHS.

<u>NOTE: Pre-hearing statement, exhibits, briefs, etc. shall not exceed 100 pages. Documents over 100
pages will be returned. PLEASE NUMBER ALL PAGES.</u>

4. Any party objecting to any proposed exhibit shall file and serve the objection no later than ten days
prior to the individual calendar hearing. Objections must be document specific; the failure to timely file an
objection shall be deemed a waiver of any such opportunity.

5. If the Service believes it is pertinent to consider an alien's criminal record, it shall file and serve by
the date set for the Pre-hearing Statement a list of the alien's criminal record. This shall include the incident
date, conviction date, name of court, and sentence actually imposed.

6. In a Cancellation of Removal (240A(a)) or 212 (c) case the alien shall file and serve with the
exhibits noted above, copies of income tax returns submitted to the Internal Revenue Service and a Pre-
sentence Investigative Report prepared in conjunction with the conviction(s) charged by the DHS. If unable to
furnish it, an explanation is expected.

7. Service of any required filing on the DHS shall be addressed to the attorney who last appeared on its
behalf.

8. Cases set by agreement are expected to be presented and completed within the time stipulated on the
date of the individual calendar hearing.

Date:   <u>3/24/08</u>

                       PKW
                    Immigration Court Clerk

Exhibit no. 1

## David M. Cook

**From:**  "Belinda Seward" <BSeward@aila.org>
**To:**  <david@gemanimmigrationlaw.com>
**Sent:**  Wednesday, February 06, 2008 12:38 PM
**Attach:**  1-Cook-Apr1- Web.doc
**Subject:**  AILA Web Seminar

Dear David:

The AILA Education Department has scheduled a Web Conference for **Tuesday, April 1, 2008 at 2:00pm (Eastern Time)** on the topic entitled **"ABCs of Naturalization Law For Newer Practitioners" [*Web Seminar*]** and we would like to invite you to participate as a faculty member. <u>Below</u> are some bullet points that we have developed on this topic, though we would appreciate your assistance to expand upon them.  Typically, we ask the speakers to use 60 minutes or so for the presentation, and leave 30 minutes for questions from the registrants.

Please confirm your participation **as soon as possible** by responding to this email. I hope that you are available on this date and are able to accept this invitation!

Thank you for your continued support of AILA!

*Date:  Tuesday, April 1, 2008*
*Topic:* **ABCs of Naturalization Law For Newer Practitioners [*Web Seminar*]**
- N-400
- How to Prepare for the Naturalization Interview and New Examination
- Offenses that Trigger Bars to Naturalization and Possible Deportation
- N-600
- Derivative Citizenship Application and Acquired Citizenship Application
- Issue of Dual Nationality
- Q&A

*Faculty:*
*\*Joel H. Paget (dl), Seattle, WA*
*\*Jason Abrams, New York, NY*
*\*David M. Cook, Chicago, IL*

Belinda J. Seward
Education Assistant
American Immigration Lawyers Association
918 F Street, NW
Washington, DC  20004
202-216-2402

Exhibit no. 12



# AILA Education

Phone: (202) 216-2400
Email: conferences@aila.org

January 30, 2008

Mr. David M. Cook
Kenneth Y. Geman and Associates
Ste. 2300
33 N. LaSalle St.
Chicago, IL 60602
david@gemanimmigrationlaw.com

Dear David:

The AILA Education Department has scheduled a Web Seminar for ***Tuesday, April 1, 2008* at 2:00pm (Eastern Time)** on the topic entitled **"ABCs of Naturalization Law For Newer Practitioners [*Web Seminar*]** and we would like to invite you to participate as a faculty member. <u>Below</u> are some bullet points that we have developed on this topic, though we would appreciate your assistance to expand upon them. Typically, we ask the speakers to use 60 minutes or so for the presentation, and leave 30 minutes for questions from the registrants.

**To participate in a web seminar, you will need a phone line and an Internet connection.** As a member of the faculty, you will be expected to collaborate with other faculty members to create a short PowerPoint presentation to satisfy the visual portion of the web seminar. We do not ask our speakers to do any additional writing for our web seminars.

Generally, we ask the speakers to refine the program, divide up the topics, and organize one preparatory conference call to finalize the plan. Typically, we ask the speakers to use 60 minutes or so for the presentations, and leave 30 minutes for questions from the registrants.

If you cannot speak on this web seminar, perhaps you can suggest others who would have good expertise on this topic. We have found that a moderator and 2-3 speakers is a good balance for a 1.5 hour web seminar.

Our recent seminars have had anywhere from 80 to over 1100 participants. Your expertise would be very valuable to many practitioners in the field.

I hope that you are available on this date and are able to accept this invitation!

I look forward to hearing from you at your earliest convenience.

AMERICAN IMMIGRATION LAW   RS ASSOCIATION

Best Regards,

Grace E. Akers
Associate Director, Education


Date:  *Tuesday, April 1, 2008*
Topic: **ABCs of Naturalization Law For Newer Practitioners [*Web Seminar*]**
- N-400
- How to Prepare for the Naturalization Interview and New Examination
- Offenses that Trigger Bars to Naturalization and Possible Deportation
- N-600
- Derivative Citizenship Application and Acquired Citizenship Application
- Issue of Dual Nationality
- Q&A

*Faculty:*
*\*Joel H. Paget (dl), Seattle, WA*
*\*Jason Abrams, New York, NY*
*\*David M. Cook, Chicago, IL*


(\*) *invited, not confirmed*

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
CHICAGO,  IL

File: **43-748-996**

In the Matter of:                                                    In Removal Proceedings
**GUARIN, LUIS RICARDO**

<u>On Behalf of Respondent</u>                          <u>On Behalf of DHS</u>
David Cook                                                          Patrick McKenna

<u>MOTION FOR CONTINUANCE</u>

A Motion for Continuance has been filed by the          [ X ] Respondent/Respondent's Attorney
                                                                                [   ] Office of District Counsel

The Immigration Judge has considered the Motion for Continuance and concludes that
the motion should be:

[    ] DENIED because no good cause has been established for the requested
continuance.

[    ] DENIED because
_____
_____

[ ✓ ] GRANTED because    GOOD CAUSE SHOWN
_____
_____

<u>O R D E R</u>

[    ] IT IS ORDERED that the motion be and is hereby DENIED.

[ ✓ ] IT IS ORDERED that the motion be and is hereby GRANTED, and that the
hearing is rescheduled to ___May 1, 2008___.

Date:    April 9, 2008                          _____
                                                              Immigration Judge

*Note new date — per your request
Not may 1, 2008                          PCW

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL  60603

                              DATE:  Apr 10, 2008

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO,  IL 60602

                     RE:  GUARIN, LUIS RICARDO


                     FILE:  43-748-996


     Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on May 8, 2008 at 1:00 P.M..  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:            Attention! Your Hearing
                                         Has been rescheduled.
          CHICAGO DETAINED                Disregard any notice
          536 S. CLARK ST, RM B1330/1320  you may have received
          CHICAGO, IL  60605              before the above date.

     Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
     Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
     IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
     For information regarding the status of this case, call toll free
800-898-7180.

_____
                      CERTIFICATE OF SERVICE
This document was served by:  Mail (M) Personal Service  (P)  Fax  (F)
to: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  (M) ALIEN's Atty/Rep (M) DHS
DATE:  4/10/08        BY:  Court Staff  PCW
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____
_____
                                                              D1

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
Immigration Court
Chicago, IL 60605

RE:  GUARIN, LUIS RICARDO                    DATE: May 8, 2008
FILE:  43-748-996
         DHS CUSTODY
         CHICAGO, IL 60604

        Please take notice that the above captioned case has been scheduled for a Master/Individual hearing before an Immigration Judge on __MAY 29, 2008__ at __3:00 PM__ at

[  ] 536 S. Clark St., Room B1320/1330, Chicago, IL 60605

[ X ]  THIS CASE WILL BE HEARD BY TELEVIDEO.   The Judge will preside at the
         Chicago Detained Immigration Court at 536 S. Clark, Room B1330, while
         the respondent will be brought in to the DHS location at McHenry, IL.

        You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court.  Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear, in order to permit you the opportunity to obtain an attorney or representative.  If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed.  You can request an earlier hearing in writing.

        Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions: (1) You may be taken into custody by the Immigration and Naturalization Service and held for further action.  OR (2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act.  An order of removal will be entered against you if the Immigration and Naturalization Service establishes by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

        IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT CHICAGO, IL THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR PHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS.  EVERY TIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33.  ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR.  IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS." CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

        A list of free legal service providers has been given to you.  For information regarding the status of your case, call toll free 1-800-898-7180 or 703-305-1662.

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)      PERSONAL SERVICE (P  )      FAX (F)
TO:      [  ] ALIEN      [  ] ALIEN c/o Custodial Officer      [ ✓ ] ALIEN'S ATT/REP      [ ✓ ] DHS
DATE: _May 8, 2008_                                    BY: COURT STAFF___CRK___
   Attachments:   [  ] EOIR-33      [  ] EOIR-28      [  ] Legal Services List      [  ] Other

Administrative Control Court: Immigration Court, 55 E. Monroe, Ste. 1900, Chicago, IL 60603**
Hearing Conducted by Video Conference

**NOTE: PLEASE MAIL ANY CORRESPONDENCE TO THE ADMINISTRATIVE CONTROL**