**IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| LUIS RICARDO GUARIN-PEREZ, | ] |
| Petitioner, | ] |
| | ] No. 08 C 2286 |
| vs. | ] |
| | ] Judge Matthew Kennelly |
| DANIEL G. SEDLOCK, JR., | ] |
| Jail Administrator, | ] |
| McHenry County Jail, et al., | ] |
| Respondents. | ] |

**PETITIONER'S SURREPLY IN SUPPORT OF HIS
MOTION FOR A TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

The petitioner Luis Ricardo Guarin-Perez filed his motion for a temporary restraining order (hereinafter "TRO") and a preliminary injunction on May 7, 2008, requesting this Honorable Court to enjoin a legally impermissible detention against him by the respondents under the color authority of the "mandatory" or "no bond" detention statute at section 236(c) of the Immigration and Nationality Act ("INA" or the "Act"), 8 U.S.C. § 1226(c). His original motion was thereafter supplemented with his brief or memorandum of law on May 15, 2008. The respondents filed their opposition response with this Court on May 21, 2008. The petitioner hereby submits his surreply in support of his TRO motion. Mr. Guarin's petition for a writ of habeas corpus, challenging his overall detention was filed with this Court on April 22, 2008.

I.   **Removal Proceedings Commence Upon the *Filing* of a Charging Document with the Immigration Court, Not Upon *Service* of the Document on the Alien.**

In their response of May 21, 2008, the respondents argue that there exists no legal basis within the relevant statutes or regulations in which Mr. Guarin-Perez can predicate an allegation of affirmative misconduct that would warrant release on equitable estoppel grounds when, in fact, the respondents failed to file a charging document with the Immigration Court until 41 days after he was originally arrested and detained; thereafter, respondents twice amended the charging document to account for its deficiencies after the petitioner's submission of pleadings.  *Cf.* 8 C.F.R. § 1003.30 ("At any time during deportation or removal proceedings, additional or substituted charges of deportability and/or factual allegations may be lodged by the Service in writing.")  The government's argument, however, rests upon an unmeritorious legal conclusion that "it is the *issuance* of the Notice to Appear (NTA) to the alien which constitutes the initiation of removal proceedings." *Government Response*, pg. 6 (emphasis in original).  In support of their position, the respondents cite to INA § 239, 8 U.S.C. § 1229, and the regulations at 8 C.F.R. §§ 239.1 and 239.2, which, respectively, sets forth the statutory service and notice requirements of the NTA, and enumerates the agent officers vested with authority to issue or cancel the NTA instrument.  The above statutory and regulatory provisions, however, are silent as to when removal proceedings under section 240 of the INA, 8 U.S.C. § 1229a, are triggered or commenced against a noncitizen, and thus the government cannot reasonably rely on that authority for the proposition that removal proceedings are initiated upon *service* of the NTA on the alien as required by 8 C.F.R. § 287.3(d).

Inasmuch as the petitioner has been unable to find case law that specifically addresses this issue, it appears to be one of first impression.

The petitioner posits that section 240 removal proceedings are initiated not upon the service of the NTA on the alien, but upon its *filing* with the Immigration Court. He concedes, generally, that the immigration statutes do not speak to the issue as to when removal proceedings begin, and thus it appears that Congress had delegated this authority to the Executive. Contradicting the respondents' arguments, 8 C.F.R. § 1003.14(a) establishes that removal proceedings are triggered upon the filing of the NTA instrument with the Immigration Court, when it states, "Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service." The petitioner's interpretation of the law finds further support in 8 C.F.R. § 239.2(a) which provides, "Any officer authorized by § 239.1(a) to issue a notice to appear may cancel such notice *prior to jurisdiction vesting with the immigration judge* pursuant to [8 C.F.R. § 1003.14] of this chapter…" (emphasis added). This language makes clear that the regulations contemplate the filing of the NTA with the Immigration Court as a legally significant event that renders the NTA an operative device that would thereby prohibit its cancellation by a Service officer. *Matter of G-N-C-*, 22 I&N Dec. 281 (BIA 1998) (once the charging document is filed with the Immigration Court and jurisdiction is vested in the Immigration Judge, the Service may move to terminate the proceedings, but it may not simply cancel the charging document).

Taking to its logical extreme the respondents' position that service of the NTA constitutes the initiation of proceedings, hypothetically, removal proceedings could "commence" without resolution while accompanied by an indefinite and unending

detention if that charging document is properly served upon the alien within 48 hours of his arrest, yet never filed with the Immigration Court.  Inasmuch as this result is untenable and patently unconstitutional, the pertinent statutes and regulations must be construed to initiate removal proceedings upon the filing of the NTA document with the Immigration Court; and as the record manifest a **41-day delay** between the initial arrest and detention and the initiation of removal proceedings, the government's failure to file the charging instrument with the Immigration Court within a reasonable time constitutes an egregious misconduct in violation of Mr. Guarin's right to due process that rises to a level actionable under principles of equitable estoppel.  Furthermore, the government was required to amend the NTA on two occasions on February 4, 2008 and February 27, 2008, thus the charging document in its final form did not come about – fully apprising Mr. Guarin-Perez of the factual allegations and the charges of deportability against him – until **91 days** following the date of his original arrest and detention.  See exhibits 8 and 9 respectively of *Petitioner's Brief in Support of TRO Motion*.

    **II.**        **Conclusion**

While the respondents generally argue that the overall length of delay in concluding administrative proceedings do not arise to an "inordinate delay" actionable under the Seventh Circuit's *Hussain v. Mukasey* decision, 510 F.3d 739 (7th Cir. 2007), the protracted proceedings in the case at bar differs qualitatively in that the respondents' failed to properly initiate removal proceedings against Mr. Guarin-Perez, while subjecting him to mandatory detention.  "The ultimate purpose behind the detention is premised upon the alien's deportability," *Demore v. Kim*, 123 S. Ct. 1708, 1726 (2003) (J. Kennedy concurring), and thus the government's failure to make any such allegation

4

or legal charge of deportability until 41 days following his arrest is unconscionable, amounts to an affirmative misconduct, and warrants TRO relief to enjoin a constitutionally impermissible detention pending resolution of Mr. Guarin-Perez's petition for a writ of habeas corpus.

Respectfully submitted,

s/ David Cook

Date: May 23, 2008

DAVID COOK
Attorney for Luis Ricardo Guarin-Perez
Kenneth Y. Geman and Associates
33 N. LaSalle St., Ste. 2300
Chicago, IL 60602
(312) 263-6114 phone
(312) 263-0104 fax
david@gemanimmigrationlaw.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that in accordance with Fed. R. Civ. P. 5, L.R. 5.5, and the General Order on Electronic Case Filing (ECF), the PETITIONER'S SURREPLY IN SUPPORT OF HIS MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION was served pursuant to the District Court's ECF system as to ECF filers on May 23, 2008, to the following ECF filers, or by regular mail to any non-ECF filers at this address:

Spec. AUSA Sheila McNulty
219 South Dearborn Street
5th Floor
Chicago, Illinois 60604
(312) 353-8788

s/ David Cook
__________________________

DAVID COOK
Attorney for Luis Ricardo Guarin-Perez
Kenneth Y. Geman and Associates
33 N. LaSalle St., Ste. 2300
Chicago, IL 60602
(312) 263-6114 phone
(312) 263-0104 fax
david@gemanimmigrationlaw.com