# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2286 | **DATE** | 6/4/2008 |
| **CASE TITLE** | Guarin-Perez vs. Sedlock, et al. | | |

**DOCKET ENTRY TEXT**

The Court denies petitioner's motion for a temporary restraining order and preliminary injunction for the reasons stated below [docket no. 7-1, 7-2]. The case is set for a status hearing on 6/17/08 at 9:30 a.m.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Luis Ricardo Guarin-Perez has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that he was taken into custody by immigration officials on November 29, 2007 and has remained in custody since that time. At the present time, proceedings are pending in which the government seeks to "remove" (deport) Guarin-Perez from the United States. For a number of weeks after he was taken into custody, however, no such proceedings were pending. During that period, Guarin-Perez, via counsel, sought release on bond, but an immigration judge denied his request on December 21, 2007. On January 9, 2008, shortly after Guarin-Perez's lawyer threatened to file a habeas corpus petition because removal proceedings had not been initiated, the government filed a "notice to appear," the document that initiates a request for removal. By that time Guarin-Perez had been in custody for nearly two and one-half months. On March 7, 2008, the Board of Immigration Appeals affirmed the immigration judge's denial of bond.

In the notice to appear, the government alleges that Guarin-Perez is a citizen of Colombia and not of the United States; that his current status is that of lawful permanent resident; and that he has been convicted of three crimes (burglary, aggravated battery, and theft), thus warranting his removal under the immigration laws.

In his habeas corpus petition, which Guarin-Perez filed on April 22, 2008, Guarin-Perez appeared to attack only his detention during the period preceding the initiation of removal proceedings. *See* Petition ¶¶ 27, 29. Specifically, he alleged that his due process rights were violated "by requiring his detention that is unattached and unaccompanied by concurrent removal proceedings initiated or pending against him." *Id.* ¶ 29; *see also* Prayer for Relief ¶ 3.

On April 30, 2008, Guarin-Perez filed a motion for a temporary restraining order and a preliminary injunction. In that motion, he appears to challenge not just his detention during the period of time before the

**STATEMENT**

government initiated removal proceedings, but also the entirety of his detention. The current state of affairs, at least as of the date the parties completed briefing on the motion, is that a removal hearing before an immigration judge is imminent, and Guarin-Perez remains in custody pending that hearing. It is also relatively clear from the records submitted by the government in response to the motion that the hearing before the immigration judge would have occurred some weeks ago but for the fact that Guarin-Perez sought continuances – continuances of short duration, but continuances nonetheless. The Court notes this not to criticize Guarin-Perez or his counsel – he appears to have had good and valid reasons for seeking continuances – but simply to point out that had matters proceeded according to schedule, Guarin-Perez's status would have been determined several weeks ago.

Guarin-Perez is not entitled to release now – whether via a temporary restraining order, a preliminary injunction, or otherwise – on the ground that he was improperly held, or improperly denied bond during the forty-plus days before the government initiated removal proceedings. As the Seventh Circuit suggested in a different context in *Hussain v. Mukasey*, 510 F.3d 739 (7th Cir. 2007), even if there were inordinate delays at an earlier stage of the proceedings,"it would not do to order [petitioner's] release now, when the removal proceedings are in their final stage." *Id.* at 743.

Guarin-Perez also appears to contend in his current motion that the overall length of his detention – about six months as of the date briefing on the motion was completed – violates his due process rights. Guarin-Perez has failed to show that he is likely to succeed on the merits of that claim. The government has the authority to detain him pending a determination of removability. *See Demore v. Kim*, 538 U.S. 510, 523 (2003). This case is not governed by *Zadvydas v. Davis*, 533 U.S. 678 (2001), which concerned prolonged detention after a determination of removal in a situation in which it had become apparent that the government could not accomplish the petitioner's removal. Indeed, the Supreme Court distinguished the situation at issue in *Zadvydas* from the type of situation at issue in this case, namely, "detention pending a determination of removability." *Id.* at 697; *see also Demore*, 538 U.S. at 523 (noting this distinction in *Zadvydas*). Unlike in *Zadvydas*, there is nothing to suggest that Guarin-Perez's period of detention is indefinite or potentially permanent; rather, it will extend only until he is actually removed or an immigration judge (or the Board of Immigration Appeals) determines that he should not be removed. Finally, there is nothing in the record that suggests that the government has sought to prolong unduly the period preceding a hearing on its request to remove Guarin-Perez. To the contrary, the government appears to have moved with reasonable dispatch following the issuance of the notice to appear, and the matter likely already would have been determined but for Guarin-Perez's requests for continuances. Though it remains to be seen exactly when the immigration judge will determine the issue of removal, at present Guarin-Perez has not shown a likelihood of success on a claim regarding the overall length of his detention pending possible removal.

For these reasons, the Court denies Guarin-Perez's motion for a temporary restraining order and for a preliminary injunction.